1 BENBROOK LAW GROUP, PC
  BRADLEY A. BENBROOK (SBN 177786)
2 STEPHEN M. DUVERNAY (SBN 250957)
  701 University Avenue, Suite 106
3 Sacramento, CA  95825
  Telephone: (916) 447-4900
4 brad@benbrooklawgroup.com

5 COOPER & KIRK, PLLC
  DAVID H. THOMPSON*
6 PETER A. PATTERSON*
  JOSEPH O. MASTERMAN*
7 1523 New Hampshire Avenue, NW
  Washington, D.C.  20036
8 Telephone: (202) 220-9600
  dthompson@cooperkirk.com

9
  *Motion to Appear Pro Hac Vice Forthcoming
10
  Attorneys for Plaintiffs
11

12 **UNITED STATES DISTRICT COURT**

13 **SOUTHERN DISTRICT OF CALIFORNIA**

14 FIREARMS POLICY COALITION,        Case No.:  **'23 CV 0400 LL    AGS**
   INC.; CALIFORNIA GUN RIGHTS
15 FOUNDATION; SAN DIEGO
   COUNTY GUN OWNERS PAC,           **COMPLAINT FOR**
16                                   **DECLARATORY, INJUNCTIVE,**
            Plaintiffs,              **OR OTHER RELIEF**
17
        v.
18
   CITY OF SAN DIEGO; COUNTY OF
19 IMPERIAL; COUNTY OF ALAMEDA;
   COUNTY OF VENTURA; COUNTY
20 OF LOS ANGELES; CITY OF SAN
   JOSE; and COUNTY OF SANTA
21 CLARA,

22            Defendants.

23

24

25

26

27

28

Plaintiffs Firearms Policy Coalition, Inc.; California Gun Rights Foundation; and San Diego County Gun Owners PAC complain of Defendants and allege:

## INTRODUCTION

1.     Plaintiffs bring this suit to challenge the constitutionality of California Code of Civil Procedure section 1021.11's one-sided fee-shifting provisions and seek an injunction against the statute's application or enforcement by several local jurisdictions.

2.     Plaintiffs intend to seek declaratory and injunctive relief against the enforcement of firearm regulations in each of the Defendants' jurisdictions. Before doing so, however, Plaintiffs bring this lawsuit to remove the cloud hanging over those claims by virtue of the operation of Section 1021.11.

3.     Section 1021.11 is an unconstitutional attempt by the State of California to deter citizens and firearms advocacy groups—through a novel, one-way fee-shifting penalty—from accessing the courts to litigate claims over firearms regulations.

4.     In *Miller v. Bonta*, this Court enjoined the State from enforcing Section 1021.11.  No. 3:22-cv-1446-BEN-MDD, --- F.Supp.3d ----, 2022 WL 17811114 (S.D. Cal. Dec. 19, 2022). Specifically, the Court held that Section 1021.11 violated the First Amendment (*id.* at *2–4); the Supremacy Clause (*id.* at *4–7); and noted that it likewise ran afoul of the Due Process and Equal Protection Clauses (see *id.* at *2–3). "A state law that threatens its citizens for questioning the legitimacy of its firearms regulations may be familiar to autocratic and tyrannical governments, but not American government. American law counsels vigilance and suspiciousness of laws that thwart judicial scrutiny." *Id.* at *3. Because "the purpose and effect of § 1021.11 is to trench on a citizen's right of access to the courts and to discourage the peaceful vindication of an enumerated constitutional right," the Court declared the statute invalid. *Id.* at *4.

5.     Because the Defendant local jurisdictions were not defendants in *Miller*, they are not directly bound by the injunction. Plaintiffs have requested that Defendants

stipulate to non-enforcement of the provisions of Section 1021.11 in light of *Miller*, but they have refused to do so. But Section 1021.11's enforcement is unconstitutional, regardless of whether the State or these local-government Defendants seek to enforce it, so Plaintiffs now seek declaratory and injunctive relief a second time, to enjoin its application by the Defendants.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over all claims for relief pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. §§ 1983, 1988, as this action seeks to redress the deprivation under color of the laws, statutes, ordinances, regulations, customs, and usages of the State of California, of the rights, privileges or immunities secured by the United States Constitution.

7.     Venue is proper under 28 U.S.C. § 1391(b)(1).

## THE PARTIES

8.     Plaintiff Firearms Policy Coalition, Inc. ("FPC") is a non-profit organization incorporated under the laws of Delaware with its principal place of business in Clark County, Nevada. The purposes of FPC include defending and promoting the People's rights—especially the fundamental, individual Second Amendment right to keep and bear arms—advancing individual liberty, and restoring freedom. FPC serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs. FPC's members reside both within and outside the State of California, including in all cities and counties that are parties to this action. FPC represents its members and supporters—who include gun owners, prospective gun owners, licensed California firearm retailers, and others—and brings this action on behalf of itself and its members. The risk of fee liability imposed by Section 1021.11 has caused FPC to refrain from filing suits or litigating constitutional claims that it is otherwise prepared to file and litigate, including litigation against Defendants as set forth below. FPC has also expended and diverted resources because of the enactment of Section 1021.11.

9.      Plaintiff California Gun Rights Foundation ("CGF") is a non-profit foundation incorporated under the laws of California with its principal place of business in Sacramento, California. CGF serves its members, supporters, and the public through educational, cultural, and judicial efforts to defend and advance Second Amendment and related rights. CGF has tens of thousands of members and supporters in California. CGF brings this action on behalf of itself and its members. The laws, policies, practices, and customs challenged in this case, and Defendants' actions and failures alleged herein, have caused CGF to dedicate resources that would otherwise be available for other purposes to protect the rights and property of its members, supporters, and the general public, including by and through this action. The risk of fee liability imposed by Section 1021.11 has caused CGF to refrain from filing suits or litigating constitutional claims that it is otherwise prepared to file and litigate, including litigation against Defendants as set forth below.

10.      Plaintiff San Diego County Gun Owners PAC ("SDCGO") is a political organization whose purpose is to protect and advance the Second Amendment rights of residents of San Diego County, California, through their efforts to support and elect local and state representatives who support the Second Amendment right to keep and bear arms. SDCGO's membership and donors consist of Second Amendment supporters, people who own guns for self-defense and sport, firearms dealers, shooting ranges, and elected officials who want to restore and protect the right to keep and bear arms in California. The interests that SDCGO seeks to protect in this lawsuit are germane to the organization's purposes, and, therefore, SDCGO sues on its own behalf, and on behalf of its members. The risk of fee liability imposed by Section 1021.11 has caused SDCGO to refrain from filing suits or litigating constitutional claims against Defendant City of San Diego and County of Imperial that it is otherwise prepared to file and litigate, including litigation against Defendants as set forth below.

11.      Defendant City of San Diego is a charter city organized and existing under the laws of the State of California and located in the County of San Diego.

12.     Defendant County of Imperial is a general law county organized and existing as a legal subdivision under the laws of the State of California

13.     Defendant County of Alameda is a charter county organized and existing as a legal subdivision under the laws of the State of California.

14.     Defendant County of Ventura is a general law county organized and existing as a legal subdivision under the laws of the State of California.

15.     Defendant County of Los Angeles is a charter county organized and existing as a legal subdivision under the laws of the State of California.

16.     Defendant City of San Jose is a charter city organized and existing under the laws of the State of California and located in the County of Santa Clara.

17.     Defendant County of Santa Clara is a charter county organized and existing as a legal subdivision under the laws of the State of California.

## GENERAL ALLEGATIONS

**I.     Section 1021.11 Creates A State-Law Fee-Shifting Regime, Applicable Only To Firearms Litigation, Designed To Suppress Such Cases And Insulate Firearms Regulations From Judicial Review.**

18.     Senate Bill 1327, enacted as Code of Civil Procedure §1021.11, is based largely word-for-word on Texas's SB 8, enacted in 2021 in the abortion context. This case challenges Section 1021.11's radical effort to suppress firearms-related litigation by putting civil rights litigants and their attorneys on the hook for the government's attorney's fees if a case results in anything short of victory on every claim alleged in a complaint.[1]

19.     Section 1021.1l provides, in relevant part:

Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that

---

[1]     Senate Bill 1327 also created a private right of action to enforce state laws relating to the unlawful manufacture, distribution, or sale of specified firearms. 2022 Cal. Stat. ch. 146, § 1 (adding Bus. & Prof. Code §§ 22949.60–.71). This case does not challenge SB 1327's private attorney general features.

regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

20.    Due to the unique political circumstances in which it was enacted—namely, targeting firearms litigation as a form of protest over Texas's targeting of abortion litigation in SB 8—Section 1021.11's unconstitutionality has never been in question. Attorney General Rob Bonta has described SB 8 as "blatantly unconstitutional." Press Release, Cal. Dep't of Just., *Att'y Gen. Bonta: Texas Cannot Avoid Judicial Review of Its Constitutional Abortion Ban* (Oct. 27, 2021), https://bit.ly/3pRWA4F. Despite signing SB 1327 into law, Gov. Newsom had likewise blasted the Supreme Court's refusal to block the Texas law on which it was based as "outrageous" and "an abomination." Gavin Newsom, Opinion, *The Supreme Court Opened the Door to Legal Vigilantism in Texas. California Will Use the Same Tool To Save Lives*., WASH. POST (Dec. 20, 2021), https://wapo.st/3wxWoeI. And SB 1327's legislative history includes similar acknowledgements. *See* S.B. 1327, S. Floor Analysis, p. 6 (June 28, 2022) ("While the goal of repurposing the Texas law may be sound, these problematic provisions may not justify those ends. They insulate government action from meaningful challenge by creating a strong, punitive deterrent for any that try and in the end, may violate due process guarantees."); S.B. 1327, A. Jud. Comm. Analysis, p. 13 (June 10, 2022) (describing SB 1327's fee-shifitng as "a lose-lose scenario for plaintiffs who challenge the bill or a gun law; and a win-win scenario for the government").

21.    Unlike any other ordinary "fee shifting" statute, SB 1327 says a "prevailing party" *cannot be a plaintiff* who brings a case seeking declaratory or injunctive relief regarding a state or local firearm regulation. Code Civ. Proc. § 1021.11(e). And it says government defendants in a firearms case will be treated as a "prevailing party" if the court either "[d]ismisses *any* claim or cause of action" in the case, "regardless of the reason for the dismissal," or "[e]nters judgment in favor of the

[government] party" "on any claim or cause of action." Code Civ. Proc. § 1021.11(b) (emphasis added). In simple terms, then, SB 1327 would enable government defendants to recover fees if a firearms plaintiff loses *on any claim* in the case, while the plaintiff can only avoid liability for fees if it prevails on *every claim* in the case. This means, among other things, that a plaintiff could be liable for the government's fees even if the plaintiff obtained all of the relief sought in the litigation.

22. Section 1021.11(c) further gives these "prevailing party" government defendants a three-year window to bring a state law action to recover their fees, notwithstanding that the vast majority of firearms litigation, like this case, is brought under 42 U.S.C. § 1983, and that federal law already provides for the treatment of attorney's fees in those cases: 42 U.S.C. § 1988(b) provides that "prevailing part[ies]" in federal civil rights actions may recover "a reasonable attorney's fee as part of [their] costs" in the action itself.

**II.    Section 1021.11's Fee-Shifting Regime Is Unconstitutional And Should Be Enjoined As To Defendants For The Same Reasons It Was Enjoined As To The State In *Miller*.**

23. The State is now enjoined from enforcing Section 1021.11 under *Miller v. Bonta*. 2022 WL 17811114 (S.D. Cal. Dec. 19, 2022).[2] The Court in *Miller* found that Section 1021.11 violated the First Amendment and is pre-empted under the Supremacy Clause by 42 U.S.C. § 1988. For the same reasons, Section 1021.11 should be enjoined here.

**A.    Section 1021.11's Fee-Shifting Regime Violates the First Amendment.**

24. Section 1021.11 encourages state and local governments to push the constitutional envelope when crafting firearms regulations by threatening would-be plaintiffs considering suing over those regulations with a potentially ruinous fee

---

[2]    The Court issued a substantively identical ruling in a related case. *South Bay Rod & Gun Club, Inc. v. Bonta*, S.D. Cal. Case No. 3:22-cv-1461-BEN-JLB, 2022 WL 17811113 (S.D. Cal. Dec. 19, 2022).

award. As the court in *Miller* observed, "[t]he principal defect of § 1021.11 is that it threatens to financially punish plaintiffs and their attorneys who seek judicial review of laws impinging on federal constitutional rights." 2022 WL 17811114 at *2. "Laws like § 1021.11 that exact an unaffordable price to be heard in a court of law are intolerable." *Id.* at *3. The threat posed by Section 1021.11 extends beyond imposing financial ruin on would-be plaintiffs by imposing the same threat of fee liability on attorneys and law firms. The *Miller* court recognized this "does a disservice to the courts" through suppressing "novel," "substantial" claims, thereby "threaten[ing] severe impairment of the judicial function" by "insulat[ing] the Government's laws from judicial inquiry." *Id.* at *4 (citations omitted).

25.     Section 1021.11 thus improperly threatens the right of access to the courts.  The right to petition the government for redress of grievances includes "[t]he right of access to the courts," which "is indeed but one aspect of the right of petition." *Cal. Motor Trans. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972). The *Miller* court noted that Section 1021.11 struck at the core of this right. "In our ordered system of civil justice, the Second Amendment right, and for that matter all constitutional rights, are ultimately protected by the First Amendment right to identify unconstitutional infringements and seek relief from the courts." 2022 WL 17811114 at *2. And the court further emphasized "that maintaining the courts as a setting to resolve questions about defective laws is necessary for a peaceful society." *Id.*

26.     This isn't the first time a state has erected and enforced regulatory barriers to avoid civil rights litigation. The Supreme Court rejected Virginia's attempt to keep the NAACP out of court in *Nat'l Ass'n for Advancement of Colored People v. Button*, 371 U.S. 415 (1963) (concerning the state's ban against the "improper solicitation" of legal business), and struck down South Carolina's efforts to punish the ACLU's counsel in *In re Primus*, 436 U.S. 412 (1978) (concerning the state's prohibition against solicitation of prospective litigants).

27.     The Supreme Court has recognized the central role the First Amendment plays in securing access to the courts to preserve civil rights, particularly for groups unable protect their rights through the political channels. "Groups which find themselves unable to achieve their objectives through the ballot frequently turn to the courts. . . . [U]nder the conditions of modern government, litigation may well be the sole practicable avenue open to a minority to petition for redress of grievances." *Button*, 371 U.S. at 429–30. Such is the case here, where Plaintiffs seek to assert their constitutional rights in litigation against local governments that disfavor Second Amendment rights.

28.     Since *Button*, the Supreme Court has consistently enjoined state action that imposes barriers on litigation that may chill protected activity. *See, e.g., Bhd. of R. R. Trainmen v. Virginia ex rel. Va. State Bar*, 377 U.S. 1, 7 (1964) (a state cannot "handicap[]" "[t]he right to petition the courts" through indirect regulation that "infringe[s] in any way the right of individuals and the public to be fairly represented in lawsuits authorized by Congress to effectuate a basic public interest"); *United Mine Workers of Am., Dist. 12 v. Illinois State Bar Ass'n*, 389 U.S. 217, 222–23 (1967) (the state cannot "erode [the First Amendment's] guarantees by indirect restraints" on citizens' ability to assert their legal rights); *United Transp. Union v. State Bar of Mich.*, 401 U.S. 576, 580–81, 585–86 (1971) ("the First Amendment forbids . . . restraints" that effectively prevent groups from "unit[ing] to assert their legal rights," and striking down economic regulation that denied union members "meaningful access to the courts").

29.     Section 1021.11's obvious and impermissible purpose is to give state and local governments in California a free hand to regulate firearms by suppressing litigation over firearm regulations. Because "[t]he Constitution does not permit" the government to "insulate [its] interpretation of the Constitution from judicial challenge," courts "must be vigilant when [the government] imposes rules and

conditions which in effect insulate its own laws from legitimate judicial challenge." *Legal Services Corp. v. Velazquez*, 531 U.S. 533, 548–49 (2001).

30.   Section 1021.11's fee-shifting regime further violates the First Amendment because it is content-based and viewpoint-discriminatory: It imposes a unique burden on those who seek to vindicate their civil rights through firearms litigation while favoring all other sorts of constitutional and statutory civil rights claims. Civil-rights litigation involves core protected speech. *See Button*, 436 U.S. at 431 (civil rights litigation "form of political expression"); *Primus*, 436 U.S. at 429; *Velazquez*, 531 U.S. at 545. Yet Section 1021.11 singles out speech over firearms restrictions for special unfavorable treatment. Laws that impose special burdens on disfavored speech and single out disfavored speakers are constitutionally suspect. *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 564–66 (2011). States are not permitted to advance their policy goals "through the indirect means of restraining certain speech by certain speakers," *id.* at 577, and "may not burden the speech of others in order to tilt public debate in a preferred direction." *Id.* at 578–79. Indeed, "the First Amendment is plainly offended" when the government "attempt[s] to give one side of a debatable public question an advantage in expressing its views to the people." *First Nat'l Bank of Bos. v. Bellotti*, 435 U.S. 765, 785–86 (1978).

31.   There is also no legitimate historical precedent for a fee-shifting statute that only allows government defendants to recover fees in civil rights litigation. Section 1021.11 thus falls outside of the history and tradition of the First Amendment that is the touchstone of First Amendment analysis. *See, e.g., United States v. Stevens*, 559 U.S. 460, 468–71 (2010) (placing the burden on the government to show that a type of speech belongs to one of the "historic and traditional categories" of constitutionally unprotected speech); *accord Kennedy v. Bremerton Sch. Dist.*, 142 S.Ct. 2407, 2428 (2022) (Establishment Clause analysis must be anchored to "historical practices and understandings"); *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111, 2130 (2022) ("[T]o carry [its] burden, the government must

generally point to *historical* evidence about the reach of the First Amendment's protections.") (emphasis in original). The lack of historical precedent further demonstrates that SB 1327 violates the First Amendment.

32.     But even under First Amendment balancing tests, Section 1021.11 cannot withstand the appropriate strict scrutiny. For example, it is impossible to imagine any interest the Defendants could assert as compelling, or even permissible, in support of this statute. Indeed, Defendants cannot possibly sustain their burden of identifying a compelling interest, as there is no compelling interest for targeting a particular type of civil rights litigant for unfavorable treatment when exercising the fundamental right to assert constitutional claims. Moreover, Section 1021.11 is not narrowly tailored: the State failed even to consider less restrictive alternatives that would serve such an interest without imposing such severe burdens on core protected rights. *United States v. Playboy Ent. Grp., Inc.*, 529 U.S. 803, 813 (2000).

33.     In short, Section 1021.11's fee-shifting penalty violates the First Amendment to the Constitution.

## B.    Section 1021.11's Fee-Shifting Regime is Preempted by 42 U.S.C. § 1988.

34.     The Supremacy Clause provides that federal law "shall be the supreme Law of the Land." U.S. Const. Art. VI, Cl. 2. "Consistent with that command, [the Supreme Court has] long recognized that state laws that conflict with federal law are 'without effect.'" *Altria Grp., Inc. v. Good*, 555 U.S. 70, 76 (2008). To that end, "state law is naturally preempted to the extent of any conflict with a federal statute," *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372 (2000), and "[w]here state and federal law 'directly conflict,' state law must give way." *PLIVA, Inc. v. Mensing*, 564 U.S. 604, 617 (2011) (citation omitted); *see also Gade v. National Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 108 (1992) ("[U]nder the Supremacy Clause . . . any state law, however clearly within a State's acknowledged power, which interferes with or is contrary to federal law, must yield.") (internal quotation marks and citation omitted).

35.    Section 1021.11's attempt to shift the government's fees onto the shoulders of civil rights plaintiffs conflicts with the text and structure of Section 1988, and it strongly undermines Section 1988's purposes. Section 1988 provides that, in most categories of federal civil rights litigation, the court "may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs" of the case. 42 U.S.C. § 1988(b). "[A] prevailing *plaintiff* 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (emphasis added). By contrast, the Supreme Court has repeatedly held that, given the purposes of Section 1988, prevailing *defendants* may recover fees only "where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Id.* at 429 n.2; *see Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978) (under analogous fee award language in Title VII, establishing standard that "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless").

36.    Section 1021.11 directly conflicts with Section 1988 by establishing a wholly separate state law fee regime. As the *Miller* court observed, "[t]hrough its unfair legal stratagems, the state law chills the First Amendment right to petition government for the redress of grievances, which, in turn, chills the Second Amendment right. The chill is deepened by the extraordinary provision that declares a plaintiff shall not be a prevailing party. In the end, this state statute undercuts and attempts to nullify 42 U.S.C. § 1988." 2022 WL 17811114 at *4. Not only does "California's fee shifting provision turns [the federal] approach upside down," "California attorney's fee-shifting construct goes beyond § 1988 by discouraging attorneys from representing civil rights plaintiffs." *Id.* at *6. And because Section 1021.11 "will have the effect of thwarting federal court orders enforcing Second Amendment rights through § 1988 attorney's fee awards, then" the statute "cannot survive." *Id.* at *7.

37.     Section 1988 doesn't require a plaintiff to win every claim in order to be a "prevailing party." Relying on congressional guidance, the Supreme Court has "made clear that plaintiffs may receive fees under [Section] 1988 even if they are not victorious on every claim. A civil rights plaintiff who obtains meaningful relief has corrected a violation of federal law and, in so doing, has vindicated Congress's statutory purposes." *Fox v. Vice*, 563 U.S. 826, 834 (2011); *see Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 793 (1989) (Section 1988 fees are appropriate if a party has "prevailed on a significant issue in the litigation and have obtained some of the relief they sought").

38.     Section 1021.11(e), however, says that only government defendants can be "prevailing parties." And because it also says a government defendant is a "prevailing party" if the plaintiff loses on any of its claims, the government would be entitled to fees even where it has been found to violate the Constitution on other claims in the case. In other words, Section 1021.11 flips Section 1988, putting government defendants in a similar if not better position than plaintiffs under Section 1988.

39.     Indeed, Section 1021.11 asserts *reverse* supremacy over federal law. The statute remarkably asserts that Section 1021.11 applies regardless of what any federal court does in an underlying Section 1983 case: Section 1021.11 pronounces that government officials may plow ahead with enforcing the fee-shifting penalty against a Section 1983 plaintiff with a state court collection action even when "*[t]he court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law*, notwithstanding the doctrines of issue or claim preclusion." Code Civ. Proc. § 1021.11(d)(3) (emphasis added).

40.     Section 1021.11 also undermines the manifest purpose of Section 1988. Shortly after the Civil Rights Act's passage, the Supreme Court recognized the link between fee-shifting and effective enforcement of civil rights laws. "When the Civil Rights Act of 1964 was passed, it was evident that enforcement would prove difficult and that the Nation would have to rely in part upon private litigation as a means of

securing broad compliance with the law. . . . If successful plaintiffs were routinely forced to bear their own attorneys' fees, few aggrieved parties would be in a position to advance the public interest by invoking the injunctive powers of the federal courts. Congress therefore enacted the provision for counsel fees . . . to encourage individuals injured by racial discrimination to seek judicial relief . . . ." *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 401–02 (1968).

41.    In short, "[t]he purpose of [Section] 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances." *Hensley*, 461 U.S. 424, 429 (1983) (quoting H.R. Rep. No. 94–1558 at 1 (1976)); *see also* S. Rep. No. 94-1011 at 2 (June 29, 1976) (explaining that the federal "civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies" embodied in those laws).

42.    In direct conflict with Section 1988's purpose, Section 1021.11 threatens to bankrupt any plaintiff considering a challenge to a state or local firearm regulation if the plaintiff does not achieve complete victory in the litigation. This is a heavy-handed deterrent to asserting civil rights claims, whereas Section 1988 expresses Congressional intent to *encourage* civil rights litigation.

43.    Because Section 1021.11 "stands as an obstacle to the accomplishment and execution of the full purposes and objective of Congress," California's law "must give way." *PLIVA, Inc.*, 564 U.S. 634, 617. Section 1021.11's fee-shifting penalty is preempted and its application is unconstitutional under the Supremacy Clause.

**C.    Section 1021.11's Fee-Shifting Regime Violates The Equal Protection And Due Process Clauses.**

44.    For the many reasons described above with respect to discrimination against federal constitutional rights, discrimination against gun rights plaintiffs in particular, and discrimination related to viewpoint, Section 1021.11 also violates the Equal Protection Clause. Indeed, while such discrimination against those who seek to

exercise First and Second Amendment rights would be subject to, and plainly fail, strict scrutiny, as explained above the classifications at issue here could not even survive rational basis scrutiny.

45.     As Judge Benitez explained in *Miller*, "[l]aws like § 1021.11 that exact an unaffordable price to be heard in a court of law are intolerable." 2022 WL 17811114 at *3. Section 1021.11 strikes at the core of the due process guarantee, which "requires that a citizen be able to be heard in court." *Id.* at *2. And it likewise implicates equal protection: "Where money determines not merely 'the kind of trial a man gets,' but whether he gets into court at all, the great principle of equal protection becomes a mockery." *Id.* at *3 (citation omitted).

**III.    Section 1021.11 Has Unconstitutionally Infringed Plaintiffs' Ability To Access The Courts To Sue Defendants.**

46.     As detailed in *Miller*, Section 1021.11 unconstitutionally chilled Plaintiffs' ability to bring and continue to prosecute civil rights cases challenging California firearm regulations. After the *Miller* ruling, Plaintiffs FPC and CGF asked Defendants to stipulate that they would not enforce Section 10211.11, either in a current case or a case that Plaintiffs intend to file. Each Defendant refused. This resistance is indefensible in light of the *Miller* ruling enjoining the law as to the State of California. Indeed, the Attorney General's office refused to defend the law's constitutionality in *Miller*. 2022 WL 17811114 at *1.[3]

47.     On December 30, 2022, counsel for the plaintiffs (which include FPC and SDCGO) in *Fahr v. City of San Diego*, S.D. Cal. Case No. 3:21-cv-01676-BAS-BGS, sent a letter to the San Diego City Attorney asking that it stipulate not to enforce Section 1021.11 against the plaintiffs or their attorneys and law firms based on the outcome of the case. A true and correct copy of the letter is attached as <u>Exhibit 1</u>. On

---

[3]     After Attorney General Bonta declined to defend Section 1021.11, Governor Newsom intervened to litigate its constitutionality on the merits. *Miller*, 2022 WL 17811114 at *1.

January 11, 2023, the City Attorney's office responded that "the City is not in a position to stipulate as requested," and that it did "not believe" that the Court decision in *Miller* "warrants an unequivocal waiver from the City."

48.     On January 20, counsel for FPC and CGF sent a letter to the Office of the County Counsel for the County of Imperial asking that it stipulate not to enforce Section 1021.11 against the intended plaintiffs or their attorneys and law firms in a case they intend to file challenging the constitutionality of a county ordinance prohibiting the possession of firearms in any recreational park within the county's jurisdiction. A true and correct copy of the letter is attached as Exhibit 2. Imperial County has not responded to the letter.

49.     On December 30, 2022, counsel for FPC and CGF sent a letter to the Office of the County Counsel for the County of Alameda asking that it stipulate not to enforce Section 1021.11 against the intended plaintiffs or their attorneys and law firms in a case they intend to file challenging the constitutionality of the Alameda County Sherriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms. A true and correct copy of the letter is attached as Exhibit 3. On January 3, 2023, County Counsel responded by letter that it would not agree to non-enforcement. A true and correct copy of the County's response is attached as Exhibit 4.

50.     The Alamada County Counsel vaguely accused Plaintiffs' counsel of ethical breaches and "encouraged" counsel to "be mindful of your duties obligations [sic] before you make averments in any pleading regarding the intentions of the Sheriff and the County" regarding Section 1021.11, because claims against them purportedly "do not exist and would not be ripe despite your attempts to manufacture a claim." Ex. 4, p.2. But as explained below, Plaintiffs' claims do, in fact, exist (and are ripe): Plaintiffs are prepared to file a lawsuit but have deferred doing so because of the threat of fee-shifting. Indeed, the tone of Alameda County Counsel's letter confirms why injunctive relief is necessary in this case: If a request not to enforce a statute that has

already been held unconstitutional is met with such vitriol, litigation over the County's unconstitutional conduct will surely be contentious, drawn-out, and expensive.

51. On January 20, counsel for FPC and CGF sent a letter to the Office of the County Counsel for the County of Ventura asking that it stipulate not to enforce Section 1021.11 against the intended plaintiffs or their attorneys and law firms in a case they intend to file challenging the constitutionality of the Ventura County Sheriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms. A true and correct copy of the letter is attached as Exhibit 5. Ventura County has not responded to the letter.

52. On January 20, counsel for FPC and CGF sent a letter to the Office of the County Counsel for the County of Los Angeles asking that it stipulate not to enforce Section 1021.11 against the intended plaintiffs or their attorneys and law firms in a case they intend to file challenging the constitutionality of (1) the Los Angeles County Sheriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms; and (2) a provision of the county code prohibiting the possession of firearms in any public park within the county's jurisdiction. A true and correct copy of the letter is attached as Exhibit 6. On January 27, 2023, County Counsel responded by letter that it would not agree to non-enforcement, but that it "would be willing to discuss entereing into a case-specific situation." A true and correct copy of the County's response is attached as Exhibit 7.

53. On January 27, counsel for FPC and CGF sent a letter to counsel for the City of San Jose asking that the city stipulate not to enforce Section 1021.11 against the intended plaintiffs or their attorneys and law firms in a case they intend to re-file challenging the constitutionality of city ordinances requiring firearm owners to pay an annual fee to a City-designated non-profit organization and obtain firearm-related insurance. A true and correct copy of the letter is attached as Exhibit 8. FPC had previously sued to invalidate those same regulations, but dismissed the lawsuit in August 2022 because of the threat posed by Section 1021.11. *Glass v. City of San*

*Jose*, N.D. Cal. Case No 5:22-cv-02533-BL. FPC is prepared to re-file this challenge against San Jose once San Jose is enjoined from attempting to enforce Section 1021.11.

54. On February 2, counsel for San Jose responded by letter that it would not agree to non-enforcement, claiming that it was "inappropriate to respond" outside of the context of an actual lawsuit—counsel "decline[d] to comment on what positions the City might take, or what remedies it might seek, in hypothetical future litigation against the City." A true and correct copy of the response is attached as <u>Exhibit 9</u>. Counsel for San Jose claimed it was "impossible to know what specific City laws [the Plaintiffs] intend to file a lawsuit over," *id.*, despite being advised that Plaintiffs "are now prepared to re-file litigation seeking declaratory and injunctive relief as to at least the[] same regulations" at issue in the *Glass* litigation. <u>Ex. 8</u>. And counsel for San Jose accused Plaintiffs of sending the letter to gain "some advantage in [their] ongoing lawsuit" in the *Miller* case, despite the fact that the *Miller* court had already entered a permanent injunction 45 days earlier.

55. On February 24, counsel for FPC and CGF sent a letter to the Office of the County Counsel for the County of Santa Clara asking that it stipulate not to enforce Section 1021.11 against the intended plaintiffs or their attorneys and law firms in a case they intend to file challenging the constitutionality of the Santa Clara County Sherriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms. A true and correct copy of the letter is attached as <u>Exhibit 10</u>. Santa Clara County has not responded to the letter

56. Defendants' refusal to stipulate to non-enforcement of Section 1021.11 has infringed Plaintiffs' constitutional rights.

57. As set forth above, in each of the Defendant local jurisdictions, Plaintiffs FPC and CGF have refrained from filing constitutional challenges against laws, regulations, and practices that are inconsistent with the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). FPC and CGF

have incurred fees to investigate, research, and prepare these lawsuits, which have been put on hold because of Section 1021.11's threat of fee shifting. But Section's 1021.11's impact extends beyond these organizational Plaintiffs and counsel to the would-be individuals in these cases who are suffering an ongoing deprivation of their Second Amendment rights because of the Defendants' actions. Plaintiffs are unable to seek to vindicate those rights without the certainty, which Defendants' counsel have not provided, that they would not face potentially ruinous fee liability for bringing the suits they intend to bring.

58.     In San Diego, Plaintiffs FPC and SDCGO are plaintiffs in *Fahr*, where they are forced to continue litigating under the threat of Section 1021.11 fee liability. The uncertainty about potential enforcement has created a chilling effect on the *Fahr* Plaintiffs' (and their counsel's) ability to proceed with the case.

59.     But for Section 1021.11's fee-shifting provisions, Plaintiffs would forthwith engage in litigation they have refrained from bringing against Defendants due to the law's threat of ruinous fee liability.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF FIRST AMENDMENT (42 U.S.C. § 1983)

60.     Plaintiffs incorporate here by reference paragraphs 1 through 59, *supra*, as if fully set forth herein.

61.     The First Amendment provides in relevant part that "Congress shall make no law . . . abridging the freedom of speech . . . or the right of the people . . . to petition the government for a redress of grievances." U.S. CONST. amend. I. The First Amendment is applicable against the States. *See Gitlow v. New York*, 268 U.S. 652, 666 (1925).

62.     For the reasons set forth above in Part II.A, Section 1021.11's fee-shifting penalty violates the First Amendment to the Constitution.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF SUPREMACY CLAUSE (42 U.S.C. § 1983)

63.     Plaintiffs incorporate here by reference paragraphs 1 through 59, *supra*, as if fully set forth herein.

64.     The Supremacy Clause provides in relevant part that "[t]his Constitution, and the laws of the United States which shall be made in pursuance thereof . . . shall be the supreme law of the land . . . any thing in the constitution or laws of any State to the contrary notwithstanding." U.S. CONST. art. VI, § 2.

65.     Section 1988(b) provides in relevant part that, "[i]n any action or proceeding to enforce a provision of [42 U.S.C. § 1983], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b).

66.     For the reasons set forth above in Part II.B, Section 1021.11's fee-shifting penalty is preempted by Section 1988(b) and its application is unconstitutional under the Supremacy Clause.

## THIRD CLAIM FOR RELIEF

## VIOLATION OF EQUAL PROTECTION (42 U.S.C. § 1983)

65.     Plaintiffs incorporate here by reference paragraphs 1 through 59, *supra*, as if fully set forth herein.

66.     The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1.

67.     For the reasons set forth above in Part II.C, Section 1021.11's fee-shifting penalty violates the Equal Protection Clause of the Fourteenth Amendment to the Constitution.

**FOURTH CLAIM FOR RELIEF**

**VIOLATION OF DUE PROCESS (42 U.S.C. § 1983)**

68.     Plaintiffs incorporate here by reference paragraphs 1 through 59, *supra*, as if fully set forth herein.

69.     The Due Process Clause of the Fourteenth Amendment provides that provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1.

70.     For the reasons set forth above in Part II.C, Section 1021.11's fee-shifting penalty violates the Due Process Clause of the Fourteenth Amendment to the Constitution.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for judgment as follows:

1.     Plaintiffs respectfully request that this Court enter a declaratory judgment stating that SB 1327's fee-shifting penalty set forth in California Code of Civil Procedure section 1021.11 violates the First Amendment to the Constitution.

2.     Plaintiffs respectfully request that this Court enter a declaratory judgment stating that SB 1327's fee-shifting penalty set forth in California Code of Civil Procedure section 1021.11 is preempted and its application is unconstitutional under the Supremacy Clause of the Constitution.

3.     Plaintiffs respectfully request that this Court enter a declaratory judgment stating that SB 1327's fee-shifting penalty set forth in California Code of Civil Procedure section 1021.11 violates the Equal Protection Clause of the Fourteenth Amendment to the Constitution.

4.     Plaintiffs respectfully request that this Court enter a declaratory judgment stating that SB 1327's fee-shifting penalty set forth in California Code of Civil Procedure section 1021.11 violates the Due Process Clause of the Fourteenth Amendment to the Constitution.

5. Plaintiffs respectfully request that this Court enter a preliminary and permanent injunction enjoining enforcement or application of SB 1327's fee-shifting penalty set forth in California Code of Civil Procedure section 1021.11 against Plaintiffs, Plaintiffs' members, and any attorney or law firm representing any Plaintiff in any litigation involving Defendants potentially subject to SB 1327's fee-shifting penalty.

6. Plaintiffs respectfully request costs of suit, including reasonable attorneys' fees under 42 U.S.C. § 1988 and any other applicable law, and all further relief to which Plaintiffs may be justly entitled.

Dated:  March 2, 2023                    BENBROOK LAW GROUP, PC

                                         By  s/ Bradley A. Benbrook
                                           BRADLEY A. BENBROOK
                                           Attorneys for Plaintiffs

                                         COOPER & KIRK, PLLC

                                         By  s/ David H. Thompson
                                           DAVID H. THOMPSON
                                           Attorneys for Plaintiffs

# EXHIBIT 1

December 30, 2022

Via email to: mzollman@sandiego.gov

Matthew L. Zollman
Office of the San Diego City Attorney
City of San Diego, California
1200 Third Avenue Suite 1100
San Diego, CA 92101

Re:    URGENT – California Code of Civil Procedure Section 1021.11
       With respect to *Fahr v. City of San Diego, California*
       S.D. Cal. Case No. 3:21-cv-01676-BAS-BGS

Dear Counsel:

I am writing to you on behalf of the plaintiffs, plaintiffs' counsel, including me, and the plaintiffs' counsels' respective firms in the above-referenced matter regarding California Code of Civil Procedure ("CCP") Section 1021.11 ("§ 1021.11"), which becomes effective on January 1, 2023.

As you are likely aware, Governor Newsom signed Senate Bill No. 1327 (2021 – 2022 Reg. Sess.) ("SB 1327") into law on July 22, 2022. Among its changes was the addition of § 1021.11, which provides:

> (a) Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party.

> (b) For purposes of this section, a party is considered a prevailing party if a court does either of the following:

>> (1) Dismisses any claim or cause of action brought by the party seeking the declaratory or injunctive relief described by subdivision (a), regardless of the reason for the dismissal.

>> (2) Enters judgment in favor of the party opposing the declaratory or injunctive relief described by subdivision (a), on any claim or cause of action.

(c) Regardless of whether a prevailing party sought to recover attorney's fees or costs in the underlying action, a prevailing party under this section may bring a civil action to recover attorney's fees and costs against a person, including an entity, attorney, or law firm, that sought declaratory or injunctive relief described by subdivision (a) not later than the third anniversary of the date on which, as applicable:

      (1) The dismissal or judgment described by subdivision (b) becomes final upon the conclusion of appellate review.

      (2) The time for seeking appellate review expires.

(d) None of the following are a defense to an action brought under subdivision (c):

      (1) A prevailing party under this section failed to seek recovery of attorney's fees or costs in the underlying action.

      (2) The court in the underlying action declined to recognize or enforce the requirements of this section.

      (3) The court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion.

(e) Any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief as described in subdivision (a), shall not be deemed a prevailing party under this section or any other provision of this chapter.

(SB 1327, Sec. 2.)

    As you may know, on December 19, 2022, the Honorable United States District Judge Roger T. Benitez issued an Opinion And Order Enjoining Enforcement of California Code Of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order). In its Opinion and Order, the Court ordered that:

      Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order or know of the existence of this injunction order,

are enjoined from implementing or enforcing California Code of Civil Procedure § 1021.11, as enacted by S.B. 1327.

Regardless of whether or not defendants read the Court's Order as applying to them, or read CCP § 1021.11as generally applying to parties in suits (and their counsel/firms) seeking declaratory or injunctive relief (as provided in subdivision (a) of CCP § 1021.11) filed before January 1, 2023, or any person, including an entity, attorney, or law firm that represents any litigant seeking that relief in such a case, we request that defendants stipulate that they will not seek to enforce CCP § 1021.11 based on the outcome of this case against plaintiffs' counsel of record (including myself), any other counsel who appears in this case at any time or in any court, the various counsels' respective firms, the plaintiffs (active or dismissed), and any other person representing any litigant seeking declaratory or injunctive relief in this matter.

Please inform me if any defendant in this case (or any of their officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) intends to bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under CCP § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff in this case) seeking declaratory or injunctive relief at any time.

Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of CCP § 1021.11 on behalf of all defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that one or more defendants intend to seek remedies under CCP § 1021.11.

If we do not receive from defendant or defendant's counsel by no later than **5 p.m. Pacific time on Tuesday, January 3, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce CCP § 1021.11 against any person with respect to this case, we will be forced to assume that defendants will not agree to a stipulation of waiver and non-enforcement of CCP § 1021.11 and that defendants do intend to enforce CCP § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Very truly yours,

*/s/ Raymond M. DiGuiseppe*
Raymond M. DiGuiseppe
The DiGuiseppe Law Firm, P.C.

# EXHIBIT 2

# BENBROOK LAW GROUP

Professional Corporation

701 UNIVERSITY AVENUE, SUITE 106

SACRAMENTO, CALIFORNIA 95825

www.benbrooklawgroup.com

TELEPHONE: (916) 447-4900

FACSIMILE: (916) 447-4904

BRADLEY A. BENBROOK                                                                 brad@benbrooklawgroup.com

January 20, 2023

<u>Via email</u>

Eric R. Havens

County Counsel

Office of County Counsel

940 W. Main St., Suite 205

El Centro, CA 92243

erichavens@co.imperial.ca.us

countycounsel@co.imperial.ca.us

   Re: California Code of Civil Procedure § 1021.11

Dear Counsel:

   I am writing to you on behalf of Firearms Policy Coalition, among other intended plaintiffs, and their counsel in a case to be filed challenging various laws, policies, practices, and customs of Imperial County regarding the regulation of firearms that individually and collectively violate the Second and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in Imperial County. Among other things, the Imperial County generally prohibits the possession of firearms in any recreational public park within the county's jurisdiction (Imperial County Code of Ordinances § 11.08.020), which violates the Second Amendment. We intend to seek declaratory and injunctive relief as to the enforcement of at least this law and policy.

   However, we write you in hopes that we can eliminate the need to also litigate and seek relief regarding your enforcement of California Code of Civil Procedure Section 1021.11 ("§ 1021.11"), in connection with the litigation. Governor Newsom signed Senate Bill No. 1327 ("SB 1327") into law in July 2022. Among its changes was the addition of § 1021.11, which became effective on January 1, 2023, and provides:

     Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant

BENBROOK LAW GROUP, PC

Eric R. Havens
January 20, 2023
Page 2

seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

Section 1021.11 goes on to provide that a plaintiff in such a case cannot be a "prevailing party," and that the government defendant is the prevailing party if the court dismisses "any claim or cause of action brought by the party seeking the declaratory or injunctive relief . . . , regardless of the reason for the dismissal." *Id*. §§ (b), (e).  It authorizes the government defendant to pursue a civil claim for these fees, *id*. § (c), and it purports to allow such claims even if "[t]he court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion." *Id*. §(d)(3).

Section 1021.11 is unconstitutional for several reasons. Governor Newsom and Attorney General Bonta have repeatedly asserted that the Texas law on which SB 1327 was modeled (Texas's Senate Bill 8), is unconstitutional.  When our firm recently filed an action to enjoin the State from enforcing § 1021.11, the Attorney General refused to defend the law.  On December 19, 2022, United States District Judge Roger T. Benitez enjoined the State of California from implementing or enforcing the law as follows:

Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order or know of the existence of this injunction order, are enjoined from implementing or enforcing California Code of Civil Procedure § 1021.11, as enacted by S.B. 1327.

Opinion and Order Enjoining Enforcement of California Code Of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order).

We recognize that your office may take the position that the *Miller II* injunction does not *directly* apply to prevent your office from seeking to enforce § 1021.11 in situations where the statute might apply.  Nevertheless, for the reasons set forth in the *Miller II* opinion, we submit there can be no reasonable argument that your office could constitutionally enforce § 1021.11. We therefore request that your office stipulate that it will not seek to enforce § 1021.11 based on the outcome of the forthcoming case against the plaintiffs, plaintiffs' counsel of record, any other counsel who appears in this case at any time or in any court, the various counsels' respective firms, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

BENBROOK LAW GROUP, PC

Eric R. Havens
January 20, 2023
Page 3


Please inform me whether Imperial County (or any of its officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) ("Prospective Defendants") intend to bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon these prospective claims.

Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of § 1021.11 on behalf of the Prospective Defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that the Prospective Defendants intend to seek remedies under § 1021.11.

Please be advised that if we do not receive from your office, or counsel for the Prospective Defendants by no later than **5:00 p.m. on Friday, January 27, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce § 1021.11 against any person with respect to this anticipated case, we will be forced to conclude that Prospective Defendants will not agree to a stipulation of waiver and non-enforcement of § 1021.11 and that the Prospective Defendants do intend to enforce § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Sincerely,

Bradley A. Benbrook

# EXHIBIT 3

# SEILER EPSTEIN LLP
**ATTORNEYS AT LAW**

GML@SEILEREPSTEIN.COM

December 30, 2022

Via email: donna.ziegler@acgov.org, clay.christianson@acgov.org

Donna Ziegler, County Counsel
Clay J. Christianson, Deputy County Counsel
OFFICE OF THE COUNTY COUNSEL
County of Alameda, California
1221 Oak Street, Suite 450
Oakland, CA 94612

Re:    URGENT – California Code of Civil Procedure Section 1021.11

Dear Counsel:

      I am writing to you on behalf of the intended plaintiffs, plaintiffs' counsel, including me, and the plaintiffs' counsels' respective firms in a case to be filed challenging various laws, policies, practices, and customs of Alameda County Sheriff Gregory Ahern, the Alameda County Sheriff's Office, and the County of Alameda, regarding applications for and issuance of licenses to carry firearms that individually and collectively violate the Second and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in County of Alameda, California. We intend to seek declaratory and injunctive relief as to the enforcement of those laws, policies, customs, and practices. However, we write you in hopes that we can eliminate the need to also litigate and seek relief regarding your enforcement of California Code of Civil Procedure Section 1021.11 ("§ 1021.11"), which becomes effective on January 1, 2023.

      As you are likely aware, Governor Newsom signed Senate Bill No. 1327 (2021 – 2022 Reg. Sess.) ("SB 1327") into law on July 22, 2022. Among its changes was the addition of CCP § 1021.11, which provides:

> (a) Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party.

(b) For purposes of this section, a party is considered a prevailing party if a court does either of the following:

(1) Dismisses any claim or cause of action brought by the party seeking the declaratory or injunctive relief described by subdivision (a), regardless of the reason for the dismissal.

(2) Enters judgment in favor of the party opposing the declaratory or injunctive relief described by subdivision (a), on any claim or cause of action.

(c) Regardless of whether a prevailing party sought to recover attorney's fees or costs in the underlying action, a prevailing party under this section may bring a civil action to recover attorney's fees and costs against a person, including an entity, attorney, or law firm, that sought declaratory or injunctive relief described by subdivision (a) not later than the third anniversary of the date on which, as applicable:

(1) The dismissal or judgment described by subdivision (b) becomes final upon the conclusion of appellate review.

(2) The time for seeking appellate review expires.

(d) None of the following are a defense to an action brought under subdivision (c):

(1) A prevailing party under this section failed to seek recovery of attorney's fees or costs in the underlying action.

(2) The court in the underlying action declined to recognize or enforce the requirements of this section.

(3) The court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion.

(e) Any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief as described in subdivision (a), shall not be deemed a prevailing party under this section or any other provision of this chapter.

(SB 1327, Sec. 2.)

## SEILER EPSTEIN LLP

ATTORNEYS AT LAW
Page 3

As you may know, on December 19, 2022, United States District Judge Roger T. Benitez issued an Opinion and Order Enjoining Enforcement of California Code Of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order). In its Opinion and Order, the Court ordered that:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order or know of the existence of this injunction order, are enjoined from implementing or enforcing California Code of Civil Procedure § 1021.11, as enacted by S.B. 1327.

Regardless of whether or not the County of Alameda, the Alameda County Sheriff, and the Alameda County Sheriff's Office read the Court's Order as applying to them, we request that the County of Alameda, the Alameda County Sheriff, and the Alameda County Sheriff's Office stipulate that they will not seek to enforce CCP § 1021.11 based on the outcome of the forthcoming case against plaintiffs' counsel of record (including myself), any other counsel who appears in this case at any time or in any court, the various counsels' respective firms, the plaintiffs, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

Please inform me if the County of Alameda, the Alameda County Sheriff, and the Alameda County Sheriff's Office (or any of their officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) ("Prospective Defendants") intend to bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under CCP § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon these prospective claims.

Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of CCP § 1021.11 on behalf of the Prospective Defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that the Prospective Defendants intend to seek remedies under CCP § 1021.11.

Please be advised that if we do not receive from your office, or counsel for the Prospective Defendants by no later than **5 p.m. Pacific time on Tuesday, January 3, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce CCP § 1021.11 against any person with respect to this case, we will be forced to assume that Prospective Defendants will or would not agree to a stipulation of waiver and non-enforcement of CCP § 1021.11 and that the Prospective Defendants do intend to enforce CCP § 1021.11 against one or more such persons with respect to this case.

# SEILER EPSTEIN LLP

ATTORNEYS AT LAW

Page 4

Thank you for your attention to this matter. We look forward to your timely response.

Very truly yours,

George M. Lee

# EXHIBIT 4



# OFFICE OF THE COUNTY COUNSEL

1221 Oak Street, Suite 450, Oakland, California 94612-4296
Telephone (510) 272-6700          Facsimile (510) 272-5020

DONNA R. ZIEGLER
COUNTY COUNSEL

January 3, 2023

**VIA EMAIL AND U.S. MAIL**

George M. Lee
Seiler Epstein LLP
4 Embarcadero Center, 14th Floor
San Francisco, California 94111
Email: gml@seilerepstein.com

Re:  California Code of Civil Procedure Section 1021.11

Dear Mr. Lee:

This responds to your letter addressed to me and Clay Christianson, dated December 30, 2022, and received by email delivery at 12:44 p.m., on the 30th.   You allege that you and others are planning to initiate litigation (at some unspecified date and time) regarding applications for and issuance of licenses to carry firearms. You request that the Sheriff and the County of Alameda stipulate that they will not seek to enforce California Code of Civil Procedure ("CCP") Section 1021.11 based on the outcome of your unfiled and unattached litigation. You further advise that any statement that does not unequivocally stipulate to waiver and non-enforcement of CCP Section 1021.11 will be deemed to be confirmation that the "Prospective Defendants" intend to seek remedies under CCP Section 1021.11.  You further advise that if you do not receive a written stipulation by January 3, 2023, at 5:00 p.m. (approximately one business day after you tendered your request to this office), you "will be forced to assume that Prospective Defendants . . . do intend to enforce CCP Section 1021.11 against one or more such persons with respect to" your unfiled and unattached litigation.

This letter confirms that you are not able to manufacture facts regarding the Sheriff's and the County's intentions in the manner your letter suggests.  If the County and the Sheriff do not comply with your terms, you will not be "forced to assume" anything, and certainly not the facts you state you will be forced to assume.

On the contrary, rules that govern your practice require that you have a much higher standard of knowledge of the accuracy of facts you allege in a court filing.  You are not able to allege as fact, even on information or belief, the intentions of my clients, simply because they did not perform an act that they lacked any obligation to perform (i.e., entering a stipulation in the manner and on the terms, you propose and on an unreasonable deadline).

George M. Lee
January 3, 2023
Page 2

You are encouraged to be mindful of your duties and obligations before you make averments in any pleading regarding the intentions of the Sheriff and the County regarding California Code of Civil Procedure Section 1021.11.  Claims against the County and the Sheriff regarding California Code of Civil Procedure Section 1021.11 do not exist and would not be ripe despite your attempts to manufacture a claim.

Very truly yours,

DONNA R. ZIEGLER
County Counsel

# EXHIBIT 5

# BENBROOK LAW GROUP

Professional Corporation

701 UNIVERSITY AVENUE, SUITE 106

SACRAMENTO, CALIFORNIA  95825

www.benbrooklawgroup.com

TELEPHONE:  (916) 447-4900

FACSIMILE:  (916) 447-4904

BRADLEY A. BENBROOK                                                                                          brad@benbrooklawgroup.com

January 20, 2023

**<u>Via email</u>**
Tiffany N. North
County Counsel, County of Ventura
Christine A. Renshaw
Assistant County Counsel
County Government Center
800 South Victoria Avenue, L/C #1830
Ventura, CA  93009
tiffany.north@ventura.org
christine.renshaw@ventura.org

      Re:    California Code of Civil Procedure § 1021.11

Dear Counsel:

      I am writing to you on behalf of Firearms Policy Coalition, among other intended plaintiffs, and their counsel in a case to be filed challenging the Ventura County Sheriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms, which violates the Second Amendment and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in Ventura County.  We intend to seek declaratory and injunctive relief as to the enforcement of at least this policy, custom, and practice.

      However, we write you in hopes that we can eliminate the need to also litigate and seek relief regarding your enforcement of California Code of Civil Procedure Section 1021.11 ("§ 1021.11"), in connection with the litigation.  Governor Newsom signed Senate Bill No. 1327 ("SB 1327") into law in July 2022. Among its changes was the addition of § 1021.11, which became effective on January 1, 2023, and provides:

> Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant

BENBROOK LAW GROUP, PC

Tiffany N. North
Christine A. Renshaw
January 20, 2023
Page 2

> seeking that relief, is jointly and severally liable to pay the
> attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

Section 1021.11 goes on to provide that a plaintiff in such a case cannot be a "prevailing party," and that the government defendant is the prevailing party if the court dismisses "any claim or cause of action brought by the party seeking the declaratory or injunctive relief . . . , regardless of the reason for the dismissal." *Id*. §§ (b), (e).  It authorizes the government defendant to pursue a civil claim for these fees, *id*. § (c), and it purports to allow such claims even if "[t]he court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion." *Id*. §(d)(3).

Section 1021.11 is unconstitutional for several reasons. Governor Newsom and Attorney General Bonta have repeatedly asserted that the Texas law on which SB 1327 was modeled (Texas's Senate Bill 8), is unconstitutional.  When our firm recently filed an action to enjoin the State from enforcing § 1021.11, the Attorney General refused to defend the law.  On December 19, 2022, United States District Judge Roger T. Benitez enjoined the State of California from implementing or enforcing the law as follows:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant
> Governor Gavin Newsom, and their officers, agents, servants,
> employees, and attorneys, and those persons in active concert or
> participation with them, and those who gain knowledge of this
> injunction order or know of the existence of this injunction order,
> are enjoined from implementing or enforcing California Code of
> Civil Procedure § 1021.11, as enacted by S.B. 1327.

Opinion and Order Enjoining Enforcement of California Code Of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order).

We recognize that your office may take the position that the *Miller II* injunction does not *directly* apply to prevent your office from seeking to enforce § 1021.11 in situations where the statute might apply.  Nevertheless, for the reasons set forth in the *Miller II* opinion, we submit there can be no reasonable argument that your office could constitutionally enforce § 1021.11. We therefore request that your office stipulate that it will not seek to enforce § 1021.11 based on the outcome of the forthcoming case against the plaintiffs, plaintiffs' counsel of record, any other counsel who appears in this case at any time or in any court, the various counsels' respective

BENBROOK LAW GROUP, PC

Tiffany N. North
Christine A. Renshaw
January 20, 2023
Page 3

firms, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

Please inform me whether the County of Ventura or Ventura County Sheriff's Office (or any of their officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) ("Prospective Defendants") intend to bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon these prospective claims.

Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of § 1021.11 on behalf of the Prospective Defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that the Prospective Defendants intend to seek remedies under § 1021.11.

Please be advised that if we do not receive from your office, or counsel for the Prospective Defendants by no later than **5:00 p.m. on Friday, January 27, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce § 1021.11 against any person with respect to this anticipated case, we will be forced to conclude that Prospective Defendants will not agree to a stipulation of waiver and non-enforcement of § 1021.11 and that the Prospective Defendants do intend to enforce § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Sincerely,

Bradley A. Benbrook

# EXHIBIT 6

# BENBROOK LAW GROUP

Professional Corporation
701 UNIVERSITY AVENUE, SUITE 106
SACRAMENTO, CALIFORNIA 95825

www.benbrooklawgroup.com

TELEPHONE: (916) 447-4900
FACSIMILE: (916) 447-4904

BRADLEY A. BENBROOK                                              brad@benbrooklawgroup.com

January 20, 2023

**Via email**
Dawyn R. Harrison
Interim County Counsel, County of Los
Angeles
500 West Temple St., Floor 6
Los Angeles, CA 90012
dharrison@counsel.lacounty.gov

Re:     California Code of Civil Procedure § 1021.11

Dear Counsel:

I am writing to you on behalf of Firearms Policy Coalition, among other intended plaintiffs, and their counsel in a case to be filed challenging various laws, policies, practices, and customs of the County of Los Angeles regarding the regulation of firearms that individually and collectively violate the Second and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in Los Angeles County. Among other things, the Los Angeles County Sheriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms violates the Second Amendment and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in Los Angeles County. Furthermore, the Los Angeles County Code generally prohibits the possession of firearms in any public park within the county's jurisdiction (§ 17.04.620), which likewise violates the Second Amendment. We intend to seek declaratory and injunctive relief as to the enforcement of at least those laws, policies, customs, and practices.

However, we write you in hopes that we can eliminate the need to also litigate and seek relief regarding your enforcement of California Code of Civil Procedure Section 1021.11 ("§ 1021.11"), in connection with the litigation. Governor Newsom signed Senate Bill No. 1327 ("SB 1327") into law in July 2022. Among its changes was the addition of § 1021.11, which became effective on January 1, 2023, and provides:

> Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing

Benbrook Law Group, pc

Dawyn R. Harrison
January 20, 2023
Page 2

> any statute, ordinance, rule, regulation, or any other type of law
> that regulates or restricts firearms, or that represents any litigant
> seeking that relief, is jointly and severally liable to pay the
> attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

Section 1021.11 goes on to provide that a plaintiff in such a case cannot be a "prevailing party," and that the government defendant is the prevailing party if the court dismisses "any claim or cause of action brought by the party seeking the declaratory or injunctive relief . . . , regardless of the reason for the dismissal." *Id*. §§ (b), (e). It authorizes the government defendant to pursue a civil claim for these fees, *id*. § (c), and it purports to allow such claims even if "[t]he court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion." *Id*. §(d)(3).

Section 1021.11 is unconstitutional for several reasons. Governor Newsom and Attorney General Bonta have repeatedly asserted that the Texas law on which SB 1327 was modeled (Texas's Senate Bill 8), is unconstitutional. When our firm recently filed an action to enjoin the State from enforcing § 1021.11, the Attorney General refused to defend the law. On December 19, 2022, United States District Judge Roger T. Benitez enjoined the State of California from implementing or enforcing the law as follows:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant
> Governor Gavin Newsom, and their officers, agents, servants,
> employees, and attorneys, and those persons in active concert or
> participation with them, and those who gain knowledge of this
> injunction order or know of the existence of this injunction order,
> are enjoined from implementing or enforcing California Code of
> Civil Procedure § 1021.11, as enacted by S.B. 1327.

Opinion and Order Enjoining Enforcement of California Code Of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order).

We recognize that your office may take the position that the *Miller II* injunction does not *directly* apply to prevent your office from seeking to enforce § 1021.11 in situations where the statute might apply. Nevertheless, for the reasons set forth in the *Miller II* opinion, we submit there can be no reasonable argument that your office could constitutionally enforce § 1021.11. We therefore request that your office stipulate that it will not seek to enforce § 1021.11 based on the outcome of the forthcoming case against the plaintiffs, plaintiffs' counsel of record, any other counsel who appears in this case at any time or in any court, the various counsels' respective

BENBROOK LAW GROUP, PC

Dawyn R. Harrison
January 20, 2023
Page 3

firms, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

Please inform me whether the County of Los Angeles or Los Angeles County Sheriff's Office (or any of their officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) ("Prospective Defendants") intend to bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon these prospective claims.

Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of § 1021.11 on behalf of the Prospective Defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that the Prospective Defendants intend to seek remedies under § 1021.11.

Please be advised that if we do not receive from your office, or counsel for the Prospective Defendants by no later than **5:00 p.m. on Friday, January 27, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce § 1021.11 against any person with respect to this anticipated case, we will be forced to conclude that Prospective Defendants will not agree to a stipulation of waiver and non-enforcement of § 1021.11 and that the Prospective Defendants do intend to enforce § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Sincerely,

Bradley A. Benbrook

# EXHIBIT 7



# COUNTY OF LOS ANGELES

## OFFICE OF THE COUNTY COUNSEL

648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

TELEPHONE
(213) 972-5780
FACSIMILE
(213) 626-5578
TDD
(213) 633-0901

DAWYN R. HARRISON
Acting County Counsel

January 27, 2023

VIA E-MAIL AND U.S. MAIL

Bradley A. Benbrook
Benbrook Law Group
701 University Avenue, Suite 106
Sacramento, California 95825
brad@benbrooklawgroup.com

> Re:    **January 20, 2023 Letter Regarding California Code of Civil
> Procedure Section 1021.11**

Dear Mr. Benbrook:

This is in response to your letter dated January 20, 2023 regarding California Code of Civil Procedure ("CCP") section 1021.11, in which you request this office "unequivocally stipulate to waiver and non-enforcement of section 1021.11" on behalf of "prospective" County defendants. You request this waiver "in a case to be filed challenging various laws, policies, practices, and customs of the County of Los Angeles regarding the regulation of firearms that individually and collectively violate the Second and Fourteenth Amendment rights of" certain unidentified plaintiffs.

While we understand your position regarding the legality of CCP section 1021.11, it would be inappropriate for this office to stipulate as you request outside of an actual litigation. Should a complaint be filed, we would be willing to discuss entering into a case-specific stipulation with respect to CCP section 1021.11 (if applicable), which we understand has been done in other cases involving the State of California. In addition, we would consider entering a stipulation in a prospective case for which you provide specific information regarding claims and parties.

HOA.103996059.2

Bradley A. Benbrook
January 27, 2023
Page 2


       Accordingly, please present a draft stipulation that is clearly and specifically connected with a particular lawsuit you filed or plan to file for our review and consideration.

                    Very truly yours,

                    DAWYN R. HARRISON
                    Acting County Counsel


By

                    LANA CHOI
                    Senior Deputy County Counsel
                    Justice and Safety Division


LC:ga

# EXHIBIT 8

# BENBROOK LAW GROUP

Professional Corporation

701 UNIVERSITY AVENUE, SUITE 106
SACRAMENTO, CALIFORNIA 95825

www.benbrooklawgroup.com

TELEPHONE: (916) 447-4900
FACSIMILE: (916) 447-4904

BRADLEY A. BENBROOK                                                    brad@benbrooklawgroup.com

January 27, 2023

**<u>Via email</u>**
Joseph W. Cotchett
    jcotchett@cpmlegal.com
Tamarah P. Prevost
    tprevost@cpmlegal.com
Andrew F. Kirtley
    akirtley@cpmlegal.com
Melissa Montenegro
    mmontenegro@cpmlegal.com
Cotchett, Pitre & Mccarthy, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA  94010

      Re:    California Code of Civil Procedure § 1021.11

Dear Counsel:

      I am writing to you on behalf of Firearms Policy Coalition, among other intended plaintiffs, and their counsel in a case to be filed challenging various laws of the City of San Jose regarding the regulation of firearms that violate the Second and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in San Jose.  As you may recall, my firm previously served as counsel of record for the Plaintiffs in *Glass v. City of San Jose*, N.D. Cal. Case No 5:22-cv-02533-BL, which challenged City ordinances requiring firearm owners to pay an annual fee to a City-designated non-profit organization and obtain firearm-related insurance.  Plaintiffs dismissed that lawsuit on August 24, 2022, because of the threat posed by California Code of Civil Procedure Section 1021.11's one-sided fee-shifting provisions.  We are now prepared to re-file litigation seeking declaratory and injunctive relief as to at least these same regulations.

      To that end, we write you in hopes that we can eliminate the need to also litigate and seek relief regarding any potential enforcement of § 1021.11, in connection with the litigation. Governor Newsom signed Senate Bill No. 1327 ("SB 1327") into law in July 2022. Among its changes was the addition of § 1021.11, which became effective on January 1, 2023, and provides:

Benbrook Law Group, pc

January 27, 2023
Page 2

> Notwithstanding any other law, any person, including an entity,
> attorney, or law firm, who seeks declaratory or injunctive relief to
> prevent this state, a political subdivision, a governmental entity or
> public official in this state, or a person in this state from enforcing
> any statute, ordinance, rule, regulation, or any other type of law
> that regulates or restricts firearms, or that represents any litigant
> seeking that relief, is jointly and severally liable to pay the
> attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

Section 1021.11 goes on to provide that a plaintiff in such a case cannot be a "prevailing party," and that the government defendant is the prevailing party if the court dismisses "any claim or cause of action brought by the party seeking the declaratory or injunctive relief . . . , regardless of the reason for the dismissal." *Id*. §§ (b), (e).  It authorizes the government defendant to pursue a civil claim for these fees, *id*. § (c), and it purports to allow such claims even if "[t]he court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion." *Id*. §(d)(3).

Section 1021.11 is unconstitutional for several reasons. Governor Newsom and Attorney General Bonta have repeatedly asserted that the Texas law on which SB 1327 was modeled (Texas's Senate Bill 8), is unconstitutional.  When our firm recently filed an action to enjoin the State from enforcing § 1021.11, the Attorney General refused to defend the law.  On December 19, 2022, United States District Judge Roger T. Benitez enjoined the State of California from implementing or enforcing the law as follows:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant
> Governor Gavin Newsom, and their officers, agents, servants,
> employees, and attorneys, and those persons in active concert or
> participation with them, and those who gain knowledge of this
> injunction order or know of the existence of this injunction order,
> are enjoined from implementing or enforcing California Code of
> Civil Procedure § 1021.11, as enacted by S.B. 1327.

Opinion and Order Enjoining Enforcement of California Code Of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order).

We recognize that the City may take the position that the *Miller II* injunction does not *directly* apply to prevent the City from seeking to enforce § 1021.11 in situations where the statute might apply.  Nevertheless, for the reasons set forth in the *Miller II* opinion, we submit

BENBROOK LAW GROUP, PC

January 27, 2023
Page 3

there can be no reasonable argument that the City could constitutionally enforce § 1021.11. We therefore request that the City stipulate that it will not seek to enforce § 1021.11 based on the outcome of the forthcoming case against the plaintiffs, plaintiffs' counsel of record, any other counsel who appears in this case at any time or in any court, the various counsels' respective firms, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

Please confirm whether the City of San Jose will stipulate that it will not bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon these prospective claims.  Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of § 1021.11 on behalf of the City and its officers, agents and employees (the "Prospective Defendants"), such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that the Prospective Defendants intend to seek remedies under § 1021.11.

Please be further advised that if we do not receive from your office, or other counsel for the City by no later than **12:00 p.m. on Thursday, February 2, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce § 1021.11 against any person with respect to this anticipated case, we will be forced to conclude that the Prospective Defendants do intend to enforce § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Sincerely,

Bradley A. Benbrook

# EXHIBIT 9

LAW OFFICES
**COTCHETT, PITRE & McCARTHY, LLP**
SAN FRANCISCO AIRPORT OFFICE CENTER
840 MALCOLM ROAD
BURLINGAME, CALIFORNIA 94010
TELEPHONE (650) 697-6000
FAX (650) 697-0577
cpmlegal.com

LOS ANGELES
SEATTLE
NEW YORK

February 2, 2023

**Sent Via E-mail to:**

Bradley A. Benbrook
Benbrook Law Group
701 University Avenue, Suite 106
Sacramento, CA 95825
*brad@benbrooklawgroup.com*

**Re:    California Code of Civil Procedure § 1021.11**

Mr. Benbrook:

We are in receipt of your letter dated January 27, 2023. It is unclear from your letter what City of San Jose ("City") ordinance or law specifically you intend to file litigation against, and on behalf of which plaintiffs. *See, e.g.*, January 27 Letter at 1 (noting the letter is sent on behalf of your client and "other intended plaintiffs," and anticipating "a case to be filed challenging various laws of the City of San Jose"). Your language makes it impossible to know what specific City laws you intend to file a lawsuit over, and on behalf of whom, which makes it difficult to evaluate your request. Moreover, my firm represents the City in defense of the 2022 Gun Harm Reduction Ordinance (the "Ordinance"), and not for all purposes or with respect to all possible claims, making it further inappropriate to respond.

To the extent some portion of your letter relates to the Ordinance, your clients voluntarily dismissed their lawsuit in the Northern District of California challenging the Ordinance and have not re-filed a new one. Because the other two lawsuits challenging the Ordinance are still pending in federal court, it would not be appropriate for the City to comment on that pending litigation, for this additional reason.

Nor would it be appropriate for the City to comment on state legislation, whether under Cal. Code Civ. Proc. § 1021.11 or any other state law, that your firm on your client's behalf is currently seeking to invalidate in the Southern District of California. Indeed, in August 2022, just before filing that suit, your firm sent me a similar demand and request. Before the City even had the chance to respond, your client dismissed its claims in the Northern District case, then used that non-response to bolster your client's standing to challenge § 1021.11 in the Southern District. Based on this history, we are concerned that your most recent letter is not intended as a

LAW OFFICES
COTCHETT, PITRE & McCARTHY, LLP

February 2, 2023
Page 2

good faith offer to resolve (unspecified) future claims against the City, but rather to give your client some advantage in its ongoing lawsuit challenging the constitutionality of § 1021.11.

Accordingly, we respectfully decline to comment on what positions the City might take, or what remedies it might seek, in hypothetical future litigation against the City.

Best,

TAMARAH P. PREVOST

cc:     Joseph W. Cotchett
        Andrew F. Kirtley

# EXHIBIT 10

# BENBROOK LAW GROUP

Professional Corporation
701 UNIVERSITY AVENUE, SUITE 106
SACRAMENTO, CALIFORNIA 95825

www.benbrooklawgroup.com

TELEPHONE: (916) 447-4900
FACSIMILE: (916) 447-4904

BRADLEY A. BENBROOK                                             brad@benbrooklawgroup.com

February 24, 2023

**Via email**
James R. Williams
County Counsel, County of Santa Clara
70 West Hedding Street
East Wing, 9th Floor
San Jose, CA 95110
county.counsel@cco.sccgov.org

   Re: California Code of Civil Procedure § 1021.11

Dear Counsel:

   I am writing to you on behalf of Firearms Policy Coalition, among other intended plaintiffs, and their counsel in a case to be filed challenging the Santa Clara County Sheriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms, which violates the Second Amendment and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in Santa Clara County. We intend to seek declaratory and injunctive relief as to the enforcement of at least those laws, policies, customs, and practices.

   However, we write to you in hopes that we can eliminate the need to <u>also</u> litigate and seek relief regarding your enforcement of California Code of Civil Procedure Section 1021.11 ("§ 1021.11"), in connection with the litigation. Governor Newsom signed Senate Bill No. 1327 ("SB 1327") into law in July 2022. Among its changes was the addition of § 1021.11, which became effective on January 1, 2023, and provides:

> Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

Benbrook Law Group, pc

James R. Williams
February 24, 2023
Page 2

Section 1021.11 goes on to provide that a plaintiff in such a case cannot be a "prevailing party," and that the government defendant is the prevailing party if the court dismisses "any claim or cause of action brought by the party seeking the declaratory or injunctive relief . . . , regardless of the reason for the dismissal." *Id*. §§ (b), (e).  It authorizes the government defendant to pursue a civil claim for these fees, *id*. § (c), and it purports to allow such claims even if "[t]he court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion." *Id*. §(d)(3).

Section 1021.11 is unconstitutional for several reasons. In fact, Governor Newsom and Attorney General Bonta have repeatedly asserted that the Texas law on which SB 1327 was modeled (Texas's Senate Bill 8), is unconstitutional.  And when our firm recently filed an action to enjoin the State from enforcing § 1021.11, the Attorney General refused to defend the law. On December 19, 2022, United States District Judge Roger T. Benitez enjoined the State of California from implementing or enforcing the law as follows:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order or know of the existence of this injunction order, are enjoined from implementing or enforcing California Code of Civil Procedure § 1021.11, as enacted by S.B. 1327.

Opinion and Order Enjoining Enforcement of California Code of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order).

We recognize that your office may take the position that the *Miller II* injunction does not *directly* apply to prevent your office from seeking to enforce § 1021.11 in situations where the statute might apply.  Nevertheless, for the reasons set forth in the *Miller II* opinion, we submit there can be no reasonable argument that your office could constitutionally enforce § 1021.11. We therefore request that your office stipulate that it will not seek to enforce § 1021.11, based on the outcome of the forthcoming case, against the plaintiffs, plaintiffs' counsel of record, any other counsel who appears in this case at any time or in any court, the various counsels' respective firms, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

Please inform me whether the County of Santa Clara or the Santa Clara County Sheriff's Office (or any of their officers, agents, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) ("Prospective Defendants") will

BENBROOK LAW GROUP, PC

James R. Williams
February 24, 2023
Page 3

stipulate to refrain from bringing a civil action, motion, application, or any other proceeding to recover attorney's fees and/or costs under § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon the prospective claims described above.

Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of § 1021.11 on behalf of the Prospective Defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that the Prospective Defendants intend to seek remedies under § 1021.11.

Please be advised that if we do not receive from your office, or counsel for the Prospective Defendants by no later than **12:00 p.m. on Wednesday, March 1, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce § 1021.11 against any person with respect to this anticipated case, we will be forced to conclude that Prospective Defendants will not agree to a stipulation of waiver and non-enforcement of § 1021.11 and that the Prospective Defendants do intend to enforce § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Sincerely,

Bradley A. Benbrook