1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                       SOUTHERN DISTRICT OF CALIFORNIA

10

11  FIREARMS POLICY COALITION,                Case No.:  23cv400-LL-DDL
    INC.; CALIFORNIA GUN RIGHTS
12  FOUNDATION; SAN DIEGO COUNTY              **ORDER TO SHOW CAUSE**
    GUN OWNERS PAC,
13

14                              Plaintiffs,

15  v.

16  CITY OF SAN DIEGO; COUNTY OF
    IMPERIAL; COUNTY OF ALAMEDA;
17  COUNTY OF VENTURA; COUNTY OF
    LOS ANGELES; CITY OF SAN JOSE;
18  and COUNTY OF SANTA CLARA,

19                              Defendants.

20

21

22        Upon review of Plaintiffs' Complaint, the Court is not satisfied that it has jurisdiction

23  over Plaintiffs' claims or that venue is proper in this district. Accordingly, for the reasons

24  set forth below, the Court orders Plaintiffs to show cause why this case should not be

25  dismissed.

26        Article III of the Constitution confers on federal courts the power to adjudicate only

27  cases or controversies. U.S. Const., art. III, § 2. "'One element of the case-or-controversy

28  requirement' is that plaintiffs 'must establish that they have standing to sue.'" *Clapper v.*

1

1   *Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (quoting *Raines v. Byrd*, 521 U.S. 811, 818

2   (1997)); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("[T]he core

3   component of standing is an essential and unchanging part of the case-or-controversy

4   requirement of Article III."). The plaintiff "bears the burden of showing that he has

5   standing for each type of relief sought." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493

6   (2009). When, as is the case here, Plaintiffs seek injunctive relief, Plaintiffs must show that

7   the risk of harm is sufficiently imminent and substantial. *See TransUnion LLC v. Ramirez*,

8   141 S. Ct. 2190, 2210 (2021) (citing *Clapper*, 568 U.S. at 414 n.5).

9   Here, Plaintiffs "seek an injunction against [Section 1021.11's] application or

10   enforcement by several local jurisdictions." ECF No. 1 ¶ 1, Complaint. Plaintiffs state that

11   "[b]ut for Section 1021.11's fee-shifting provisions," Plaintiffs would have "engage[d] in

12   litigation they have refrained from bringing against Defendants due to the law's threat of

13   ruinous fee liability." *Id.* at ¶ 59. Plaintiffs, however, have not shown there is an imminent

14   and substantial risk of harm in light of "this Court enjoin[ing] the State from enforcing

15   Section 1021.11." *See id.* at ¶ 4; *see also Miller et al v. Bonta et al* (*"Miller II"*), 22-cv-

16   1446-BEN-MDD. Further, it is unclear whether Plaintiffs have a ripe claim when the State

17   is currently enjoined from enforcing California Code of Civil Procedure § 1021.11, and

18   when none of the Defendants here have affirmatively stated that they would seek to utilize

19   Section 1021.11 in connection with any pending or threatened lawsuits. *See* Complaint ¶¶

20   46–59; *see also Texas v. U.S.*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for

21   adjudication if it rests upon contingent future events that may not occur as anticipated, or

22   indeed may not occur at all."); *Scott v. Pasadena Unified School Dist.*, 306 F.3d 646, 654

23   (9th Cir. 2002).

24   In addition, improper venue may be raised by the Court sua sponte where a

25   responsive pleading has not yet been filed and the time for doing so has not run. *Costlow*

26   *v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Here, Plaintiffs allege no information in the

27   Complaint that would allow the Court to determine whether Plaintiffs have satisfied the

28   venue requirements pursuant to 28 U.S.C. § 1391. Specifically, Defendants County of

23cv400-LL-DDL

Alameda, County of Ventura, County of Los Angeles, City of San Jose, and County of Santa Clara do not appear to have any obvious connection to this district, and it is unclear how this district is a proper venue for a single civil action against these defendants. Based on Plaintiffs' allegations, it does not appear a substantial part of the events or omissions giving rise to Plaintiffs' claims regarding Defendants County of Alameda, County of Ventura, County of Los Angeles, City of San Jose, and County of Santa Clara occurred in this district. Complaint ¶¶ 49–55. Nor is it apparent how Plaintiffs' claims against each defendant are sufficiently related to each other such that they should be litigated in the same lawsuit (as opposed to individual lawsuits against each defendant).

Accordingly, Plaintiffs are hereby **ORDERED TO SHOW CAUSE** in writing, not to exceed fifteen pages, on or before **March 28, 2023**, as to: (1) why they have Article III standing; (2) why their claims are ripe for resolution; (3) why venue is proper in this district; and (4) why their claims against each defendant are properly joined into a single action. Failure to timely respond to this Order may result in dismissal. Defendants are also permitted, but not required, to respond to Plaintiffs' response to this Order in writing, not to exceed fifteen pages, on or before **April 11, 2023**. Plaintiffs may also file a reply to any of the Defendants' responses in writing, not to exceed eight pages, on or before **April 18, 2023**.

The Court will take the matters under submission and no personal appearances will be required until otherwise ordered.

**IT IS SO ORDERED.**

Dated:  March 14, 2023

_____
Honorable Linda Lopez
United States District Judge

3