1  BENBROOK LAW GROUP, PC
   BRADLEY A. BENBROOK (SBN 177786)
2  STEPHEN M. DUVERNAY (SBN 250957)
   701 University Avenue, Suite 106
3  Sacramento, CA  95825
   Telephone: (916) 447-4900
4  brad@benbrooklawgroup.com

5  Attorneys for Plaintiffs

6

7

8

9              **UNITED STATES DISTRICT COURT**

10            **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  FIREARMS POLICY COALITION,       Case No.:  3:23-cv-00400-LL-DDL
    INC.; CALIFORNIA GUN RIGHTS
    FOUNDATION; SAN DIEGO
13  COUNTY GUN OWNERS PAC,           **DECLARATION OF BRANDON
                                     COMBS IN SUPPORT OF
14                Plaintiffs,        PLAINTIFFS' MOTION FOR
                                     PRELIMINARY INJUNCTION OR,
15        v.                         ALTERNATIVELY, FOR
                                     SUMMARY JUDGMENT**
16  CITY OF SAN DIEGO; COUNTY OF
    IMPERIAL; COUNTY OF ALAMEDA;     Date: May 2, 2023
17  COUNTY OF VENTURA; COUNTY        Courtroom 5D (5th Floor)
    OF LOS ANGELES; CITY OF SAN      Hon. Linda Lopez
18  JOSE; and COUNTY OF SANTA
    CLARA,
19
                  Defendants.
20

21

22

23

24

25

26

27

28

1    I, Brandon Combs, declare:

2         1.      I am the president of Firearms Policy Coalition, Inc. ("FPC"), a non-

3    profit organization incorporated under the laws of Delaware with a primary place of

4    business in Clark County, Nevada. In my role as president, I am familiar with FPC's

5    purposes as an organization, FPC's membership, and FPC's organizational responses

6    to California Code of Civil Procedure § 1021.11 ("Section 1021.11").

7         2.      The purposes of FPC include defending and promoting the People's

8    rights, especially the fundamental, individual Second Amendment right to keep and

9    bear arms, advancing individual liberty, and restoring freedom.

10        3.      FPC serves its members and the public through legislative advocacy,

11   grassroots advocacy, litigation and legal efforts, research, education, outreach, and

12   other programs.

13        4.      FPC's members reside both within and outside the State of California,

14   including in all cities and counties that are parties to this action. FPC represents its

15   members and supporters—who include gun owners, prospective gun owners, licensed

16   California firearm retailers, and others—and brings this action on behalf of itself and

17   its members. FPC's members and supporters have been adversely and directly harmed

18   by Defendants' threat of enforcement of the laws, regulations, policies, practices, and

19   customs challenged in this case.

20        5.      One of the primary methods FPC pursues its mission and objectives is

21   through public interest litigation aimed at restoring and protecting individual rights,

22   including the rights of firearm owners and those who support the right to keep and

23   bear arms. FPC has financially supported or been a plaintiff in dozens of cases in state

24   and federal courts around the nation and regularly participates as amicus curiae in

25   cases in state and federal appellate courts, including the United States Courts of

26   Appeals and at the Supreme Court of the United States. FPC's litigation program is

27   particularly important in California given the hostile political and regulatory climate

28

COMBS DECL. ISO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION OR SUMMARY JUDGMENT
-1-

1  for gun owners and the State's disdain for individuals' constitutionally protected

2  rights, including but not limited to the pre-existing right to keep and bear arms.

3      6.      FPC has financially supported or participated in a significant number of

4  constitutional rights cases in California's state and federal courts, including but not

5  limited to *Firearms Pol'y Coalition Second Amend. Defense Comm. v. Harris*, 192

6  F.Supp.3d 1120 (E.D. Cal. 2016); *Publius v. Boyer-Vine*, 237 F.Supp.3d 997 (E.D.

7  Cal. 2017); *Jones v. Bonta*, 34 F.4th 704 (9th Cir. 2022); and *McDougall v. Cnty. of*

8  *Ventura*, 23 F.4th 1095 (9th Cir. 2022); and *Miller v. Bonta*, S.D. Cal. Case No. 3:19-

9  cv-1537-BEN-JLB ("*Miller I*"). FPC is also a Plaintiff in *Miller v. Bonta* ("*Miller II*"),

10  where this Court enjoined the State from enforcing Section 1021.11. No. 3:22-cv-

11  1446-BEN-MDD, --- F.Supp.3d ----, 2022 WL 17811114 (S.D. Cal. Dec. 19, 2022).

12      7.      The risk of fee liability imposed by Section 1021.11 has caused FPC to

13  refrain from filing suits or litigating constitutional claims that it is otherwise prepared

14  to file and litigate, including litigation against Defendants as set forth below. Because

15  the Defendant local jurisdictions were not defendants in *Miller II*, FPC and California

16  Gun Rights Foundation ("CGF") requested that Defendants stipulate to non-

17  enforcement of the provisions of Section 1021.11 in light of *Miller II*; as explained in

18  the declarations of FPC and CGF's counsel (Bradley A. Benbrook and Raymond M.

19  DiGuiseppe). Defendants have refused to do so. These challenges include:

20      8.      *City of San Diego*. FPC is a plaintiff in *Fahr v. City of San Diego*, S.D.

21  Cal. Case No. 3:21-cv-01676-BAS-BGS, which challenges a City ordinance banning

22  the self-manufacture of firearms and precursor parts.

23      9.      *County of Imperial*. FPC intends to file a lawsuit challenging the

24  constitutionality of a county ordinance prohibiting the possession of firearms in any

25  recreational park within the county's jurisdiction (Imperial County Code of

26  Ordinances § 11.08.020). FPC's members are affected by this ordinance, which is

27  inconsistent with the "Nation's historical tradition of firearm regulation." *New York*

28  *State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111, 2126 (2022). CGF has

1    previously challenged a similar restriction on behalf of its members. *Calguns Found.,*

2    *Inc. v. Cnty. of San Mateo*, 218 Cal. App. 4th 661 (2013). Both CGF and FPC are

3    prepared to challenge Imperial County's ordinance in light of *Bruen*.

4         10.    *County of Alameda*. FPC intends to file a lawsuit challenging the

5    constitutionality of the Alameda County Sherriff's Office's application and

6    enforcement of the County's licensing regime for carrying concealed firearms. FPC's

7    members are affected by the County's licensing practices. FPC has identified multiple

8    members who would be plaintiffs in a lawsuit against Alameda County over the denial

9    of their applications to carry a concealed weapon and incurred attorney's fees for the

10   preparation of a lawsuit that they would have already filed but for the County's refusal

11   to not enforce the fee-shifting statute.

12        11.    *County of Ventura*. FPC intends to file a lawsuit challenging the

13   constitutionality of the Ventura County Sherriff's Office's application and

14   enforcement of the County's licensing regime for carrying concealed firearms. FPC's

15   members are affected by the County's licensing practices. FPC has identified multiple

16   members who would be plaintiffs in a lawsuit against Ventura County over the denial

17   of their applications to carry a concealed weapon and incurred attorney's fees for the

18   preparation of a lawsuit. FPC is prepared to challenge the County's practices in light

19   of *Bruen*.

20        12.    *County of Los Angeles*. FPC intends to file lawsuits challenging the

21   constitutionality of (1) the Los Angeles County Sherriff's Office's application and

22   enforcement of the County's licensing regime for carrying concealed firearms; and

23   (2) a provision of the county code prohibiting the possession of firearms in any public

24   park within the county's jurisdiction (Los Angeles County Code of Ordinances

25   § 17.04.620). FPC's members are affected by the County's licensing practices and the

26   ordinance prohibiting firearm possession in public parks. FPC has identified several

27   potential plaintiffs who have been adversely impacted by the counties' licensing

28   practices. And, as noted above, CGF has previously litigated a similar public-park

1    possession restriction. FPC is prepared to file a challenge to both of these matters in

2    light of *Bruen*.

3        13.    *City of San Jose*. FPC and CGF intend to file a lawsuit challenging the

4    constitutionality of city ordinances requiring firearm owners to pay an annual fee to a

5    City-designated non-profit organization and obtain firearm-related insurance. FPC

6    had previously sued to invalidate those same regulations, but dismissed the lawsuit in

7    August 2022 because of the threat posed by Section 1021.11. *Glass v. City of San

8    Jose*, N.D. Cal. Case No 5:22-cv-02533-BL. FPC is prepared to re-file this challenge

9    against San Jose once the city is enjoined from attempting to enforce Section 1021.11.

10       14.    *Santa Clara County*. FPC and CGF intend to file a lawsuit challenging

11   the constitutionality of the Santa Clara County Sherriff's Office's application and

12   enforcement of the County's licensing regime for carrying concealed firearms. FPC's

13   and CGF's members are affected by the County's licensing practices. FPC has

14   identified several potential plaintiffs who have been adversely impacted by the

15   counties' licensing practices, and it is prepared to challenge the County's practices in

16   light of *Bruen*.

17       15.    In order for FPC to engage counsel to conduct programs to achieve their

18   goals, for any case seeking declaratory and/or injunctive relief against Defendants,

19   FPC would have to take on additional liability on behalf of its counsel and counsels'

20   law firms, as well as other parties if Section 1021.11 is not enjoined. Section 1021.11's

21   deterrent effect has harmed FPC by interfering with its institutional missions as

22   described above. In addition, FPC has incurred costs in time and legal fees analyzing

23   how Section 1021.11 affects itself and its members, and its objectives and strategies

24   for achieving them.

25       16.    In short, FPC intends to bring the litigation outlined above against

26   Defendants, but it has refrained from doing so due to Section 1021.11's threat of

27   ruinous fee liability.

28

1    I declare under penalty of perjury under the laws of the United States of

2  America and State of California that the foregoing is true and correct to the best of my

3  knowledge.

DocuSigned by:

8EA44FCA7E91413...

BRANDON COMBS

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28