BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; SAN DIEGO COUNTY GUN OWNERS PAC,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNTY OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; and COUNTY OF SANTA CLARA,<br><br>Defendants. | Case No.: 3:23-cv-00400-LL-DDL<br><br>**DECLARATION OF GENE HOFFMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**<br><br>Date: May 2, 2023<br>Courtroom 5D (5th Floor)<br>Hon. Linda Lopez |

I, Gene Hoffman, declare:

1. I am the chairman of the California Gun Rights Foundation ("CGF"), a non-profit foundation incorporated under the laws of California with a place of business in Sacramento, California. In my role as chairman, I am familiar with CGF's purposes as an organization, CGF's membership, and CGF's organizational responses to California Code of Civil Procedure § 1021.11 ("Section 1021.11").

2. CGF serves its members, supporters, and the public through educational, cultural, and judicial efforts to defend and advance Second Amendment and related rights. CGF has tens of thousands of members and supporters in California, including in all cities and counties that are parties to this action. CGF brings this action on behalf of itself and its members. The laws, policies, practices, and customs challenged in this case, and Defendants' actions and failures alleged herein, have caused CGF to dedicate resources that would otherwise be available for other purposes to protect the rights and property of its members, supporters, and the general public, including by and through this action.

3. One of the primary methods CGF uses to pursue its mission and objectives is through public interest litigation aimed at restoring and protecting individual rights, including the rights of firearm owners and those who support the right to keep and bear arms. CGF has financially supported or been a plaintiff in numerous cases in California and participated as amicus curiae in cases in state and federal appellate courts, including the United States Courts of Appeals and at the Supreme Court of the United States. CGF's litigation program is particularly important given the hostile political and regulatory climate for gun owners in California and the State's disdain for individuals' constitutionally protected rights, including but not limited to the pre-existing right to keep and bear arms.

4. CGF has financially supported or participated in a significant number of constitutional rights cases in California's state and federal courts, including but not limited to *Silvester v. Harris*, 843 F.3d 816 (9th Cir. 2016); Pena v. Lindley, 898

1  F.3d 969 (9th Cir. 2018); *Rodriguez v. City of San Jose*, 930 F.3d 1123 (9th Cir. 2019);
2  *Sharp v. Becerra*, 393 F.Supp.3d 991 (E.D. Cal. 2019); *Van Nieuwenhuyzen v. Sniff*,
3  C.D. Cal. Case No. 5:18-cv-02225-DDP-SHK; and *Calguns Found., Inc. v. Cnty. of*
4  *San Mateo*, 218 Cal.App.4th 661 (2013).

5      5. The risk of fee liability imposed by Section 1021.11 has caused CGF to
6  refrain from filing suits or litigating constitutional claims that it is otherwise prepared
7  to file and litigate, including litigation against Defendants as set forth below. Because
8  the Defendant local jurisdictions were not defendants in *Miller*, Firearms Policy
9  Coalition ("FPC") and CGF requested that Defendants stipulate to non-enforcement
10 of the provisions of Section 1021.11 in light of *Miller*; as explained in the declarations
11 of FPC and CGF's counsel (Bradley A. Benbrook and Raymond M. DiGuiseppe).
12 Defendants have refused to do so. These challenges include:

13     6. *County of Imperial*. CGF intends to file a lawsuit challenging the
14 constitutionality of a county ordinance prohibiting the possession of firearms in any
15 recreational park within the county's jurisdiction (Imperial County Code of
16 Ordinances § 11.08.020). CGF's members are affected by this ordinance, which is
17 inconsistent with the "Nation's historical tradition of firearm regulation." *New York*
18 *State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111, 2126 (2022). CGF has
19 previously challenged a similar restriction on behalf of its members. *Calguns Found.,*
20 *Inc. v. Cnty. of San Mateo*, 218 Cal. App. 4th 661 (2013). CGF is prepared to challenge
21 Imperial County's ordinance in light of *Bruen*.

22     7. *County of Alameda*. CGF intends to file a lawsuit challenging the
23 constitutionality of the Alameda County Sherriff's Office's application and
24 enforcement of the County's licensing regime for carrying concealed firearms. CGF's
25 members are affected by the County's licensing practices. CGF has identified multiple
26 members who would be plaintiffs in a lawsuit against Alameda County over the denial
27 of their applications to carry a concealed weapon and incurred attorney's fees for the
28

HOFFMAN DECL. ISO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION OR SUMMARY JUDGMENT
-2-

preparation of a lawsuit that they would have already filed but for the County's refusal to not enforce the fee-shifting statute.

8. *County of Ventura*. CGF intends to file a lawsuit challenging the constitutionality of the Ventura County Sherriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms. CGF's members are affected by the County's licensing practices, and it has identified multiple members who would be plaintiffs in a lawsuit against Ventura County over the denial of their applications to carry a concealed weapon and incurred attorney's fees for the preparation of a lawsuit.

9. *County of Los Angeles*. CGF intends to file lawsuits challenging the constitutionality of (1) the Los Angeles County Sherriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms; and (2) a provision of the county code prohibiting the possession of firearms in any public park within the county's jurisdiction (Los Angeles County Code of Ordinances § 17.04.620). CGF's members are affected by the County's licensing practices and the ordinance prohibiting firearm possession in public parks. As noted above, CGF has previously litigated a similar public-park possession restriction. CGF is prepared to file a challenge to both of these matters in light of *Bruen*.

10. *City of San Jose*. CGF intends to file a lawsuit challenging the constitutionality of city ordinances requiring firearm owners to pay an annual fee to a City-designated non-profit organization and obtain firearm-related insurance. FPC had previously sued to invalidate those same regulations, but dismissed the lawsuit in August 2022 because of the threat posed by Section 1021.11. *Glass v. City of San Jose*, N.D. Cal. Case No 5:22-cv-02533-BL. CGF is prepared to join FPC in re-filing this challenge against San Jose once the city is enjoined from attempting to enforce Section 1021.11.

11. *Santa Clara County*. CGF intends to file a lawsuit challenging the constitutionality of the Santa Clara County Sherriff's Office's application and

1 enforcement of the County's licensing regime for carrying concealed firearms. CGF's
2 members are affected by the County's licensing practices, and CGF is prepared to
3 challenge these practices in light of *Bruen*.

4     12. In short, CGF intends to bring the litigation outlined above against
5 Defendants, but it has refrained from doing so due to Section 1021.11's threat of
6 ruinous fee liability.

7     I declare under penalty of perjury under the laws of the United States of
8 America and State of California that the foregoing is true and correct to the best of my
9 knowledge.

DocuSigned by:

*Gene Hoffman*

8CFC5D4DD3F745B...

GENE HOFFMAN