BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; SAN DIEGO COUNTY GUN OWNERS PAC,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNTY OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; and COUNTY OF SANTA CLARA,<br><br>Defendants. | Case No.: 3:23-cv-00400-LL-DDL<br><br>**DECLARATION OF RAYMOND M. DiGUISEPPE IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT**<br><br>Date: May 2, 2023<br>Courtroom 5D (5th Floor)<br>Hon. Linda Lopez |

I, Raymond M. DiGuiseppe, declare:

1. I am an attorney, licensed to practice law in the State of California. The following facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto.

2. I am also counsel of record for the plaintiffs (which include Firearms Policy Coalition, Inc. and San Diego County Gun Owners PAC) in *Fahr v. City of San Diego*, S.D. Cal. Case No. 3:21-cv-01676-BAS-BGS, which challenges a San Diego ordinance banning the self-manufacture of firearms and precursor parts.

3. On December 30, 2022, I sent a letter to the San Diego City Attorney asking that it stipulate not to enforce Section 1021.11 against the plaintiffs or their attorneys and law firms based on the outcome of the case in light of this Court's ruling in *Miller v. Bonta* enjoining the State from enforcing Code of Civil Procedure § 1021.11. No. 3:22-cv-1446-BEN-MDD, --- F.Supp.3d ----, 2022 WL 17811114 (S.D. Cal. Dec. 19, 2022). A true and correct copy of the letter is attached as <u>Exhibit 1</u> to the compendium of evidence.

4. On January 11, 2023, the City Attorney's office responded that "the City is not in a position to stipulate as requested," and that it did "not believe" that the Court decision in *Miller* "warrants an unequivocal waiver from the City."

5. As a result, my firm and I, along with the other lawyers and law firms that in the case, as well as the *Fahr* plaintiffs, are forced to continue litigating under the threat of Section 1021.11 fee liability. The uncertainty about potential enforcement has created a chilling effect on our ability to proceed with the case.

6. By the very nature of the case, any action we take to advance the litigation "seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing [a] statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms," and thus necessarily subjects all of us to joint and several liability for "the attorney's fees and costs" incurred by the City should the

court ultimately enter judgment in favor of the City or dismiss any of the claims or causes of action "regardless of the reason for the dismissal."

      I declare under penalty of perjury under the laws of the United States of America and State of California that the foregoing is true and correct to the best of my knowledge.

DocuSigned by:

Raymond DiGuiseppe
A40EE70D45BD471...

Raymond M. DiGuiseppe