BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; SAN DIEGO COUNTY GUN OWNERS PAC,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNTY OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; and COUNTY OF SANTA CLARA,<br><br>Defendants. | Case No.: 3:23-cv-00400-LL-DDL<br><br>**DECLARATION OF BRADLEY A. BENBROOK IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**<br><br>Date: May 2, 2023<br>Courtroom 5D (5th Floor)<br>Hon. Linda Lopez |

I, Bradley A. Benbrook, declare:

1. I am an attorney, licensed to practice law in the State of California, and an attorney with the law firm of Benbrook Law Group, PC, counsel of record for Plaintiffs in this matter. The following facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto.

2. I am also counsel of record for the Plaintiffs in *Miller v. Bonta*, where this Court enjoined the State from enforcing Code of Civil Procedure § 1021.11 ("Section 1021.11"). No. 3:22-cv-1446-BEN-MDD, --- F.Supp.3d ----, 2022 WL 17811114 (S.D. Cal. Dec. 19, 2022).

3. As set out below, my office contacted Defendants, on behalf of Plaintiffs Firearms Policy Coalition, Inc. ("FPC") and California Gun Rights Foundation ("CGF"), to request that they stipulate to non-enforcement of the provisions of Section 1021.11 in light of the *Miller* decision and Plaintiffs' intention to pursue specific anticipated litigation. Defendants did not agree to stipulate to non-enforcement.

4. On January 20, 2023, my office sent a letter to the Office of the County Counsel for the County of Imperial asking that it stipulate not to enforce Section 1021.11 against the intended plaintiffs or their attorneys and law firms in a case challenging the constitutionality of a county ordinance prohibiting the possession of firearms in any recreational park within the county's jurisdiction. A true and correct copy of the letter is attached as Exhibit 2 to the compendium of evidence. As of the date of this declaration, Imperial County has not responded to the letter.

5. On January 20, 2023, my office sent a letter to the Office of the County Counsel for the County of Ventura asking that it stipulate not to enforce Section 1021.11 against the intended plaintiffs or their attorneys and law firms in a case challenging the constitutionality of the Ventura County Sherriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms. A true and correct copy of the letter is attached as Exhibit 5 to the compendium of

1 evidence. As of the date of this declaration, Ventura County has not responded to the letter.

6. On January 20, 2023, my office sent a letter to the Office of the County Counsel for the County of Los Angeles asking that it stipulate not to enforce Section 1021.11 against the intended plaintiffs or their attorneys and law firms in a case challenging the constitutionality of (1) the Los Angeles County Sherriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms; and (2) a provision of the county code prohibiting the possession of firearms in any public park within the county's jurisdiction. A true and correct copy of the letter is attached as Exhibit 6 to the compendium of evidence. On January 27, 2023, County Counsel responded by letter that it would not agree to non-enforcement. A true and correct copy of the County's response is attached as Exhibit 7 to the compendium of evidence.

7. On January 27, 2023, my office sent a letter to counsel for the City of San Jose asking that the city stipulate not to enforce Section 1021.11 against the intended plaintiffs or their attorneys and law firms in a case challenging the constitutionality of city ordinances requiring firearm owners to pay an annual fee to a City-designated non-profit organization and obtain firearm-related insurance. A true and correct copy of the letter is attached as Exhibit 8 to the compendium of evidence. FPC had previously sued to invalidate those same regulations, but dismissed the lawsuit in August 2022 because of the threat posed by Section 1021.11. *Glass v. City of San Jose*, N.D. Cal. Case No 5:22-cv-02533-BL, in light of San Jose's refusal to stipulate to non-enforcement of the statute at the time. On February 2, counsel for San Jose responded by letter that it still would not agree to non-enforcement. A true and correct copy of the response is attached as Exhibit 9 to the compendium of evidence.

8. On February 24, 2023, my office sent a letter to the Office of the County Counsel for the County of Santa Clara asking that it stipulate not to enforce Section 1021.11 against the intended plaintiffs or their attorneys and law firms in a case

challenging the constitutionality of the Santa Clara County Sherriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms. A true and correct copy of the letter is attached as <u>Exhibit 10</u> to the compendium of evidence. As of the date of this declaration, Santa Clara County has not responded to the letter.

9. As of the date of this declaration, none of the Defendants have communicated to our office an agreement not to enforce Section 1021.11 against Plaintiffs.

I declare under penalty of perjury under the laws of the United States of America and State of California that the foregoing is true and correct to the best of my knowledge.

_____
Bradley A. Benbrook