BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; SAN DIEGO COUNTY GUN OWNERS PAC,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNTY OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; and COUNTY OF SANTA CLARA,<br><br>Defendants. | Case No.: 3:23-cv-00400-LL-DDL<br><br>**DECLARATION OF GEORGE M. LEE IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT**<br><br>Date: May 2, 2023<br>Courtroom 5D (5th Floor)<br>Hon. Linda Lopez |

I, George M. Lee, declare:

1. I am an attorney, licensed to practice law in the State of California. The following facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto.

2. Over the past several years, I have represented clients in several cases challenging firearms regulations and/or defendants' policies regarding the treatment of firearms in California's state and federal courts, including: *Wiese v. Becerra*, E.D. Cal. Case No. 2:17-cv-00903-WBS-KJN; *Linton v Becerra*, N.D. Cal. Case No. 3:18-cv-07653-JD; *Sharp v. Becerra*, E.D. Cal. Case No. 2:18-cv-02317-MCE-AC; *Altman v. Cnty. of Santa Clara, et al.*, N.D. Cal. Case No. 4:20-cv-02180-JST; *Holt v. Becerra*, Riverside Cnty. Super. Ct. Case No. RIC 1722468; *Van Nieuwenhuyzen v. Sniff*, E.D. Cal. Case No. 5:18-cv-02225-DDP-SHK; and *Miller v. Bonta*, S.D. Cal. Case No. 3:19-cv-01537-BEN-JLB ("*Miller I*"), a long-running Second Amendment challenge to California's ban on so-called "assault weapons" through the state's Assault Weapons Control Act.

3. On December 30, 2022, my office sent a letter to the Office of the County Counsel for the County of Alameda asking that it stipulate not to enforce Section 1021.11 against the intended plaintiffs or their attorneys and law firms in a case challenging the constitutionality of the Alameda County Sherriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms. A true and correct copy of the letter is attached as Exhibit 3 to the compendium of evidence. On January 3, 2023, County Counsel responded by letter that it would not agree to non-enforcement. A true and correct copy of the County's response is attached as Exhibit 4 to the compendium of evidence.

4. I have been retained by Firearms Policy Coalition ("FPC") and the California Gun Rights Foundation ("CGF") in connection with challenging Alameda County's policies, which are inconsistent with the "Nation's historical tradition of firearm regulation." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct.

2111, 2126 (2022). There are multiple individuals who are prepared to be plaintiffs based on the application of Alameda County's policies, and we have drafted a complaint that is ready for filing. We have deferred filing the lawsuit for several months now because of Code of Civil Procedure § 1021.11's fee-shifting threat.

  I declare under penalty of perjury under the laws of the United States of America and State of California that the foregoing is true and correct to the best of my knowledge.

_____
George M. Lee