1 | BENBROOK LAW GROUP, PC
2 | BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
3 | 701 University Avenue, Suite 106
Sacramento, CA  95825
4 | Telephone: (916) 447-4900
brad@benbrooklawgroup.com

5 | Attorneys for Plaintiffs

6

7

8

9 | **UNITED STATES DISTRICT COURT**

10 | **SOUTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; SAN DIEGO COUNTY GUN OWNERS PAC, | Case No.:  3:23-cv-00400-LL-DDL |
| Plaintiffs, | **COMPENDIUM OF EVIDENCE SUBMITTED SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNTY OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; and COUNTY OF SANTA CLARA, | Date: May 2, 2023
Courtroom 5D (5th Floor)
Hon. Linda Lopez |
| Defendants. | |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs submit this compendium of evidence in support of their Motion for Preliminary Injunction Or, Alternatively, Summary Judgment:

1.      Attached as <u>Exhibit 1</u> is a true and correct copy of a December 30, 2022 letter from Raymond M. DiGuiseppe to the San Diego City Attorney, authenticated by the DiGuiseppe declaration.

2.      Attached as <u>Exhibit 2</u> is a true and correct copy of a January 20, 2023 letter from Bradley A. Benbrook to the Office of the County Counsel for the County of Imperial, authenticated by the Benbrook declaration.

3.      Attached as <u>Exhibit 3</u> is a true and correct copy of a December 30, 2022 letter from George Lee to the Office of the County Counsel for the County of Alameda, authenticated by the Lee declaration.

4.      Attached as <u>Exhibit 4</u> is a true and correct copy of a January 3, 2023 letter from to the Office of the County Counsel for the County of Alameda to George Lee, authenticated by the Lee declaration.

5.      Attached as <u>Exhibit 5</u> is a true and correct copy of a January 20, 2023 letter from Bradley A. Benbrook to the Office of the County Counsel for the County of Ventura, authenticated by the Benbrook declaration.

6.      Attached as <u>Exhibit 6</u> is a true and correct copy of a January 20, 2023 letter from Bradley A. Benbrook to the Office of the County Counsel for the County of Los Angeles, authenticated by the Benbrook declaration.

7.      Attached as <u>Exhibit 7</u> is a true and correct copy of a January 27, 2023 letter from to the Office of the County Counsel for the County of Los Angeles to Bradley A. Benbrook, authenticated by the Benbrook declaration.

8.      Attached as <u>Exhibit 8</u> is a true and correct copy of a January 27, 2023 letter from Bradley A. Benbrook to counsel for the City of San Jose, authenticated by the Benbrook declaration.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

9.      Attached as <u>Exhibit 9</u> is a true and correct copy of a February 2, 2023 letter from Tamarah P. Prevost, counsel for the City of San Jose, authenticated by the Benrbook declaration.

10.     Attached as <u>Exhibit 10</u> is a true and correct copy of a February 24, 2023 letter from Bradley A. Benbrook to the Office of the County Counsel for the County of Santa Clara, authenticated by the Benbrook declaration.


Dated:  March 28, 2023                    BENBROOK LAW GROUP, PC


                                          By  s/ Bradley A. Benbrook
                                          BRADLEY A. BENBROOK
                                          Attorneys for Plaintiffs

# EXHIBIT 1

December 30, 2022

Via email to: mzollman@sandiego.gov

Matthew L. Zollman
Office of the San Diego City Attorney
City of San Diego, California
1200 Third Avenue Suite 1100
San Diego, CA 92101

Re:     URGENT – California Code of Civil Procedure Section 1021.11
        With respect to *Fahr v. City of San Diego, California*
        S.D. Cal. Case No. 3:21-cv-01676-BAS-BGS

Dear Counsel:

     I am writing to you on behalf of the plaintiffs, plaintiffs' counsel, including me, and the plaintiffs' counsels' respective firms in the above-referenced matter regarding California Code of Civil Procedure ("CCP") Section 1021.11 ("§ 1021.11"), which becomes effective on January 1, 2023.

     As you are likely aware, Governor Newsom signed Senate Bill No. 1327 (2021 – 2022 Reg. Sess.) ("SB 1327") into law on July 22, 2022. Among its changes was the addition of § 1021.11, which provides:

> (a) Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party.

> (b) For purposes of this section, a party is considered a prevailing party if a court does either of the following:

>> (1) Dismisses any claim or cause of action brought by the party seeking the declaratory or injunctive relief described by subdivision (a), regardless of the reason for the dismissal.

>> (2) Enters judgment in favor of the party opposing the declaratory or injunctive relief described by subdivision (a), on any claim or cause of action.

(c) Regardless of whether a prevailing party sought to recover attorney's fees or costs in the underlying action, a prevailing party under this section may bring a civil action to recover attorney's fees and costs against a person, including an entity, attorney, or law firm, that sought declaratory or injunctive relief described by subdivision (a) not later than the third anniversary of the date on which, as applicable:

(1) The dismissal or judgment described by subdivision (b) becomes final upon the conclusion of appellate review.

(2) The time for seeking appellate review expires.

(d) None of the following are a defense to an action brought under subdivision (c):

(1) A prevailing party under this section failed to seek recovery of attorney's fees or costs in the underlying action.

(2) The court in the underlying action declined to recognize or enforce the requirements of this section.

(3) The court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion.

(e) Any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief as described in subdivision (a), shall not be deemed a prevailing party under this section or any other provision of this chapter.

(SB 1327, Sec. 2.)

As you may know, on December 19, 2022, the Honorable United States District Judge Roger T. Benitez issued an Opinion And Order Enjoining Enforcement of California Code Of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order). In its Opinion and Order, the Court ordered that:

Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order or know of the existence of this injunction order,

are enjoined from implementing or enforcing California Code of Civil Procedure § 1021.11, as enacted by S.B. 1327.

Regardless of whether or not defendants read the Court's Order as applying to them, or read CCP § 1021.11as generally applying to parties in suits (and their counsel/firms) seeking declaratory or injunctive relief (as provided in subdivision (a) of CCP § 1021.11) filed before January 1, 2023, or any person, including an entity, attorney, or law firm that represents any litigant seeking that relief in such a case, we request that defendants stipulate that they will not seek to enforce CCP § 1021.11 based on the outcome of this case against plaintiffs' counsel of record (including myself), any other counsel who appears in this case at any time or in any court, the various counsels' respective firms, the plaintiffs (active or dismissed), and any other person representing any litigant seeking declaratory or injunctive relief in this matter.

Please inform me if any defendant in this case (or any of their officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) intends to bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under CCP § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff in this case) seeking declaratory or injunctive relief at any time.

Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of CCP § 1021.11 on behalf of all defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that one or more defendants intend to seek remedies under CCP § 1021.11.

If we do not receive from defendant or defendant's counsel by no later than **5 p.m. Pacific time on Tuesday, January 3, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce CCP § 1021.11 against any person with respect to this case, we will be forced to assume that defendants will not agree to a stipulation of waiver and non-enforcement of CCP § 1021.11 and that defendants do intend to enforce CCP § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Very truly yours,

*/s/ Raymond M. DiGuiseppe*
Raymond M. DiGuiseppe
The DiGuiseppe Law Firm, P.C.

# EXHIBIT 2

# BENBROOK LAW GROUP

Professional Corporation
701 UNIVERSITY AVENUE, SUITE 106
SACRAMENTO, CALIFORNIA 95825

www.benbrooklawgroup.com

TELEPHONE: (916) 447-4900
FACSIMILE: (916) 447-4904

BRADLEY A. BENBROOK                                                brad@benbrooklawgroup.com

January 20, 2023

**<u>Via email</u>**
Eric R. Havens
County Counsel
Office of County Counsel
940 W. Main St., Suite 205
El Centro, CA 92243
erichavens@co.imperial.ca.us
countycounsel@co.imperial.ca.us

Re:     California Code of Civil Procedure § 1021.11

Dear Counsel:

I am writing to you on behalf of Firearms Policy Coalition, among other intended plaintiffs, and their counsel in a case to be filed challenging various laws, policies, practices, and customs of Imperial County regarding the regulation of firearms that individually and collectively violate the Second and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in Imperial County. Among other things, the Imperial County generally prohibits the possession of firearms in any recreational public park within the county's jurisdiction (Imperial County Code of Ordinances § 11.08.020), which violates the Second Amendment. We intend to seek declaratory and injunctive relief as to the enforcement of at least this law and policy.

However, we write you in hopes that we can eliminate the need to also litigate and seek relief regarding your enforcement of California Code of Civil Procedure Section 1021.11 ("§ 1021.11"), in connection with the litigation. Governor Newsom signed Senate Bill No. 1327 ("SB 1327") into law in July 2022. Among its changes was the addition of § 1021.11, which became effective on January 1, 2023, and provides:

> Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant

BENBROOK LAW GROUP, PC

Eric R. Havens
January 20, 2023
Page 2

seeking that relief, is jointly and severally liable to pay the
attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

Section 1021.11 goes on to provide that a plaintiff in such a case cannot be a "prevailing
party," and that the government defendant is the prevailing party if the court dismisses "any
claim or cause of action brought by the party seeking the declaratory or injunctive relief . . . ,
regardless of the reason for the dismissal." *Id*. §§ (b), (e).  It authorizes the government
defendant to pursue a civil claim for these fees, *id*. § (c), and it purports to allow such claims
even if "[t]he court in the underlying action held that any provision of this section is invalid,
unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim
preclusion." *Id*. §(d)(3).

Section 1021.11 is unconstitutional for several reasons. Governor Newsom and Attorney
General Bonta have repeatedly asserted that the Texas law on which SB 1327 was modeled
(Texas's Senate Bill 8), is unconstitutional.  When our firm recently filed an action to enjoin the
State from enforcing § 1021.11, the Attorney General refused to defend the law.  On December
19, 2022, United States District Judge Roger T. Benitez enjoined the State of California from
implementing or enforcing the law as follows:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant
> Governor Gavin Newsom, and their officers, agents, servants,
> employees, and attorneys, and those persons in active concert or
> participation with them, and those who gain knowledge of this
> injunction order or know of the existence of this injunction order,
> are enjoined from implementing or enforcing California Code of
> Civil Procedure § 1021.11, as enacted by S.B. 1327.

Opinion and Order Enjoining Enforcement of California Code Of Civil Procedure
§ 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD
("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order).

We recognize that your office may take the position that the *Miller II* injunction does not
*directly* apply to prevent your office from seeking to enforce § 1021.11 in situations where the
statute might apply.  Nevertheless, for the reasons set forth in the *Miller II* opinion, we submit
there can be no reasonable argument that your office could constitutionally enforce § 1021.11.
We therefore request that your office stipulate that it will not seek to enforce § 1021.11 based on
the outcome of the forthcoming case against the plaintiffs, plaintiffs' counsel of record, any other
counsel who appears in this case at any time or in any court, the various counsels' respective
firms, and any other person representing any litigant seeking declaratory or injunctive relief in
the forthcoming matter.

BENBROOK LAW GROUP, PC

Eric R. Havens
January 20, 2023
Page 3

Please inform me whether Imperial County (or any of its officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) ("Prospective Defendants") intend to bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon these prospective claims.

Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of § 1021.11 on behalf of the Prospective Defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that the Prospective Defendants intend to seek remedies under § 1021.11.

Please be advised that if we do not receive from your office, or counsel for the Prospective Defendants by no later than **5:00 p.m. on Friday, January 27, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce § 1021.11 against any person with respect to this anticipated case, we will be forced to conclude that Prospective Defendants will not agree to a stipulation of waiver and non-enforcement of § 1021.11 and that the Prospective Defendants do intend to enforce § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Sincerely,

Bradley A. Benbrook

# EXHIBIT 3

# SEILER EPSTEIN LLP

### ATTORNEYS AT LAW

GML@SEILEREPSTEIN.COM

December 30, 2022

Via email: donna.ziegler@acgov.org, clay.christianson@acgov.org

Donna Ziegler, County Counsel
Clay J. Christianson, Deputy County Counsel
OFFICE OF THE COUNTY COUNSEL
County of Alameda, California
1221 Oak Street, Suite 450
Oakland, CA 94612

Re:     URGENT – California Code of Civil Procedure Section 1021.11

Dear Counsel:

   I am writing to you on behalf of the intended plaintiffs, plaintiffs' counsel, including me, and the plaintiffs' counsels' respective firms in a case to be filed challenging various laws, policies, practices, and customs of Alameda County Sheriff Gregory Ahern, the Alameda County Sheriff's Office, and the County of Alameda, regarding applications for and issuance of licenses to carry firearms that individually and collectively violate the Second and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in County of Alameda, California. We intend to seek declaratory and injunctive relief as to the enforcement of those laws, policies, customs, and practices. However, we write you in hopes that we can eliminate the need to also litigate and seek relief regarding your enforcement of California Code of Civil Procedure Section 1021.11 ("§ 1021.11"), which becomes effective on January 1, 2023.

   As you are likely aware, Governor Newsom signed Senate Bill No. 1327 (2021 – 2022 Reg. Sess.) ("SB 1327") into law on July 22, 2022. Among its changes was the addition of CCP § 1021.11, which provides:

   (a) Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party.

## SEILER EPSTEIN LLP
ATTORNEYS AT LAW
Page 2

(b) For purposes of this section, a party is considered a prevailing party if a court does either of the following:

(1) Dismisses any claim or cause of action brought by the party seeking the declaratory or injunctive relief described by subdivision (a), regardless of the reason for the dismissal.

(2) Enters judgment in favor of the party opposing the declaratory or injunctive relief described by subdivision (a), on any claim or cause of action.

(c) Regardless of whether a prevailing party sought to recover attorney's fees or costs in the underlying action, a prevailing party under this section may bring a civil action to recover attorney's fees and costs against a person, including an entity, attorney, or law firm, that sought declaratory or injunctive relief described by subdivision (a) not later than the third anniversary of the date on which, as applicable:

(1) The dismissal or judgment described by subdivision (b) becomes final upon the conclusion of appellate review.

(2) The time for seeking appellate review expires.

(d) None of the following are a defense to an action brought under subdivision (c):

(1) A prevailing party under this section failed to seek recovery of attorney's fees or costs in the underlying action.

(2) The court in the underlying action declined to recognize or enforce the requirements of this section.

(3) The court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion.

(e) Any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief as described in subdivision (a), shall not be deemed a prevailing party under this section or any other provision of this chapter.

(SB 1327, Sec. 2.)

## SEILER EPSTEIN LLP

ATTORNEYS AT LAW
Page 3

As you may know, on December 19, 2022, United States District Judge Roger T. Benitez issued an Opinion and Order Enjoining Enforcement of California Code Of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order). In its Opinion and Order, the Court ordered that:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order or know of the existence of this injunction order, are enjoined from implementing or enforcing California Code of Civil Procedure § 1021.11, as enacted by S.B. 1327.

Regardless of whether or not the County of Alameda, the Alameda County Sheriff, and the Alameda County Sheriff's Office read the Court's Order as applying to them, we request that the County of Alameda, the Alameda County Sheriff, and the Alameda County Sheriff's Office stipulate that they will not seek to enforce CCP § 1021.11 based on the outcome of the forthcoming case against plaintiffs' counsel of record (including myself), any other counsel who appears in this case at any time or in any court, the various counsels' respective firms, the plaintiffs, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

Please inform me if the County of Alameda, the Alameda County Sheriff, and the Alameda County Sheriff's Office (or any of their officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) ("Prospective Defendants") intend to bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under CCP § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon these prospective claims.

Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of CCP § 1021.11 on behalf of the Prospective Defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that the Prospective Defendants intend to seek remedies under CCP § 1021.11.

Please be advised that if we do not receive from your office, or counsel for the Prospective Defendants by no later than **5 p.m. Pacific time on Tuesday, January 3, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce CCP § 1021.11 against any person with respect to this case, we will be forced to assume that Prospective Defendants will or would not agree to a stipulation of waiver and non-enforcement of CCP § 1021.11 and that the Prospective Defendants do intend to enforce CCP § 1021.11 against one or more such persons with respect to this case.

## SEILER EPSTEIN LLP
ATTORNEYS AT LAW

Page 4

Thank you for your attention to this matter. We look forward to your timely response.

Very truly yours,

George M. Lee

# EXHIBIT 4



# OFFICE OF THE COUNTY COUNSEL

1221 Oak Street, Suite 450, Oakland, California 94612-4296
Telephone (510) 272-6700          Facsimile (510) 272-5020

DONNA R. ZIEGLER
COUNTY COUNSEL

January 3, 2023

**VIA EMAIL AND U.S. MAIL**

George M. Lee
Seiler Epstein LLP
4 Embarcadero Center, 14th Floor
San Francisco, California 94111
Email:  gml@seilerepstein.com

Re:  California Code of Civil Procedure Section 1021.11

Dear Mr. Lee:

This responds to your letter addressed to me and Clay Christianson, dated December 30, 2022, and received by email delivery at 12:44 p.m., on the 30th.  You allege that you and others are planning to initiate litigation (at some unspecified date and time) regarding applications for and issuance of licenses to carry firearms. You request that the Sheriff and the County of Alameda stipulate that they will not seek to enforce California Code of Civil Procedure ("CCP") Section 1021.11 based on the outcome of your unfiled and unattached litigation. You further advise that any statement that does not unequivocally stipulate to waiver and non-enforcement of CCP Section 1021.11 will be deemed to be confirmation that the "Prospective Defendants" intend to seek remedies under CCP Section 1021.11.  You further advise that if you do not receive a written stipulation by January 3, 2023, at 5:00 p.m. (approximately one business day after you tendered your request to this office), you "will be forced to assume that Prospective Defendants . . . do intend to enforce CCP Section 1021.11 against one or more such persons with respect to" your unfiled and unattached litigation.

This letter confirms that you are not able to manufacture facts regarding the Sheriff's and the County's intentions in the manner your letter suggests.  If the County and the Sheriff do not comply with your terms, you will not be "forced to assume" anything, and certainly not the facts you state you will be forced to assume.

On the contrary, rules that govern your practice require that you have a much higher standard of knowledge of the accuracy of facts you allege in a court filing.  You are not able to allege as fact, even on information or belief, the intentions of my clients, simply because they did not perform an act that they lacked any obligation to perform (i.e., entering a stipulation in the manner and on the terms, you propose and on an unreasonable deadline).

George M. Lee
January 3, 2023
Page 2


You are encouraged to be mindful of your duties and obligations before you make averments in any pleading regarding the intentions of the Sheriff and the County regarding California Code of Civil Procedure Section 1021.11.  Claims against the County and the Sheriff regarding California Code of Civil Procedure Section 1021.11 do not exist and would not be ripe despite your attempts to manufacture a claim.


Very truly yours,

DONNA R. ZIEGLER
County Counsel

# EXHIBIT 5

# BENBROOK LAW GROUP

Professional Corporation
701 UNIVERSITY AVENUE, SUITE 106
SACRAMENTO, CALIFORNIA 95825

www.benbrooklawgroup.com

TELEPHONE: (916) 447-4900
FACSIMILE: (916) 447-4904

BRADLEY A. BENBROOK                                                           brad@benbrooklawgroup.com

January 20, 2023

**<u>Via email</u>**
Tiffany N. North
County Counsel, County of Ventura
Christine A. Renshaw
Assistant County Counsel
County Government Center
800 South Victoria Avenue, L/C #1830
Ventura, CA 93009
tiffany.north@ventura.org
christine.renshaw@ventura.org

      Re:    California Code of Civil Procedure § 1021.11

Dear Counsel:

      I am writing to you on behalf of Firearms Policy Coalition, among other intended plaintiffs, and their counsel in a case to be filed challenging the Ventura County Sheriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms, which violates the Second Amendment and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in Ventura County. We intend to seek declaratory and injunctive relief as to the enforcement of at least this policy, custom, and practice.

      However, we write you in hopes that we can eliminate the need to also litigate and seek relief regarding your enforcement of California Code of Civil Procedure Section 1021.11 ("§ 1021.11"), in connection with the litigation. Governor Newsom signed Senate Bill No. 1327 ("SB 1327") into law in July 2022. Among its changes was the addition of § 1021.11, which became effective on January 1, 2023, and provides:

> Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant

BENBROOK LAW GROUP, PC

Tiffany N. North
Christine A. Renshaw
January 20, 2023
Page 2

> seeking that relief, is jointly and severally liable to pay the
> attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

Section 1021.11 goes on to provide that a plaintiff in such a case cannot be a "prevailing party," and that the government defendant is the prevailing party if the court dismisses "any claim or cause of action brought by the party seeking the declaratory or injunctive relief . . . , regardless of the reason for the dismissal." *Id.* §§ (b), (e).  It authorizes the government defendant to pursue a civil claim for these fees, *id.* § (c), and it purports to allow such claims even if "[t]he court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion." *Id.* §(d)(3).

Section 1021.11 is unconstitutional for several reasons. Governor Newsom and Attorney General Bonta have repeatedly asserted that the Texas law on which SB 1327 was modeled (Texas's Senate Bill 8), is unconstitutional.  When our firm recently filed an action to enjoin the State from enforcing § 1021.11, the Attorney General refused to defend the law.  On December 19, 2022, United States District Judge Roger T. Benitez enjoined the State of California from implementing or enforcing the law as follows:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order or know of the existence of this injunction order, are enjoined from implementing or enforcing California Code of Civil Procedure § 1021.11, as enacted by S.B. 1327.

Opinion and Order Enjoining Enforcement of California Code Of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order).

We recognize that your office may take the position that the *Miller II* injunction does not *directly* apply to prevent your office from seeking to enforce § 1021.11 in situations where the statute might apply.  Nevertheless, for the reasons set forth in the *Miller II* opinion, we submit there can be no reasonable argument that your office could constitutionally enforce § 1021.11. We therefore request that your office stipulate that it will not seek to enforce § 1021.11 based on the outcome of the forthcoming case against the plaintiffs, plaintiffs' counsel of record, any other counsel who appears in this case at any time or in any court, the various counsels' respective

BENBROOK LAW GROUP, PC

Tiffany N. North
Christine A. Renshaw
January 20, 2023
Page 3

firms, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

Please inform me whether the County of Ventura or Ventura County Sheriff's Office (or any of their officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) ("Prospective Defendants") intend to bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon these prospective claims.

Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of § 1021.11 on behalf of the Prospective Defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that the Prospective Defendants intend to seek remedies under § 1021.11.

Please be advised that if we do not receive from your office, or counsel for the Prospective Defendants by no later than **5:00 p.m. on Friday, January 27, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce § 1021.11 against any person with respect to this anticipated case, we will be forced to conclude that Prospective Defendants will not agree to a stipulation of waiver and non-enforcement of § 1021.11 and that the Prospective Defendants do intend to enforce § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Sincerely,

Bradley A. Benbrook

# EXHIBIT 6

# BENBROOK LAW GROUP

Professional Corporation

701 UNIVERSITY AVENUE, SUITE 106
SACRAMENTO, CALIFORNIA 95825

www.benbrooklawgroup.com

TELEPHONE: (916) 447-4900
FACSIMILE: (916) 447-4904

BRADLEY A. BENBROOK                                                                                   brad@benbrooklawgroup.com

January 20, 2023

<u>Via email</u>
Dawyn R. Harrison
Interim County Counsel, County of Los
Angeles
500 West Temple St., Floor 6
Los Angeles, CA 90012
dharrison@counsel.lacounty.gov

      Re:    California Code of Civil Procedure § 1021.11

Dear Counsel:

      I am writing to you on behalf of Firearms Policy Coalition, among other intended plaintiffs, and their counsel in a case to be filed challenging various laws, policies, practices, and customs of the County of Los Angeles regarding the regulation of firearms that individually and collectively violate the Second and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in Los Angeles County. Among other things, the Los Angeles County Sheriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms violates the Second Amendment and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in Los Angeles County.  Furthermore, the Los Angeles County Code generally prohibits the possession of firearms in any public park within the county's jurisdiction (§ 17.04.620), which likewise violates the Second Amendment.  We intend to seek declaratory and injunctive relief as to the enforcement of at least those laws, policies, customs, and practices.

      However, we write you in hopes that we can eliminate the need to also litigate and seek relief regarding your enforcement of California Code of Civil Procedure Section 1021.11 ("§ 1021.11"), in connection with the litigation.  Governor Newsom signed Senate Bill No. 1327 ("SB 1327") into law in July 2022. Among its changes was the addition of § 1021.11, which became effective on January 1, 2023, and provides:

            Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing

BENBROOK LAW GROUP, PC

Dawyn R. Harrison
January 20, 2023
Page 2

> any statute, ordinance, rule, regulation, or any other type of law
> that regulates or restricts firearms, or that represents any litigant
> seeking that relief, is jointly and severally liable to pay the
> attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

Section 1021.11 goes on to provide that a plaintiff in such a case cannot be a "prevailing party," and that the government defendant is the prevailing party if the court dismisses "any claim or cause of action brought by the party seeking the declaratory or injunctive relief . . . , regardless of the reason for the dismissal." *Id*. §§ (b), (e).  It authorizes the government defendant to pursue a civil claim for these fees, *id*. § (c), and it purports to allow such claims even if "[t]he court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion." *Id*. §(d)(3).

Section 1021.11 is unconstitutional for several reasons. Governor Newsom and Attorney General Bonta have repeatedly asserted that the Texas law on which SB 1327 was modeled (Texas's Senate Bill 8), is unconstitutional.  When our firm recently filed an action to enjoin the State from enforcing § 1021.11, the Attorney General refused to defend the law.  On December 19, 2022, United States District Judge Roger T. Benitez enjoined the State of California from implementing or enforcing the law as follows:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant
> Governor Gavin Newsom, and their officers, agents, servants,
> employees, and attorneys, and those persons in active concert or
> participation with them, and those who gain knowledge of this
> injunction order or know of the existence of this injunction order,
> are enjoined from implementing or enforcing California Code of
> Civil Procedure § 1021.11, as enacted by S.B. 1327.

Opinion and Order Enjoining Enforcement of California Code Of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order).

We recognize that your office may take the position that the *Miller II* injunction does not *directly* apply to prevent your office from seeking to enforce § 1021.11 in situations where the statute might apply.  Nevertheless, for the reasons set forth in the *Miller II* opinion, we submit there can be no reasonable argument that your office could constitutionally enforce § 1021.11. We therefore request that your office stipulate that it will not seek to enforce § 1021.11 based on the outcome of the forthcoming case against the plaintiffs, plaintiffs' counsel of record, any other counsel who appears in this case at any time or in any court, the various counsels' respective

BENBROOK LAW GROUP, PC

Dawyn R. Harrison
January 20, 2023
Page 3

firms, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

Please inform me whether the County of Los Angeles or Los Angeles County Sheriff's Office (or any of their officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) ("Prospective Defendants") intend to bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon these prospective claims.

Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of § 1021.11 on behalf of the Prospective Defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that the Prospective Defendants intend to seek remedies under § 1021.11.

Please be advised that if we do not receive from your office, or counsel for the Prospective Defendants by no later than **5:00 p.m. on Friday, January 27, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce § 1021.11 against any person with respect to this anticipated case, we will be forced to conclude that Prospective Defendants will not agree to a stipulation of waiver and non-enforcement of § 1021.11 and that the Prospective Defendants do intend to enforce § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Sincerely,

Bradley A. Benbrook

# EXHIBIT 7



# COUNTY OF LOS ANGELES

## OFFICE OF THE COUNTY COUNSEL

648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

TELEPHONE
(213) 972-5780
FACSIMILE
(213) 626-5578
TDD
(213) 633-0901

DAWYN R. HARRISON
Acting County Counsel

January 27, 2023

VIA E-MAIL AND U.S. MAIL

Bradley A. Benbrook
Benbrook Law Group
701 University Avenue, Suite 106
Sacramento, California 95825
brad@benbrooklawgroup.com

> Re:   **January 20, 2023 Letter Regarding California Code of Civil
> Procedure Section 1021.11**

Dear Mr. Benbrook:

This is in response to your letter dated January 20, 2023 regarding California Code of Civil Procedure ("CCP") section 1021.11, in which you request this office "unequivocally stipulate to waiver and non-enforcement of section 1021.11" on behalf of "prospective" County defendants. You request this waiver "in a case to be filed challenging various laws, policies, practices, and customs of the County of Los Angeles regarding the regulation of firearms that individually and collectively violate the Second and Fourteenth Amendment rights of" certain unidentified plaintiffs.

While we understand your position regarding the legality of CCP section 1021.11, it would be inappropriate for this office to stipulate as you request outside of an actual litigation. Should a complaint be filed, we would be willing to discuss entering into a case-specific stipulation with respect to CCP section 1021.11 (if applicable), which we understand has been done in other cases involving the State of California. In addition, we would consider entering a stipulation in a prospective case for which you provide specific information regarding claims and parties.

HOA.103996059.2

Bradley A. Benbrook
January 27, 2023
Page 2


      Accordingly, please present a draft stipulation that is clearly and
specifically connected with a particular lawsuit you filed or plan to file for our
review and consideration.

                    Very truly yours,

                    DAWYN R. HARRISON
                    Acting County Counsel


                By
                    LANA CHOI
                    Senior Deputy County Counsel
                    Justice and Safety Division

LC:ga

# EXHIBIT 8

# BENBROOK LAW GROUP

Professional Corporation
701 UNIVERSITY AVENUE, SUITE 106
SACRAMENTO, CALIFORNIA 95825

www.benbrooklawgroup.com

TELEPHONE: (916) 447-4900
FACSIMILE: (916) 447-4904

BRADLEY A. BENBROOK                                                brad@benbrooklawgroup.com

January 27, 2023

**Via email**
Joseph W. Cotchett
   jcotchett@cpmlegal.com
Tamarah P. Prevost
   tprevost@cpmlegal.com
Andrew F. Kirtley
   akirtley@cpmlegal.com
Melissa Montenegro
   mmontenegro@cpmlegal.com
Cotchett, Pitre & Mccarthy, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010

Re:    California Code of Civil Procedure § 1021.11

Dear Counsel:

I am writing to you on behalf of Firearms Policy Coalition, among other intended plaintiffs, and their counsel in a case to be filed challenging various laws of the City of San Jose regarding the regulation of firearms that violate the Second and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in San Jose. As you may recall, my firm previously served as counsel of record for the Plaintiffs in *Glass v. City of San Jose*, N.D. Cal. Case No 5:22-cv-02533-BL, which challenged City ordinances requiring firearm owners to pay an annual fee to a City-designated non-profit organization and obtain firearm-related insurance. Plaintiffs dismissed that lawsuit on August 24, 2022, because of the threat posed by California Code of Civil Procedure Section 1021.11's one-sided fee-shifting provisions. We are now prepared to re-file litigation seeking declaratory and injunctive relief as to at least these same regulations.

To that end, we write you in hopes that we can eliminate the need to also litigate and seek relief regarding any potential enforcement of § 1021.11, in connection with the litigation. Governor Newsom signed Senate Bill No. 1327 ("SB 1327") into law in July 2022. Among its changes was the addition of § 1021.11, which became effective on January 1, 2023, and provides:

B E N B R O O K   L A W   G R O U P, P C

January 27, 2023
Page 2

> Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

Section 1021.11 goes on to provide that a plaintiff in such a case cannot be a "prevailing party," and that the government defendant is the prevailing party if the court dismisses "any claim or cause of action brought by the party seeking the declaratory or injunctive relief . . . , regardless of the reason for the dismissal." *Id*. §§ (b), (e).  It authorizes the government defendant to pursue a civil claim for these fees, *id*. § (c), and it purports to allow such claims even if "[t]he court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion." *Id*. §(d)(3).

Section 1021.11 is unconstitutional for several reasons. Governor Newsom and Attorney General Bonta have repeatedly asserted that the Texas law on which SB 1327 was modeled (Texas's Senate Bill 8), is unconstitutional.  When our firm recently filed an action to enjoin the State from enforcing § 1021.11, the Attorney General refused to defend the law.  On December 19, 2022, United States District Judge Roger T. Benitez enjoined the State of California from implementing or enforcing the law as follows:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order or know of the existence of this injunction order, are enjoined from implementing or enforcing California Code of Civil Procedure § 1021.11, as enacted by S.B. 1327.

Opinion and Order Enjoining Enforcement of California Code Of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order).

We recognize that the City may take the position that the *Miller II* injunction does not *directly* apply to prevent the City from seeking to enforce § 1021.11 in situations where the statute might apply.  Nevertheless, for the reasons set forth in the *Miller II* opinion, we submit

BENBROOK LAW GROUP, PC

January 27, 2023
Page 3

there can be no reasonable argument that the City could constitutionally enforce § 1021.11. We therefore request that the City stipulate that it will not seek to enforce § 1021.11 based on the outcome of the forthcoming case against the plaintiffs, plaintiffs' counsel of record, any other counsel who appears in this case at any time or in any court, the various counsels' respective firms, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

Please confirm whether the City of San Jose will stipulate that it will not bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon these prospective claims. Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of § 1021.11 on behalf of the City and its officers, agents and employees (the "Prospective Defendants"), such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that the Prospective Defendants intend to seek remedies under § 1021.11.

Please be further advised that if we do not receive from your office, or other counsel for the City by no later than **12:00 p.m. on Thursday, February 2, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce § 1021.11 against any person with respect to this anticipated case, we will be forced to conclude that the Prospective Defendants do intend to enforce § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Sincerely,

Bradley A. Benbrook

# EXHIBIT 9

LAW OFFICES
## COTCHETT, PITRE & McCARTHY, LLP
SAN FRANCISCO AIRPORT OFFICE CENTER
840 MALCOLM ROAD
BURLINGAME, CALIFORNIA 94010
TELEPHONE (650) 697-6000
FAX (650) 697-0577
cpmlegal.com

LOS ANGELES
SEATTLE
NEW YORK

February 2, 2023

**Sent Via E-mail to:**

Bradley A. Benbrook
Benbrook Law Group
701 University Avenue, Suite 106
Sacramento, CA 95825
*brad@benbrooklawgroup.com*

Re:   **California Code of Civil Procedure § 1021.11**

Mr. Benbrook:

We are in receipt of your letter dated January 27, 2023. It is unclear from your letter what City of San Jose ("City") ordinance or law specifically you intend to file litigation against, and on behalf of which plaintiffs. *See, e.g.*, January 27 Letter at 1 (noting the letter is sent on behalf of your client and "other intended plaintiffs," and anticipating "a case to be filed challenging various laws of the City of San Jose"). Your language makes it impossible to know what specific City laws you intend to file a lawsuit over, and on behalf of whom, which makes it difficult to evaluate your request. Moreover, my firm represents the City in defense of the 2022 Gun Harm Reduction Ordinance (the "Ordinance"), and not for all purposes or with respect to all possible claims, making it further inappropriate to respond.

To the extent some portion of your letter relates to the Ordinance, your clients voluntarily dismissed their lawsuit in the Northern District of California challenging the Ordinance and have not re-filed a new one. Because the other two lawsuits challenging the Ordinance are still pending in federal court, it would not be appropriate for the City to comment on that pending litigation, for this additional reason.

Nor would it be appropriate for the City to comment on state legislation, whether under Cal. Code Civ. Proc. § 1021.11 or any other state law, that your firm on your client's behalf is currently seeking to invalidate in the Southern District of California. Indeed, in August 2022, just before filing that suit, your firm sent me a similar demand and request. Before the City even had the chance to respond, your client dismissed its claims in the Northern District case, then used that non-response to bolster your client's standing to challenge § 1021.11 in the Southern District. Based on this history, we are concerned that your most recent letter is not intended as a

LAW OFFICES
COTCHETT, PITRE & McCARTHY, LLP

February 2, 2023
Page 2

good faith offer to resolve (unspecified) future claims against the City, but rather to give your client some advantage in its ongoing lawsuit challenging the constitutionality of § 1021.11.

Accordingly, we respectfully decline to comment on what positions the City might take, or what remedies it might seek, in hypothetical future litigation against the City.

Best,

TAMARAH P. PREVOST

cc:    Joseph W. Cotchett
       Andrew F. Kirtley

# EXHIBIT 10

# BENBROOK LAW GROUP

Professional Corporation
701 UNIVERSITY AVENUE, SUITE 106
SACRAMENTO, CALIFORNIA 95825

www.benbrooklawgroup.com

TELEPHONE: (916) 447-4900
FACSIMILE: (916) 447-4904

BRADLEY A. BENBROOK                                                     brad@benbrooklawgroup.com

February 24, 2023

**Via email**
James R. Williams
County Counsel, County of Santa Clara
70 West Hedding Street
East Wing, 9th Floor
San Jose, CA 95110
county.counsel@cco.sccgov.org

   Re: California Code of Civil Procedure § 1021.11

Dear Counsel:

  I am writing to you on behalf of Firearms Policy Coalition, among other intended plaintiffs, and their counsel in a case to be filed challenging the Santa Clara County Sheriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms, which violates the Second Amendment and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in Santa Clara County. We intend to seek declaratory and injunctive relief as to the enforcement of at least those laws, policies, customs, and practices.

  However, we write to you in hopes that we can eliminate the need to <u>also</u> litigate and seek relief regarding your enforcement of California Code of Civil Procedure Section 1021.11 ("§ 1021.11"), in connection with the litigation.  Governor Newsom signed Senate Bill No. 1327 ("SB 1327") into law in July 2022. Among its changes was the addition of § 1021.11, which became effective on January 1, 2023, and provides:

> Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

BENBROOK LAW GROUP, PC

James R. Williams
February 24, 2023
Page 2

Section 1021.11 goes on to provide that a plaintiff in such a case cannot be a "prevailing party," and that the government defendant is the prevailing party if the court dismisses "any claim or cause of action brought by the party seeking the declaratory or injunctive relief . . . , regardless of the reason for the dismissal." *Id*. §§ (b), (e).  It authorizes the government defendant to pursue a civil claim for these fees, *id*. § (c), and it purports to allow such claims even if "[t]he court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion." *Id*. §(d)(3).

Section 1021.11 is unconstitutional for several reasons. In fact, Governor Newsom and Attorney General Bonta have repeatedly asserted that the Texas law on which SB 1327 was modeled (Texas's Senate Bill 8), is unconstitutional.  And when our firm recently filed an action to enjoin the State from enforcing § 1021.11, the Attorney General refused to defend the law. On December 19, 2022, United States District Judge Roger T. Benitez enjoined the State of California from implementing or enforcing the law as follows:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order or know of the existence of this injunction order, are enjoined from implementing or enforcing California Code of Civil Procedure § 1021.11, as enacted by S.B. 1327.

Opinion and Order Enjoining Enforcement of California Code of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order).

We recognize that your office may take the position that the *Miller II* injunction does not *directly* apply to prevent your office from seeking to enforce § 1021.11 in situations where the statute might apply.  Nevertheless, for the reasons set forth in the *Miller II* opinion, we submit there can be no reasonable argument that your office could constitutionally enforce § 1021.11. We therefore request that your office stipulate that it will not seek to enforce § 1021.11, based on the outcome of the forthcoming case, against the plaintiffs, plaintiffs' counsel of record, any other counsel who appears in this case at any time or in any court, the various counsels' respective firms, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

Please inform me whether the County of Santa Clara or the Santa Clara County Sheriff's Office (or any of their officers, agents, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) ("Prospective Defendants") will

B E N B R O O K   L A W   G R O U P ,   P C

James R. Williams
February 24, 2023
Page 3

stipulate to refrain from bringing a civil action, motion, application, or any other proceeding to recover attorney's fees and/or costs under § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon the prospective claims described above.

Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of § 1021.11 on behalf of the Prospective Defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that the Prospective Defendants intend to seek remedies under § 1021.11.

Please be advised that if we do not receive from your office, or counsel for the Prospective Defendants by no later than **12:00 p.m. on Wednesday, March 1, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce § 1021.11 against any person with respect to this anticipated case, we will be forced to conclude that Prospective Defendants will not agree to a stipulation of waiver and non-enforcement of § 1021.11 and that the Prospective Defendants do intend to enforce § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Sincerely,

Bradley A. Benbrook