MATTHEW D. ZINN (State Bar No. 214587)
RYAN K. GALLAGHER (State Bar. No. 344349)
SHUTE, MIHALY & WEINBERGER LLP
396 Hayes Street
San Francisco, California 94102
Telephone: (415) 552-7272
Facsimile: (415) 552-5816
zinn@smwlaw.com

Attorneys for Defendant
County of Alameda

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; SAN DIEGO COUNTY GUN OWNERS PAC,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNT OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; and COUNTY OF SANTA CLARA,<br><br>Defendants. | Case No. 3:23-cv-00400-LL-DDL<br><br>**EX PARTE APPLICATION TO EXTEND TIME TO RESPOND TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION; DECLARATION OF MATTHEW D. ZINN**<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

## NOTICE AND APPLICATION

Defendant County of Alameda applies ex parte, on behalf of all Defendants, for an order extending the time for all Defendants to respond to Plaintiffs' Notice of Motion and Motion for Preliminary Injunction, or, alternatively, for Summary Judgment (ECF Nos. 20, 20-1) ("PI Motion"). Defendants' opposition to the PI Motion is currently due on May 16—five days after this Application. Defendants request that the Court extend their time to oppose the PI Motion until three weeks after the Court resolves the outstanding Order to Show Cause ("OSC"), ECF No. 18. Defendants should not be compelled to respond on the merits until this Court has resolved the serious questions about jurisdiction and venue raised in the OSC.

The County makes this application pursuant to Civil Local Rule 83.3(g), section 5 of this Court's Civil Chamber Rules, and the Federal Rule of Civil Procedure 6(b), based on the Statement of Good Cause set forth below, the Declaration of Matthew D. Zinn ("Zinn Decl."), filed herewith, and all of the pleadings, papers, and records on file in this action, as well as such further argument and evidence as may be presented at or before a hearing on this matter.

The parties have conferred before the filing of this Application in compliance with Local Rule 83.3(g) and section 5 of this Court's Civil Chamber Rules. The County contacted Plaintiffs' counsel to ask whether they would agree to a joint motion to extend the time for Defendants to respond to Plaintiffs' PI Motion. *See* Zinn Decl. ¶ 2. Plaintiffs' counsel indicated he would not agree to a joint motion extending the time. *See id.* ¶ 3. The parties conferred further by email and by phone, but were unable to reach an agreement, and Defendants informed Plaintiffs' counsel they would file this Application. *See id.* ¶¶ 4, 5. All Defendants support this Application. *See id.* ¶ 6.

Upon a joint motion of the parties (ECF No. 44), this Court previously extended the time for Plaintiffs to file a reply regarding the Court's OSC from April 18, 2023 until April 25, 2023, and extended the time for Defendants to file a response to the PI Motion from April 18, 2023 until May 16, 2023 (ECF No. 45 at 1-2).

**STATEMENT OF GOOD CAUSE**

On March 14, 2023, this Court issued an OSC ordering Plaintiffs to show cause why this case should not be dismissed for want of jurisdiction and/or improper venue. ECF No. 18. As explained below, there is good cause to extend the deadline for Defendants to file their opposition to Plaintiffs' PI Motion until three weeks after the OSC has been resolved and the Court has confirmed that it has jurisdiction and that venue is proper in this district. *See* Fed. R. Civ. P. 6(b)(1)(A). The parties previously stipulated to a limited extension, but Plaintiffs have indicated their opposition to further extensions.

**I.  Defendants should not be forced to litigate the merits before the Court resolves the outstanding questions of jurisdiction and venue presented by the OSC.**

An extension of the time to respond to Plaintiffs' PI Motion is necessary to avoid Defendants' being required to litigate the merits of the action before the Court determines whether it has jurisdiction and that venue is proper. The Court issued its OSC on March 14, 2023. ECF No. 18. Plaintiffs filed their reply to the OSC on April 25, 2023, and thus the issues presented in the OSC now are fully briefed and ready for decision. *See* ECF Nos. 18 (Plaintiffs' Response); 30, 33 (Defendants' Responses); 46 (Plaintiffs' Reply). However, the deadline for Defendants to respond to Plaintiffs' lingering PI Motion remains May 16, 2023. Accordingly, Defendants are at risk of being compelled to respond to the PI Motion before the threshold issues raised in the OSC can be resolved.

1 Defendants' opposition will necessarily implicate the merits of the case. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits . . . ." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). And Plaintiffs have moved for summary judgment in the alternative—a dispositive motion that squarely presents the merits. *See* ECF No. 20-1 at 10. Given that the Court has expressed its doubts that it has jurisdiction to hear the case or that venue is proper in this district, Defendants would be irreparably prejudiced by being required to litigate the merits of the case before these threshold issues are resolved. *See Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) ("Standing is a threshold matter central to our subject matter jurisdiction. We must assure ourselves that the constitutional standing requirements are satisfied before proceeding to the merits.").

Moreover, Defendants have not been expending resources in preparing their opposition to the PI Motion, as they have been anticipating that the Court's resolution of the OSC could moot the PI Motion at any point. *See* Zinn Decl. ¶ 7. It is therefore impractical for Defendants to prepare their opposition in the time currently remaining. *See id.*

Defendants therefore request that the Court extend Defendants' deadline to oppose Plaintiffs' PI Motion until three weeks after the date of any order by the Court dissolving the OSC or otherwise allowing the case to proceed, in whole or in part.

**II.   Plaintiffs have provided no reason for attempting to expedite a resolution of this matter on the merits.**

Plaintiffs will not be prejudiced by a delay in resolving their PI Motion—even assuming their suit is justiciable and venue is proper. Plaintiffs assert that "[i]mmediate relief is necessary" due to an alleged "concrete and ongoing irreparable injury to their right of access to the courts." ECF No. 20 at 1, PI

4

EX PARTE APPLICATION TO EXTEND TIME TO RESPOND TO MOTION FOR PRELIMINARY INJUNCTION
Case No. 3:23-cv-00400-LL-DDL

Motion. However, their Motion provides no indication that there is any urgency in resolving this matter, let alone such urgency that briefing must proceed before the Court has determined whether it has jurisdiction. Plaintiffs explicitly note that there is no pending firearm litigation against Defendants Imperial County, Alameda County, Ventura County, Los Angeles County, Santa Clara County, or City of San Jose. ECF No. 20-1 at 6-8, PI Motion. Accordingly, there is little to no risk that Section 1021.11 could be imminently enforced against Plaintiffs by any of the Defendants. Although Plaintiffs assert that but for Section 1021.11 they would bring suits against those Defendants related to their firearm regulations, Plaintiffs' own account of ongoing litigation against the City of San Diego belies that assertion. *See id.* at 8. In their own account of *Fahr v. City of San Diego*, S.D. Cal. Case No. 3:21-cv-01676-BAS-BGS, Plaintiffs explain that although the "uncertainty about potential enforcement" of Section 1021.11 has "created a chilling effect," they are nevertheless "continu[ing] to litigate" despite the ostensible "threat of Section 1021.11 fee liability." *Id.* Plaintiffs' willingness to continue litigating that case indicates that it is not actually deterring firearms litigation. In any event, a short delay in the resolution of their PI Motion to allow the Court to decide whether it may hear the case at all can hardly cause Plaintiffs' any harm.

## CONCLUSION

For the foregoing reasons, and for those set forth in the attached Declaration of Matthew D. Zinn, the County respectfully requests that the Court enter the Proposed Order filed concurrently with this Application.

1 | DATED: May 11, 2023      SHUTE, MIHALY & WEINBERGER LLP

By:     s/Matthew D. Zinn
       MATTHEW D. ZINN

Attorney for Defendant
County of Alameda

# DECLARATION OF MATTHEW D. ZINN

I, Matthew D. Zinn, declare as follows:

1. I am an attorney licensed to practice in the State of California and a partner at Shute, Mihaly & Weinberger LLP, attorneys for Defendant County of Alameda. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief, and as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. On May 8, 2023, I emailed counsel for Plaintiffs to ask if they would agree to a joint motion to extend the time for Defendants to respond to Plaintiffs' PI Motion until three weeks after the Court enters an order resolving the OSC in full or in part.

3. On May 10, 2023, Plaintiffs' counsel Stephen Duvernay responded to my email indicating their position that they would not agree to the joint motion to extend the time for Defendants' response. Mr. Duvernay stated that the "point of the [PI] motion is to remove, as promptly as possible, the ongoing deprivation of Plaintiffs' constitutional rights," and that the Plaintiffs "are anxious to avoid further delay."

4. On May 11, 2023, I replied to Mr. Duvernay's email, stating that we would be filing the foregoing Application.

5. On May 11, 2023, Mr. Duvernay and I spoke by telephone confirming the parties' positions and attempting to resolve the disagreement. We were unable to come to an agreement about the extension.

6. On May 11, 2023, by email, counsel for all Defendants stated that they support the Application.

7. Because Defendants have been anticipating that the Court's resolution of the OSC could moot Plaintiffs' PI Motion, Defendants have not

1  expended resources in preparing their opposition to the PI Motion, and it would
2  therefore be impractical for Defendants to file an opposition to the PI Motion
3  by the current May 16, 2023 deadline.
4      I declare under penalty of perjury under the laws of the United States of
5  America that the foregoing is true and correct.
6      Executed on this 11th day of May, 2023, at San Francisco, California.

                                            <u>Matthew D. Zinn</u>
                                            Matthew D. Zinn