BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

JOHN W. DILLON
DILLON LAW GROUP APC
2647 Gateway Rd, Suite 105 No. 255
Carlsbad, CA 92009-1757
jdillon@dillonlawgp.com

COOPER & KIRK, PLLC
DAVID H. THOMPSON*
PETER A. PATTERSON*
JOSEPH O. MASTERMAN*
1523 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 220-9600
dthompson@cooperkirk.com

*Admitted *pro hac vice*

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; SAN DIEGO COUNTY GUN OWNERS PAC,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNTY OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; and COUNTY OF SANTA CLARA,<br><br>Defendants. | Case No.: 3:23-cv-00400-LL-DDL<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE OPPOSITION TO EXTEND TIME TO RESPOND TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (ECF No. 48)** |

Plaintiffs oppose Defendants' request for a further extension of time to respond to the motion, alternatively filed as a motion for preliminary injunction or summary judgment (the "PI Motion") (Dkt. No. 48), as follows:

**1.   No Good Cause Exists For Further Extension Of Time For Defendants' Opposition To The PI Motion.**

Plaintiffs filed the PI Motion on March 28, 2023, the same date they filed their initial brief responding to the Court's OSC (Dkt No. 20–20-9). Plaintiffs set the PI Motion for a hearing on May 2. Under the Local Rules, Defendants' opposition to the PI Motion was due April 18. Under the Court's OSC order, the Plaintiffs' reply on the OSC was also due April 18.

On April 6, less than two weeks before their opposition to the PI Motion was due, counsel for Defendant County of Alameda requested on behalf of Defendants that their opposition be deferred until two weeks after the Court ruled on the OSC. Duvernay Decl., ¶ 3. Plaintiffs' counsel would not agree to that schedule but did agree to extend the briefing to three weeks after Plaintiffs filed their OSC reply. *Id*. Defendants agreed to this timing. *Id*. A few days later, on April 12, Plaintiffs' counsel contacted counsel for Alameda County to request a one-week extension on the OSC reply, to April 25, with Defendants' opposition to the PI Motion still due three weeks thereafter (and the hearing on the PI Motion moved to May 30). Duvernay Decl., ¶ 4.

Thus, at the parties' **joint** request pursuant to their negotiated agreement, the hearing on the PI Motion was moved back four weeks, and the Court ordered the following modifications to the briefing schedules: Plaintiffs' OSC reply would be filed April 25, and Defendants' opposition to the PI Motion would be due three weeks thereafter on May 16. Pursuant to the parties' negotiations and the Court's order, the Defendants' opposition to the PI Motion **was not tied to the Court's resolution of the OSC**.

Despite these agreements and the Court's order thereon, Defendants now assert that it would be "impractical" to adhere to the schedule they agreed to because they

1  "have not been expending resources in preparing their opposition to the PI Motion, as
2  they have been anticipating that the Court's resolution of the OSC could moot the PI
3  Motion at any point." Motion at 4:14-17.

4  Respectfully, Plaintiffs dispute that Defendants' failure to prepare an opposition
5  under these circumstances could possibly constitute good cause for <u>further</u> delay.
6  "[C]arelessness is not compatible with a finding of diligence" necessary to modify a
7  scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.
8  1992). Because Defendants were not diligent, this Court's "inquiry should end." *Id.*
9  And, of course, Defendants should not have relied on the fact that this Court
10 potentially *could* issue an order mooting the motion as a reason not to begin preparing
11 an opposition. Indeed, it is entirely common for defendants to make standing and other
12 jurisdictional arguments *at the same time* they oppose motions for preliminary
13 injunctions on the *Winter* factors, including likelihood of success on the merits. *See,*
14 *e.g.*, *Doe v. San Diego Unified Sch. Dist.*, No. 3:21-cv-1809-CAB-LL, 2021 WL
15 5396136, at *2 (S.D. Cal. Nov. 18, 2021) (considering plaintiffs' standing to seek a
16 preliminary injunction along with merits of injunction motion); *HDOS Franchise*
17 *Brands, LLC v. El Paso Hot Dog, LLC*, No. 3:21-cv-00201-AJB-BLM, 2021 WL
18 5629923, at *2–5 (S.D. Cal. June 29, 2021) (denying defendants' motions to dismiss
19 for lack of jurisdiction and improper venue in same opinion that granted plaintiffs'
20 preliminary injunction motion); *Melt Franchising, LLC v. PMI Enterprises, Inc.*, 2008
21 WL 11338025, at *1 (C.D. Cal. Aug. 18, 2008) (denying defendants' motion
22 challenging jurisdiction and venue in same order granting plaintiff's preliminary
23 injunction motion).

24 This lawsuit has been on file for more than two months, and the PI Motion has
25 been on file for more than six weeks. The PI Motion raises purely legal issues that
26 have already been developed extensively in briefs and a 17-page District Court
27 opinion in *Miller*. Defendants do not argue that their oppositions would be
28 complicated or difficult to prepare. Indeed, in the six weeks since it has been filed, not

a single Defendant has suggested *any* basis for actually opposing the PI Motion on the merits. Rather, the entire point is to delay. Plaintiffs respectfully request that the PI Motion not be delayed any more than it already has.

**2.      The Entire Point Of Plaintiffs' Lawsuit And PI Motion Is Avoiding Further Constitutional Injury—A Textbook Basis For Expedited Review.**

Defendants make the remarkable assertion that "Plaintiffs have provided no reason for attempting to expedite a resolution of this matter on the merits." Motion at 4:23. Setting aside the fact that a hearing date more than two months from a preliminary injunction's filing is hardly "expedited," the very essence of Plaintiffs' lawsuit justifies expedited review. Defendants are perpetrating ongoing violations of Plaintiffs' constitutional rights, including their First Amendment right of access to the courts, by the threat of Defendants' enforcement of a fee-shifting law that this Court has already ruled violates the Constitution in multiple respects.

Defendants argue that "a short delay in the resolution of their PI Motion . . . can hardly cause Plaintiffs[] any harm." Motion at 5:17–20. The United States Supreme Court disagrees. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). The Ninth Circuit does, too. "[A]ny loss of First Amendment freedoms, even briefly, can constitute irreparable injury." *Topanga Press, Inc. v. City of Los Angeles*, 989 F.2d 1524, 1528 (9th Cir.1993). And this Court's decisions confirm its commitment to protect First Amendment rights by issuing prompt injunctive relief. *E.g.*, *Miller v. Bonta*, No. 3:22-cv-1446-BEN-MDD, --- F.Supp.3d ----, 2022 WL 17811114, *8 (S.D. Cal. Dec. 19, 2022) (quoting *Elrod*); *B & L Prods., Inc. v. 22nd Dist. Agric. Ass'n*, 394 F. Supp. 3d 1226, 1250 (S.D. Cal. 2019) (same); *Thalheimer v. City of San Diego*, 706 F. Supp. 2d 1065, 1085 (S.D. Cal. 2010) (same). The delays occasioned by litigation cannot be swept aside by government attorneys when constitutional rights are on the line: "[T]he duration of a trial is an 'intolerably long' period during which to permit the continuing impairment of First Amendment

rights." *Am.-Arab Anti–Discrimination Comm. v. Reno*, 70 F.3d 1045, 1058 (9th Cir.1995) (citation omitted).

Defendants erroneously attempt to diminish the significant and ongoing First Amendment injury inflicted by the statute's fee-shifting penalty by claiming that the existence of the *Fahr* litigation "indicates that [Section 1021.11] is not actually deterring firearms litigation." Motion at 5:11-17. Plaintiffs have submitted evidence confirming Section 1021.11's impact on the *Fahr* case, which has effectively been on hold since July 2022. PI Motion at 5:19–6:2. And Defendants otherwise ignore the evidence that Plaintiffs have been shut out of court in each of the remaining defendant jurisdictions:

- *County of Imperial*. Plaintiffs have been prevented from filing a lawsuit challenging the constitutionality of a county ordinance prohibiting the possession of firearms in any recreational park within the county's jurisdiction. PI Motion at 6:3–8.

- *County of Alameda*. Plaintiffs have been prevented from challenging the constitutionality of the Alameda County Sherriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms. PI Motion at 6:9–21.

- *County of Ventura*. Plaintiffs have been prevented from challenging the constitutionality of the County's licensing regime for carrying concealed firearms. Ventura County did not respond. PI Motion at 6:22–27.

- *County of Los Angeles*. Plaintiffs have been prevented from challenging the constitutionality of (1) the Los Angeles County Sherriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms; and (2) a provision of the county code prohibiting the possession of firearms in any public park within the county's jurisdiction. PI Motion at 7:1–10.

- *City of San Jose*. Plaintiffs have been prevented from re-filing a lawsuit challenging the constitutionality of city ordinances requiring firearm owners to pay an annual fee to a City-designated non-profit organization and obtain firearm-related

insurance. FPC had previously sued to invalidate those same regulations, but dismissed the lawsuit in August 2022 because of the threat posed by Section 1021.11. PI Motion at 7:11–8:5.

- *Santa Clara County*. Plaintiffs have been prevented from challenging the constitutionality of the County's licensing regime for carrying concealed firearms. Santa Clara County has not responded. PI Motion at 8:6–12.

It is now mid-May. Over two months have passed since Plaintiffs filed this lawsuit, and nearly five months have passed since Plaintiffs first sought Defendants' agreement not to enforce a law that was ruled unconstitutional six months ago in *Miller*. Defendants would surely be happy to continue delaying challenges to their firearms regulations indefinitely. Plaintiffs respectfully request that this delay come to an end so their motion may be considered.

## CONCLUSION

Defendants' ex parte application should be denied.

Dated:  May 12, 2023                              BENBROOK LAW GROUP, PC

By  s/ Bradley A. Benbrook
   BRADLEY A. BENBROOK
   Attorneys for Plaintiffs