UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREARMS POLICY COALITION, INC., et al., <br><br>                              Plaintiffs,<br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>                              Defendants. | Case No.: 23cv400-LL-DDL<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR PRELIMINARY INJUNCTION**<br><br>**[ECF No. 48]** |

     This matter is before the Court on Defendant Alameda County's Ex Parte Application, on behalf of all Defendants, for an order extending the time for all Defendants to respond to Plaintiffs' motion for preliminary injunction [ECF No. 20]. ECF No. 48. The application conforms to Rule 83.3(g) of the Civil Local Rules of this district, S.D. Cal. CivLR 83.3.g, and Rule 5 of the undersigned's Civil Chambers Rules. Plaintiffs filed an opposition to the Ex Parte Application. ECF No. 49. Upon review of the parties' briefing and the relevant law, the Court **GRANTS** the Ex Parte Application. ECF No. 48.

     On March 14, 2023, the Court ordered Plaintiffs to show cause why they have Article III standing, why their claims are ripe for resolution, why venue is proper in this district, and why their claims against each Defendant are properly joined into a single action. ECF No. 18 at 3. Plaintiffs filed a response to the order to show cause [ECF No. 19] and

simultaneously filed a motion for preliminary injunction or summary judgment in the alternative [ECF No. 20]. The Court previously granted the parties' joint motion for an extension of time both for Plaintiffs to file a reply supporting their response to the Court's order to show cause and for Defendants to respond to Plaintiffs' motion for preliminary injunction. ECF No. 45. Defendants' responses to the motion for preliminary injunction are currently due on May 16, 2023. *Id.* The order to show cause has been fully briefed and the Court has not yet issued a ruling on that order.

Defendants' Ex Parte Application relates to its response to Plaintiffs' motion for preliminary injunction or summary judgment. *See* ECF No. 48. Therefore, Rule 6 of the Federal Rules of Civil Procedures, which applies "[w]hen an act may or must be done within a specified time," is the relevant rule. Fed. R. Civ. P. 6(b). Under Rule 6, good cause "is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). This is in contrast to the good cause standard under Rule 16 which "primarily considers the diligence of the party seeking [] amendment" of a scheduling order issued pursuant to Rule 16. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Upon a finding of good cause under this non-rigorous standard, and absent any indication that a party acted in bad faith or that an extension would prejudice the opposing party, an extension may be granted if it is "reasonable, justified, and would not result in prejudice to any party." *Ahanchian*, 624 F.3d at 1260.

As noted above, the Court previously issued an order to show cause because it "is not satisfied that it has jurisdiction over Plaintiffs' claims or that venue is proper in this district." ECF No. 45 at 1. "The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, C. & L. M. R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). "Without jurisdiction the court cannot proceed at all in any cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1869). Accordingly, the Court's consideration of "jurisdiction generally

must precede merits in dispositional order[.]" *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999).

Allowing Defendants sufficient time to prepare and respond to Plaintiffs' motion for preliminary injunction once the Court has satisfied itself of jurisdiction in this case would advance efficient use of the parties' resources and as well as judicial economy. Notwithstanding Plaintiffs' contention that Defendants seek to delay consideration of this motion and their request that "this delay come to an end so their motion may be considered" [ECF No. 49 at 5], because the Court has yet to address whether it may proceed at all in this case, the Court will not consider the merits of the motion for preliminary injunction until it issues a ruling on the order to show cause. In line with that view, because the Court has yet to rule on whether Plaintiffs' alleged injuries support a finding of standing under Article III, the Court assumes, without deciding, that Plaintiffs are not prejudiced by an extension of Defendants' deadline to respond to the motion for preliminary injunction.

In accordance with the foregoing, the Court finds that Defendants' request for an extension is reasonable and justified, and that there are no indications that their request is in bad faith or that any party would be prejudiced by an extension. Good cause appearing, the Court **GRANTS** the Ex Parte Application [ECF No. 48] pursuant to Rule 6(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 6(b)(1)(A). Defendants' deadline to respond to Plaintiffs' motion for preliminary injunction, or, alternatively, for summary judgment [ECF No. 20] is **EXTENDED** until three weeks after the date of any order by the Court discharging its order to show cause [ECF No. 18] and allowing this case to proceed. Plaintiffs' may file replies to Defendants' response(s) no later than seven days after Defendants' responses are due.

**IT IS SO ORDERED**.

Dated:  May 12, 2023

Honorable Linda Lopez
United States District Judge