|   |   |
|---|---|
| 1 | BENBROOK LAW GROUP, PC |
| 2 | BRADLEY A. BENBROOK (SBN 177786)<br>STEPHEN M. DUVERNAY (SBN 250957) |
| 3 | 701 University Avenue, Suite 106<br>Sacramento, CA 95825 |
| 4 | Telephone: (916) 447-4900<br>brad@benbrooklawgroup.com |
| 5 | JOHN W. DILLON |
| 6 | DILLON LAW GROUP APC<br>2647 Gateway Rd, Suite 105 No. 255 |
| 7 | Carlsbad, CA 92009-1757<br>jdillon@dillonlawgp.com |
| 8 | COOPER & KIRK, PLLC |
| 9 | DAVID H. THOMPSON*<br>PETER A. PATTERSON* |
| 10 | JOSEPH O. MASTERMAN*<br>1523 New Hampshire Avenue, NW |
| 11 | Washington, D.C. 20036<br>Telephone: (202) 220-9600 |
| 12 | dthompson@cooperkirk.com |
| 13 | *Admitted *pro hac vice* |
| 14 | Attorneys for Plaintiffs |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; SAN DIEGO COUNTY GUN OWNERS PAC,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNTY OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; and COUNTY OF SANTA CLARA,<br><br>    Defendants. | Case No.: 3:23-cv-00400-LL-SBC<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT** |
|---|---|

As supplemental authority in support of their Motion for Preliminary Injunction or, Alternatively, for Summary Judgment, Doc. 20, Plaintiffs respectfully submit the attached Opinion issued on September 7, 2023, by the Ninth Circuit in *Baird v. Bonta*, --- F.4th ----, No. 23-15016, 2023 WL 5763345 (9th Cir. Sept. 7, 2023) ("Op.").

In that case, the district court denied a motion for a preliminary injunction against the enforcement of certain California Penal Code provisions—imposing criminal penalties on the unlicensed open carry of handguns—without analyzing the plaintiffs' likelihood of success on the merits. Reversing and remanding, the Ninth Circuit instructed the district court to conduct that analysis under *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), as the preliminary injunction standard requires. The Ninth Circuit further ordered that "the district court must complete this preliminary injunction review expeditiously." Op. at 21. "Because even a brief deprivation of a constitutional right causes irreparable injury, the district court must quickly determine whether the *Winter* factors favor issuance of a preliminary injunction in this case, and if so, not shrink from its obligation to enforce [plaintiffs'] constitutional rights." *Id*. (cleaned up). While the Ninth Circuit did not impose a strict deadline, it noted other cases setting deadlines between 10 and 60 days, and entrusted the district court to act "swiftly" and "expeditiously." *Id*. at 21–22. Here, Plaintiffs filed their preliminary injunction motion on March 28, nearly six months ago.

Dated:  September 20, 2023              BENBROOK LAW GROUP, PC

                                              By s/ Bradley A. Benbrook
                                                 BRADLEY A. BENBROOK
                                                 Attorneys for Plaintiffs