BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA  95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

JOHN W. DILLON
DILLON LAW GROUP APC
2647 Gateway Rd, Suite 105 No. 255
Carlsbad, CA 92009-1757
jdillon@dillonlawgp.com

COOPER & KIRK, PLLC
DAVID H. THOMPSON*
PETER A. PATTERSON*
JOSEPH O. MASTERMAN*
1523 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 220-9600
dthompson@cooperkirk.com

*Admitted *pro hac vice*

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; SAN DIEGO COUNTY GUN OWNERS PAC, | Case No.: 3:23-cv-00400-LL-VET |
| Plaintiffs, | **NOTICE OF APPEAL** |
| v. | |
| CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNTY OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; and COUNTY OF SANTA CLARA, | |
| Defendants. | |

1    Plaintiffs Firearms Policy Coalition, Inc.; California Gun Rights Foundation;

2   and San Diego County Gun Owners PAC appeal to the United States Court of Appeal

3   for the Ninth Circuit from this Court's Order Dismissing Case, ECF No. 56, attached

4   as Exhibit 1, and the associated Judgment In A Civil Case, ECF No. 57, attached as

5   Exhibit 2.

6

7    Dated:  January 25, 2024            BENBROOK LAW GROUP, PC

8

9                                       By s/ Bradley A. Benbrook
                                        BRADLEY A. BENBROOK
10                                       Attorneys for Plaintiffs

# EXHIBIT 1

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

8
9
10

| | |
|---|---|
| FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; SAN DIEGO COUNTY GUN OWNERS PAC, | Case No.:  23cv400-LL-VET |
| | **ORDER DISMISSING CASE** |
| Plaintiffs, | |
| v. | |
| CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNTY OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; and COUNTY OF SANTA CLARA, | |
| Defendants. | |

11
12
13
14
15
16
17
18
19
20
21

        On March 14, 2023, the Court issued an Order to Show Cause as to why this case should not be dismissed for lack of standing, ripeness, improper venue, or improper joinder. ECF No. 18. Before the Court are the parties' responses to the Court's Order to Show Cause. ECF Nos. 19, 30, 31, 33–37, 40, 43, 46. For the following reasons, the Court **DISMISSES** the action.

/ / /

/ / /

1

## I.    BACKGROUND

On March 2, 2023, Plaintiffs Firearms Policy Coalition, Inc., California Gun Rights Foundation, and San Diego County Gun Owners PAC (collectively "Plaintiffs") filed this current action against Defendants City of San Diego, County of Imperial, County of Alameda, County of Ventura, County of Los Angeles, City of San Jose, and County of Santa Clara (collectively "Defendants") challenging the constitutionality of California Code of Civil Procedure Section 1021.11. ECF No. 1, Complaint ("Compl."). Section 1021.11 provides that:

> "any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party."

Cal. Code Civ. Proc. § 1021.11(a).

The constitutionality of this provision has been previously litigated in this district. In *Miller v. Bonta*, Judge Roger T. Benitez held that Section 1021.11 was unconstitutional and permanently enjoined the State "from bringing any action or motion under § 1021.11 to obtain an award of attorney's fees and costs." *See Miller v. Bonta*, 646 F. Supp. 3d 1218, 1232 (S.D. Cal. 2022). Additionally, Judge Benitez held that "Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order or know of the existence of this injunction order, are enjoined from implementing or enforcing California Code of Civil Procedure § 1021.11." *Id.* On the same day as he decided *Miller*, Judge Benitez entered a similar judgment in another challenge to Section 1021.11 in *South Bay Rod & Gun Club, Inc. v. Bonta*. *See* 646 F. Supp. 3d 1232, 1245 (S.D. Cal. 2022) (holding that Section 1021.11 was unconstitutional and permanently enjoining the State from enforcing

Section 1021.11). The judgments in both *Miller* and *South Bay Rod & Gun Club* became final due to a lack of appeal.

In the instant case, Plaintiffs seek an "injunction against the statute's application or enforcement by several local jurisdictions." Compl. ¶ 1. On March 14, 2023, the Court issued an Order to Show Cause, directing Plaintiffs to show cause as to standing, ripeness, venue, and joinder. *See* ECF No. 18 at 3. These questions have now been extensively briefed by all parties. ECF Nos. 19, 30, 31, 33–37, 40, 43, 46.

## II.    DISCUSSION

### A.    Plaintiffs Do Not Have Standing to Pursue This Case

Plaintiffs lack standing to maintain their claims. Article III of the Constitution confers on federal courts the power to adjudicate only cases or controversies. U.S. Const., art. III, § 2. "'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."). To have standing, a plaintiff must show that (1) the plaintiff suffered an "injury in fact", i.e., one that is sufficiently "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (2) the injury is "fairly traceable" to the challenged conduct, and (3) the injury likely to be "redressed by a favorable decision." *Lujan*, 504 U.S. at 560–61. The burden is on the plaintiff to establish that standing exists. *Id.* at 561.

First, Plaintiffs argue that they are at risk of imminent and substantial harm because the Defendants in this case are not subject to the *Miller* injunction. *See* ECF No. 19 at 4–5; ECF No. 46 at 3. Defendants insist that "there is no legitimate risk that any entity would seek to invoke Section 1021.11 and "[a]ny future local government defendant is unlikely to attempt to distinguish the *Miller* decision from their own case given the comprehensiveness of the ruling and the court's clear directive that it has broad preclusive effect." ECF No. 30 at 4. Indeed, Defendants were not directly named in *Miller*, but the

final judgments in *Miller* and *South Bay Rod & Gun Club* permanently enjoined any implementation and enforcement of Section 1021.11. *See Miller*, 646 F. Supp. 3d at 1232; *South Bay Rod & Gun Club, Inc.*, 646 F. Supp. 3d at 1245. The "broad preclusive effect" of the *Miller* injunction was also addressed by the Ninth Circuit in *Abrera v. Newsom*. In *Abrera v. Newsom*, the Ninth Circuit held that an appeal of the denial of a preliminary injunction preventing state defendants from enforcing Section 1021.11 was moot "in light of the permanent injunction in *Miller*." *Abrera v. Newsom*, No. 22-16897 (9th Cir. Aug. 14, 2023) (order granting motion to dismiss the appeal as moot). Similarly, here, there is no case or controversy because Defendants do not seek to implement or enforce Section 1021.11 in light of the *Miller* injunction.

Plaintiffs also state that as "independent government entities with independent authority to seek fees under Section 1021.11, [Defendants] lack the necessary privity with the *Miller* defendants to be bound by the *Miller* injunction." ECF No. 19 at 4. However, in an action where a plaintiff challenges the constitutionality of a state statute, the proper defendant is the state official designated to enforce the rule. *See Idaho Building and Const. Trades Council, AFL-CIO v. Wasden*, 32 F. Supp. 3d 1143, 1148 (D. Idaho 2014) (explaining that the proper defendant in actions for declaratory and injunctive relief challenging the constitutionality of state statutes would be a state official with a fairly direct connection to the enforcement of the act, and not just a "generalized duty"); *see also American Civil Liberties Union v. The Florida Bar*, 999 F.2d 1486, 1490 (11th Cir. 1993) ("Under United States Supreme Court precedent, when a plaintiff challenges the constitutionality of a rule of law, it is the state official designated to enforce that rule who is the proper defendant, even when that party has made no attempt to enforce the rule."). The constitutionality of Section 1021.11 has already been challenged in previous actions against the proper defendants who have a direct connection with its enforcement, including the State Attorney General and Governor. *See Miller*, 646 F. Supp. 3d at 1222 (action petitioning the court to enjoin California Governor and California Attorney General from

enforcing Section 1021.11); *South Bay Rod & Gun Club*, 646 F. Supp. 3d at 1235 (same); *Abrera v. Newsom*, 2022 WL 17555524, at *1 (E.D. Cal. Dec. 9, 2022) (same).

Next, Plaintiffs argue that they still face a "realistic threat of enforcement" and actual and imminent danger because there is "no commitment from Defendants" not to enforce Section 1021.11. *See* ECF No. 19 at 5–6; ECF No. 46 at 2–3. This position effectively puts the burden on Defendants to establish that there is no standing, as opposed to Plaintiff having the burden to establish standing, which the well-settled law requires. *See Lujan*, 504 U.S. at 561. Plaintiffs refer to *Lopez v. Candaele* to support their contention that under the "relaxed standing analysis" for pre-enforcement challenges, "the plaintiff may meet constitutional standing requirements by demonstrating a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." *See* ECF No. 46 at 2 (quoting *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010)). In the next paragraph of *Lopez*, however, the Ninth Circuit explains that "despite this 'relaxed standing analysis'" for pre-enforcement challenges, "plaintiffs must still show an actual or imminent injury to a legally protected interest." *Id.* (internal citation omitted).

No such injury exists here because Defendants decline to make a hypothetical commitment as to how they would litigate lawsuits that have not even been filed, let alone ones that have been decided in Defendants' favor thereby implicating Section 1021.11. Defendants have clearly expressed that they do not intend to enforce the statute against Plaintiffs in the current action or any related action. *See* ECF Nos. 30, 33. Specifically, Defendant County of Imperial states that "[p]ost-*Miller* . . . the threat of injury is in the past" and "there is no legitimate risk that any entity would seek to invoke Section 1021.11."[1] ECF No. 30 at 4. Additionally, Defendant County of Alameda states that the

---

[1] Defendants County of Ventura, County of Los Angeles, City of San Diego, and County of Santa Clara join and adopt the response of Defendant County of Imperial. *See* ECF Nos. 31, 36, 40, 43.

*Miller* injunction "effectively discourages anyone, including Defendants, from even attempting to invoke Section 1021.11 against Plaintiffs."[2] ECF No. 33 at 8. Plaintiffs have no concrete evidence that Defendants plan to enforce Section 1021.11, and as such, Plaintiffs have failed to show that they face an actual or imminent injury. *See Wright v. Service Emp. Int'l Union Local 503*, 48 F.4th 1112, 1118 (9th Cir. 2022) (quoting *Index Newspapers LLC v. U.S. Marshals Serv.*, 977 F.3d 817, 825 (9th Cir. 2020)) (a plaintiff "cannot rely on mere conjecture" about a defendant's possible actions as the plaintiff "must present concrete evidence to substantiate her fears."). Plaintiffs fail to carry their burden to show that they have standing, and therefore, the Court lacks jurisdiction over their claims. *See Lujan*, 504 U.S. at 560.

## B.      Ripeness, Venue, and Joinder

Although the Court need not address the remaining issues of ripeness, venue, and joinder because the first issue of standing is dispositive, the Court briefly addresses the remaining issues below. *See Khalaj v. United States*, 474 F. Supp. 3d 1029, 1033 (D. Ariz. 2020) ("When a motion to dismiss is based on more than one ground, the court should consider the Rule 12(b)(1) challenge first because the other grounds will become moot if the court lacks subject matter jurisdiction."); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (stating that jurisdiction must "be established as a threshold matter").

### 1.      Ripeness

"Whether framed as an issue of standing or ripeness, the inquiry is largely the same." *Wolfson v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010); *see also Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) ("The constitutional component of the ripeness inquiry is often treated under the rubric of standing and, in many

---

[2] Defendants County of Imperial, County of Ventura, County of Los Angeles, City of San Diego, and County of Santa Clara join and adopt the response of Defendant County of Alameda. *See* ECF Nos. 34, 35, 37, 40, 43.

cases, ripeness coincides squarely with standing's injury in fact prong. Sorting out where standing ends and ripeness begins is not an easy task."). Therefore, for the same reasons that Plaintiffs lack standing to maintain their claims, Plaintiffs' claims also are not ripe for adjudication.

## 2. Joinder and Venue

Rule 20 of the Federal Rules of Civil Procedure provides that defendants may be joined in one action if: (1) claims arise from the same transaction or occurrence or series of transactions or occurrences; and (2) any question of law or fact in the action is common to all defendants. Fed. R. Civ. P. 20(a)(2). As a preliminary matter, Plaintiffs' claims raise common questions of law or fact as Plaintiffs seek an "injunction against [Section 1021.11's] application or enforcement by several local jurisdictions." Compl. ¶ 1; *see also* ECF No. 33 at 9 ("Defendants do not contest that Plaintiffs' claims may implicate at least one question of law common to all Defendants."). However, the mere fact that Plaintiffs' claims against Defendants involve a common question of law or fact does not entail that their claims against Defendants are related to the same transaction or occurrence. *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1285 (D. Ariz. 2009). The Ninth Circuit has interpreted the phrase "same transaction, occurrence, or series of transactions or occurrences" to require a degree of factual commonality underlying the claims. *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

Here, Plaintiffs' claims against Defendants arise out of distinct transactions or occurrences. In the Complaint, Plaintiffs allege that their counsel contacted each of the Defendants in separate letters, demanding that Defendants stipulate to the non-enforcement of Section 1021.11. Compl. ¶¶ 47–55; *see also* Compl., Exs. 1, 2, 3, 5, 6, 8, 10. The letters were sent on different dates and referenced each jurisdiction's own distinct firearms regulations. Compl. ¶¶ 47–55; *see also* Compl., Exs. 1, 2, 3, 5, 6, 8, 10. Plaintiffs even state that Defendants either responded to Plaintiffs' correspondence through individual letters or failed to respond at all. *See* Compl., Exs. 4, 7, 9; Compl. ¶¶ 48, 51, 55 (Defendants County of Imperial, County of Ventura, and County of Santa Clara did not respond to

Plaintiffs' correspondence); ECF No. 33 at 11 ("Plaintiffs received no shared or uniform response."). Plaintiffs' Complaint is devoid of any allegations that Defendants acted jointly or in concert. In the absence of claims arising out of the same transaction or occurrence, joinder of these Defendants is improper under Rule 20.

Venue is proper in any district "in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). A "[p]laintiff has the burden of proving that venue is proper in the district in which the suit was initiated." *Hope v. Otis Elevator Co.*, 389 F. Supp. 2d 1235, 1243 (E.D. Cal. 2005) (citing *Airola v. King*, 505 F. Supp. 30, 31 (D. Ariz. 1980)).

Plaintiffs contend that venue is proper here under § 1391(b)(1) because Defendants are entities located in California and "all Defendants are properly joined." ECF No. 46 at 9; ECF No. 19 at 7. However, as discussed above, Defendants are not properly joined, and a remedy for improper joinder is severance. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party"). Additionally, under Rule 20(b), the district court may sever claims or parties to avoid prejudice. Fed. R. Civ. P. 20(b).

As such, severing the claims would make venue in this Court improper and prejudicial as to the non-resident defendants. Specifically, based on Plaintiff's allegations, Defendants County of Alameda, County of Ventura, County of Los Angeles, City of San Jose, and County of Santa Clara do not have a connection to this district. Further, it does not appear a substantial part of the events or omissions giving rise to Plaintiff's claims regarding Defendants County of Alameda, County of Ventura, County of Los Angeles, City of San Jose, and County of Santa Clara occurred in this district.

Thus, even if the Court were to find the Plaintiffs have standing in this case, joinder and venue would bar the action against Defendants County of Alameda, County of Ventura, County of Los Angeles, City of San Jose, and County of Santa Clara.

/ / /

**III.    CONCLUSION**

For the reasons set forth above, the Court **DISMISSES** the action for lack of subject matter jurisdiction. Plaintiffs' motion for a preliminary injunction [ECF. No. 20] is also **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated:  January 9, 2024

_____
Honorable Linda Lopez
United States District Judge

9

**EXHIBIT 2**



# United States District Court

## SOUTHERN DISTRICT OF CALIFORNIA

FIREARMS POLICY COALITION,
INC.; CALIFORNIA GUN RIGHTS
FOUNDATION; SAN DIEGO
COUNTY GUN OWNERS PAC,

**Plaintiff,**

V.

CITY OF SAN DIEGO; COUNTY OF
IMPERIAL; COUNTY OF ALAMEDA;
COUNTY OF VENTURA; COUNTY OF
LOS ANGELES; CITY OF SAN JOSE; and
COUNTY OF SANTA CLARA,

**Defendant.**

Civil Action No.   23-cv-00400-LL-VET

## JUDGMENT IN A CIVIL CASE

**Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED:

The Court DISMISSES the action for lack of subject matter jurisdiction. Plaintiffs' motion for a preliminary injunction [ECF. No. 20] is also DENIED AS MOOT. Case is closed.

**Date:**   1/9/24

**CLERK OF COURT**
**JOHN MORRILL, Clerk of Court**
By: s/ D.Frank

D.Frank, Deputy