BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

JOHN W. DILLON
DILLON LAW GROUP APC
2647 Gateway Rd, Suite 105 No. 255
Carlsbad, CA 92009-1757
jdillon@dillonlawgp.com

COOPER & KIRK, PLLC
DAVID H. THOMPSON*
PETER A. PATTERSON*
1523 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com

*Admitted *pro hac vice*

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; SAN DIEGO COUNTY GUN OWNERS PAC, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNTY OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; and COUNTY OF SANTA CLARA, <br><br> Defendants. | Case No.: 3:23-cv-00400-LL-VET <br><br> **DECLARATION OF BRANDON COMBS IN SUPPORT OF PLAINTIFFS' MOTION FOR AN INJUNCTION PENDING APPEAL** <br><br> Date: March 8, 2024 <br> Courtroom 5D (5th Floor) <br> Hon. Linda Lopez <br><br> **PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |

I, Brandon Combs, declare:

1. I am the president of Firearms Policy Coalition, Inc. ("FPC"), a non-profit membership organization incorporated under the laws of Delaware with a primary place of business in Clark County, Nevada. In my role as president, I am familiar with FPC's purposes as an organization, FPC's membership, and FPC's organizational responses to California Code of Civil Procedure § 1021.11 ("Section 1021.11").

2. In my previous declaration offered in support of Plaintiffs' Motion for Preliminary Injunction Or, Alternatively, For Summary Judgment, ECF No. 20-2, I detailed how Section 1021.11 significantly infringed the constitutional rights of FPC and its members. The statute has caused FPC to dismiss or refrain from bringing lawsuits challenging Defendants' firearms regulations that FPC and its members believe are unconstitutional. Section 1021.11 continues to impose ongoing harm on FPC and its members.

3. In the more than nine months that have passed since Plaintiffs filed their motion for a preliminary injunction, FPC has been contacted by additional individuals who have potential separate claims against Defendants in this case, and, but for Section 1021.11, FPC would have pursued multiple of those potential claims. Indeed, FPC exists in large part to assert such claims through public interest litigation aimed at restoring and protecting individual rights, including the rights of firearm owners and those who support the right to keep and bear arms.

4. Beyond the claims outlined in the Complaint and in my previous declaration, the risk of fee liability imposed by Section 1021.11 has caused FPC to refrain from filing additional suits or litigating constitutional claims that it is otherwise prepared to file and litigate. As explained in the declaration of FPC's counsel (Bradley A. Benbrook), FPC recently requested that the County of San Diego stipulate to non-enforcement of the provisions of Section 1021.11 in a lawsuit challenging the constitutionality of California's laws imposing a residency requirement for obtaining

1  a license to carry a concealed firearm. FPC has incurred fees to prepare the pleadings
2  in such a lawsuit and has refrained from filing because San Diego County Counsel has
3  refused to stipulate to Section 1021.11 non-enforcement. As with the cases FPC has
4  refrained from bringing against each of the Defendants, FPC is prepared to file this
5  challenge but it has refrained from doing so due to Section 1021.11's threat of ruinous
6  fee liability.
7      I declare under penalty of perjury under the laws of the United States of
8  America and State of California that the foregoing is true and correct to the best of my
9  knowledge.

_____
BRANDON COMBS