BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA  95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

JOHN W. DILLON
DILLON LAW GROUP APC
2647 Gateway Rd, Suite 105 No. 255
Carlsbad, CA  92009-1757
jdillon@dillonlawgp.com

COOPER & KIRK, PLLC
DAVID H. THOMPSON*
PETER A. PATTERSON*
1523 New Hampshire Avenue, NW
Washington, D.C.  20036
Telephone: (202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com

*Admitted *pro hac vice*

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; SAN DIEGO COUNTY GUN OWNERS PAC,<br><br>                    Plaintiffs,<br><br>     v.<br><br>CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNTY OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; and COUNTY OF SANTA CLARA,<br><br>                    Defendants. | Case No.:  3:23-cv-00400-LL-VET<br><br>**DECLARATION OF BRADLEY A. BENBROOK IN SUPPORT OF PLAINTIFFS' MOTION FOR AN INJUNCTION PENDING APPEAL**<br><br>Date: March 8, 2024<br>Courtroom 5D (5th Floor)<br>Hon. Linda Lopez |

I, Bradley A. Benbrook, declare:

1. I am an attorney, licensed to practice law in the State of California, and an attorney with the law firm of Benbrook Law Group, PC, counsel of record for Plaintiffs in this matter. The following facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto.

2. I was also counsel of record for the Plaintiffs in *Miller v. Bonta*, 646 F. Supp. 3d 128 (S.D. Cal. 2022), where this Court enjoined the State from enforcing Code of Civil Procedure § 1021.11 ("Section 1021.11").

3. Section 1021.11's pernicious effects have continued while this lawsuit has been pending. For example, FPC has incurred fees to prepare a lawsuit challenging the constitutionality of California's laws imposing a residency requirement for obtaining a license to carry a concealed firearm, set forth in California Penal Code §§ 26150(a)(3) and 26155(a)(3). The individual plaintiff in the case would have to seek licensure from San Diego County, so the County may also be named in any such suit. *See* Cal. Penal Code § 26150(b).

4. On December 22, 2023, my office sent a letter to the Office of the County Counsel for the County of San Diego asking it to stipulate to non-enforcement of Section 1021.11 against the intended plaintiffs or their attorneys and law firms in a lawsuit challenging the CCW residency requirement. A true and correct copy of the letter is attached as Exhibit 1.

5. On January 11, 2024, County Counsel responded by letter stating that it would only commit to non-enforcement "unless and until an appellate court rules in a published decision that the statute is constitutional." Despite this reservation of enforcement authority, the County Counsel also asserted that any suit to challenge the County's position "would not be ripe and subject to dismissal for lack [of] standing." A true and correct copy of the County's response is attached as Exhibit 2.

6. After receiving the letter, I spoke to the Deputy County Counsel by phone. During that conversation, he advised that he thought the law was "probably

unconstitutional," but advised that he would confer further with County Counsel regarding its enforcement position. On January 18 I received a further e-mail from the Deputy County Counsel that "confirmed that the County reserves its right to seek all available fees and costs from litigation" if Section 1021.11 were later upheld, and asserted that that any suit to challenge the County's position "would not be ripe and subject to dismissal for lack [of] standing."

7. On January 25, 2024, my office sent an e-mail to counsel for all Defendants pursuant to the Court's requirement that counsel hold a pre-filing conference for noticed motions. In that e-mail, Plaintiffs requested that Defendants' counsel to state whether they would "oppose the motion or if they instead are now willing to disavow enforcement of Section 1021.11 (after obtaining a dismissal based on the representation that there was 'no legitimate risk' of its enforcement) and thereby obviate the need for further litigation." A true and correct copy of the e-mail is attached as Exhibit 3.

8. As of the filing of this motion, none of the Defendants have responded to Plaintiffs' e-mail.

9. On February 2, 2024, my office sent an e-mail to counsel for all Defendants informing them on Plaintiffs' intent to apply for an order shortening time for briefing and hearing this motion. A true and correct copy of the e-mail is attached as Exhibit 4.

I declare under penalty of perjury under the laws of the United States of America and State of California that the foregoing is true and correct to the best of my knowledge.

_____
Bradley A. Benbrook

# EXHIBIT 1

# BENBROOK LAW GROUP
Professional Corporation
701 University Avenue, Suite 106
Sacramento, California 95825

www.benbrooklawgroup.com

Telephone: (916) 447-4900
Facsimile: (916) 447-4904

Bradley A. Benbrook  brad@benbrooklawgroup.com

December 22, 2023

**<u>Via email</u>**
Claudia G. Silva
County Counsel
Timothy M. White
Senior Deputy County Counsel
Office of County Counsel
1600 Pacific Highway, Room 355
San Diego, CA 92101-2437
Claudia.Silva@sdcounty.ca.gov
Timothy.White@sdcounty.ca.gov

      Re:    California Code of Civil Procedure § 1021.11

Dear Counsel:

      I am writing to you on behalf of Firearms Policy Coalition, among other intended plaintiffs, and their counsel in a case to be filed challenging California's laws imposing a residency requirement for obtaining a license to carry a concealed firearm, set forth in California Penal Code §§ 26150(a)(3) and 26155(a)(3). This requirement is unconstitutional, in that it (at least) violates the Second Amendment and the Equal Protection Clause of the Fourteenth Amendment. The prospective plaintiffs include individuals who are not California residents and either have applied or would apply to the San Diego County Sheriff's Department for a license to carry a concealed firearm. We intend to seek declaratory and injunctive relief as to the enforcement of these laws.

      However, we write you in hopes that we can eliminate the need to also litigate and seek relief regarding any attempt by San Diego County to enforce California Code of Civil Procedure Section 1021.11 ("§ 1021.11"), in connection with the litigation. Governor Newsom signed Senate Bill No. 1327 ("SB 1327") into law in July 2022. Among its changes was the addition of § 1021.11, which became effective on January 1, 2023, and provides:

> Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing

BENBROOK LAW GROUP, PC

Claudia G. Silva
Timothy M. White
December 22, 2023
Page 2

> any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

Section 1021.11 goes on to provide that a plaintiff in such a case cannot be a "prevailing party," and that the government defendant is the prevailing party if the court dismisses "any claim or cause of action brought by the party seeking the declaratory or injunctive relief . . . , regardless of the reason for the dismissal." *Id*. §§ (b), (e). It authorizes the government defendant to pursue a civil claim for these fees, *id*. § (c), and it purports to allow such claims even if "[t]he court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion." *Id*. §(d)(3).

Section 1021.11 is unconstitutional for several reasons. In *Miller v. Bonta*, 646 F. Supp. 3d 1218 (S.D. Cal. 2022), the Southern District ruled that it violated the First Amendment right to petition and the Fourteenth Amendment's Due Process and the Equal Protection Clauses. *Id.* at 1224–31. The court enjoined the State of California from implementing or enforcing the law as follows:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order or know of the existence of this injunction order, are enjoined from implementing or enforcing California Code of Civil Procedure § 1021.11, as enacted by S.B. 1327.

*Id.* at 1232.

We recognize that your office may take the position that the *Miller* injunction does not *directly* apply to prevent your office from seeking to enforce § 1021.11 in situations where the statute might apply. Nevertheless, for the reasons set forth in the *Miller* opinion, there can be no reasonable argument that your office could constitutionally enforce § 1021.11. We therefore request that your office stipulate on behalf of San Diego County (or any of its officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) ("Prospective Defendants") that it will not seek to enforce § 1021.11 based on the outcome of the forthcoming case against the plaintiffs, plaintiffs' counsel of record, any other counsel who appears in this case at any time or in any court, the various

BENBROOK LAW GROUP, PC

Claudia G. Silva
Timothy M. White
December 22, 2023
Page 3

counsels' respective firms, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

    Please inform me whether Prospective Defendants intend to bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon these prospective claims. Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of § 1021.11 on behalf of the Prospective Defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed a confirmation that the Prospective Defendants intend to seek remedies under § 1021.11.

    Please be advised that if we do not receive from your office, or counsel for the Prospective Defendants by no later than **5:00 p.m. on Tuesday, January 2, 2024**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants will not enforce § 1021.11 against any person with respect to this anticipated case, we will be forced to conclude that Prospective Defendants will not agree to a stipulation of waiver and non-enforcement of § 1021.11 and that the Prospective Defendants do intend to enforce § 1021.11 against one or more such persons with respect to this case.

    Thank you for your attention to this matter. We look forward to your timely response.

Sincerely,

Bradley A. Benbrook

# EXHIBIT 2



# County of San Diego

**CLAUDIA G. SILVA**
COUNTY COUNSEL

OFFICE OF COUNTY COUNSEL
1600 PACIFIC HIGHWAY, ROOM 355, SAN DIEGO, CA 92101
(619) 531-4860    Fax (619) 531-6005

**JOHN P. COOLEY**
Chief Deputy
Direct Dial: (619) 531-4892
E-Mail:  John.Cooley@sdcounty.ca.gov

January 11, 2024

**Via Email: brad@benbrooklawgroup.com**

Bradley A. Benbrook
BENBROOK LAW GROUP
701 University Avenue, Suite 106
Sacramento, California 95825

Re:   Your December 22, 2023, Letter re: Cal. Code of Civil Procedure § 1021.11

Dear Mr. Benbrook:

On December 22, 2023, County Counsel received a letter from you requesting that this Office agree, on behalf of the County of San Diego and its officers, employees and agents, to an unconditional waiver and non-enforcement of California Code of Civil Procedure section 1021.11 with respect to specific litigation your client, Firearms Policy Coalition, intends to file.  Your letter identified that litigation as a future case against the County of San Diego "challenging California's laws imposing a residency requirement for obtaining a license to carry a concealed firearm, set forth in California Penal Code §§ 26150(a)(3) and 26155(a)(3)" (hereinafter, "the Threatened Lawsuit").

The County has considered your request and agrees to not use Code of Civil Procedure section 1021.11 for purposes of the Threatened Lawsuit unless and until an appellate court rules in a published decision that the statute is constitutional.

Very truly yours,

CLAUDIA G. SILVA, County Counsel

By
JOHN P. COOLEY, Chief Deputy

# EXHIBIT 3

**Subject:** Firearms Policy Coalition, Inc. v. City of San Diego; S.D. Cal. Case No. 3:23-cv-00400
**Date:** Thursday, January 25, 2024 at 5:22:26 PM Pacific Standard Time
**From:** Steve Duvernay
**To:** mzollman@sandiego.gov, das@sscelaw.com, john@sscelaw.com, chad@sscelaw.com, zinn@smwlaw.com, christine.renshaw@ventura.org, Thomas Hurrell, Knight, Nana, Harris, Aryn
**CC:** Bradley Benbrook, Pete Patterson

Counsel,

Plaintiffs have filed a notice of appeal of the Court's Order dismissing Plaintiffs' complaint and the associated judgment of dismissal. Plaintiffs intend to file a motion for an injunction pending appeal requesting that the Court enjoin Defendants from enforcing or applying the fee-shifting penalty set forth in California Code of Civil Procedure section 1021.11 against Plaintiffs, Plaintiffs' members, and any attorney or law firm representing any Plaintiff in any litigation involving Defendants potentially subject to Section 1021.11's fee-shifting penalty.

It is not entirely clear whether Judge Lopez's chambers rules require a conference of counsel before filing such a motion, but assuming they do, Plaintiffs request that Defendants state their position on the matter, *i.e.*, whether Defendants will oppose the motion or if they instead are now willing to disavow enforcement of Section 1021.11 (after obtaining a dismissal based on the representation that there was "no legitimate risk" of its enforcement) and thereby obviate the need for further litigation. Please contact Brad Benbrook or me if you would like to discuss.

Sincerely,

**Stephen Duvernay**
Benbrook Law Group, PC
701 University Avenue, Suite 106
Sacramento, CA  95825
(916) 447-4900
steve@benbrooklawgroup.com

# EXHIBIT 4

**Subject:** Re: Firearms Policy Coalition, Inc. v. City of San Diego; S.D. Cal. Case No. 3:23-cv-00400

**Date:** Friday, February 2, 2024 at 1:05:36 PM Pacific Standard Time

**From:** Steve Duvernay

**To:** mzollman@sandiego.gov, das@sscelaw.com, john@sscelaw.com, chad@sscelaw.com, zinn@smwlaw.com, christine.renshaw@ventura.org, Thomas Hurrell, Knight, Nana, Harris, Aryn, nluongo@hurrellcantrall.com

**CC:** Bradley Benbrook, Pete Patterson

Counsel,

Plaintiffs will be filing a motion for an injunction pending appeal later today. Pursuant to S.D. Cal. Civ. R. 7.1(e)(5) and 83.3(g)(2), Plaintiffs intend to file an application for an order shortening the time for briefing and hearing the motion based on the ongoing harm Code of Civil Procedure § 1021.11 inflicts on Plaintiffs. Plaintiffs will file that application on Monday.

Sincerely,

**Stephen Duvernay**
Benbrook Law Group, PC
701 University Avenue, Suite 106
Sacramento, CA  95825
(916) 447-4900
steve@benbrooklawgroup.com

---

**From:** Steve Duvernay <Steve@benbrooklawgroup.com>
**Date:** Thursday, January 25, 2024 at 5:22 PM
**To:** mzollman@sandiego.gov <mzollman@sandiego.gov>, das@sscelaw.com <das@sscelaw.com>, john@sscelaw.com <john@sscelaw.com>, chad@sscelaw.com <chad@sscelaw.com>, zinn@smwlaw.com <zinn@smwlaw.com>, christine.renshaw@ventura.org <christine.renshaw@ventura.org>, Thomas Hurrell <thurrell@hurrellcantrall.com>, Knight, Nana <Nana.Knight@sanjoseca.gov>, Harris, Aryn <Aryn.Harris@cco.sccgov.org>
**Cc:** Bradley Benbrook <brad@benbrooklawgroup.com>, Pete Patterson <ppatterson@cooperkirk.com>
**Subject:** Firearms Policy Coalition, Inc. v. City of San Diego; S.D. Cal. Case No. 3:23-cv-00400

Counsel,

Plaintiffs have filed a notice of appeal of the Court's Order dismissing Plaintiffs' complaint and the associated judgment of dismissal. Plaintiffs intend to file a motion for an injunction pending appeal requesting that the Court enjoin Defendants from enforcing or applying the fee-shifting penalty set forth in California Code of Civil Procedure section 1021.11 against Plaintiffs, Plaintiffs' members, and any attorney or law firm representing any Plaintiff in any litigation involving Defendants potentially subject to Section 1021.11's fee-shifting penalty.

It is not entirely clear whether Judge Lopez's chambers rules require a conference of counsel before filing such a motion, but assuming they do, Plaintiffs request that Defendants state their position on the matter, *i.e.*, whether Defendants will oppose the motion or if they instead are now willing to disavow enforcement of Section 1021.11 (after obtaining a dismissal based on the representation that there was "no legitimate risk" of its enforcement) and thereby obviate the need for further litigation. Please contact Brad Benbrook or me if you would like to discuss.

Sincerely,

**Stephen Duvernay**
Benbrook Law Group, PC
701 University Avenue, Suite 106
Sacramento, CA  95825
(916) 447-4900
steve@benbrooklawgroup.com