BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA  95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

JOHN W. DILLON
DILLON LAW GROUP APC
2647 Gateway Rd, Suite 105 No. 255
Carlsbad, CA  92009-1757
jdillon@dillonlawgp.com

COOPER & KIRK, PLLC
DAVID H. THOMPSON*
PETER A. PATTERSON*
1523 New Hampshire Avenue, NW
Washington, D.C.  20036
Telephone: (202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com

*Admitted *pro hac vice*

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; SAN DIEGO COUNTY GUN OWNERS PAC,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNTY OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; and COUNTY OF SANTA CLARA,<br><br>Defendants. | Case No.:  3:23-cv-00400-LL-VET<br><br>***EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME ON PLAINTIFFS' MOTION FOR AN INJUNCTION PENDING APPEAL** |

Pursuant to S.D. Cal. Civ. R. 7.1(e)(5) and 83.3(g), Plaintiffs request that the Court issue an order shortening the time for briefing and hearing Plaintiffs' motion for an injunction pending appeal, ECF No. 61. Expedited resolution of the motion is necessary because of the ongoing harm Code of Civil Procedure § 1021.11 inflicts on Plaintiffs. Good cause exists to grant relief for the following reasons:

Section 1021.11 Is Unconstitutional. In *Miller v. Bonta*, this Court enjoined state officials from enforcing Section 1021.11, and held that the statute was unconstitutional in multiple respects. 646 F. Supp. 3d 128 (S.D. Cal. 2022). The Attorney General refused to defend the law in *Miller*, and Governor Newsom intervened to assert only a half-hearted defense of the statute. In this litigation, Defendants have failed to even suggest that the law is constitutional, let alone defend it. In short, no one disputes that Section 1021.11 is unconstitutional.

The Threat Of Section 1021.11 Enforcement By Defendants Irreparably Harms Plaintiffs. Notwithstanding Section 1021.11's patent unconstitutionality, its existence and the threat of enforcement inflicts real, ongoing harm on Plaintiffs by depriving them of access to the courts that is guaranteed to them by the constitution. Because these Defendants are not bound by *Miller*'s injunction, that injunction is no barrier to enforcement of Section 1021.11 against parties who challenge their firearms regulations. As detailed in Plaintiffs' Motion for an Injunction Pending Appeal and in their Plaintiffs' Motion for Preliminary Injunction Or, Alternatively, For Summary Judgment, Section 1021.11 has caused Plaintiffs to dismiss or refrain from bringing lawsuits challenging Defendants' firearms regulations that FPC and its members believe are unconstitutional. *See* ECF Nos. 20–20-9 (Preliminary Injunction/Summary Judgment briefing and evidence); ECF No. 61-2, Declaration of Brandon Combs ISO Motion for Injunction Pending Appeal, ¶¶ 1–4; ECF No. 61-3, Declaration of Bradley A. Benbrook ISO Motion for Injunction Pending Appeal, ¶¶ 1–8.

As the Supreme Court and the Ninth Circuit have repeatedly emphasized, "[i]t is well established that the deprivation of constitutional rights 'unquestionably

1  constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *see Roman Cath. Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19 (2020) (per curiam) ("[T]he loss of First Amendment freedoms, for even minimal periods of time, 'unquestionably constitutes irreparable injury.'") (citation omitted). Because "constitutional violations cannot be adequately remedied through damages [such violations] therefore generally constitute irreparable harm." *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1059 (9th Cir. 2009) (citation omitted).

The Court's Dismissal Order Perpetuates Plaintiffs' Harm. The Court's order perpetuates Plaintiffs' injuries by leaving them in a state of limbo. Because Section 1021.11's threat of enforcement is so pernicious to individuals and organizations (and their attorneys) unable to bear the financial risk, the statute's chilling effect prevails, and Defendants remain shielded from firearms litigation by a law that no one in this litigation has claimed is constitutional. Prompt consideration of Plaintiffs' motion for an injunction pending appeal is therefore necessary to restore Plaintiffs' constitutional rights and free them to seek relief from the Ninth Circuit if necessary. *See* Fed. R. App. P. 8(a)(1)(C) (providing that "[a] party must ordinarily move first in the district court for" "an order . . . granting an injunction while an appeal is pending").

## NOTICE TO OPPOSING COUNSEL

Pursuant to S.D. Cal. Civ. R. 83.3(g)(2), on February 2, 2024, Plaintiffs' counsel informed Defendants' counsel of their intent to apply for an order shortening time. ECF No. 61-3, Benbrook Decl., ¶ 9 & Ex. 4. Defendants' counsel did not respond.

## REQUESTED RELIEF

Plaintiffs request that the Court issue an order shortening time that sets the following briefing and hearing schedule on the motion for an injunction pending appeal:

- February 9: Defendants file and serve their opposition materials.

- February 13: Plaintiffs file and serve their reply.

Plaintiffs respectfully request that, once briefing on the motion is complete, that the Court resolve the motion as soon as its schedule permits, including by expediting the hearing on the motion should the Court determine that appearances are necessary.

## CONCLUSION

For the reasons stated above, Plaintiffs' application should be granted.

Dated:  February 5, 2024                    BENBROOK LAW GROUP, PC

By  s/ Bradley A. Benbrook
BRADLEY A. BENBROOK
Attorneys for Plaintiffs