UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; SAN DIEGO COUNTY GUN OWNERS PAC,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNTY OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; and COUNTY OF SANTA CLARA,<br><br>    Defendants. | Case No.: 23cv400-LL-VET<br><br>**ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME ON PLAINTIFFS' MOTION FOR AN INJUNCTION PENDING APPEAL**<br><br>[ECF No. 62] |

Before the Court is Plaintiffs Firearms Policy Coalition, Inc., California Gun Rights Foundation, and San Diego County Gun Owners PAC's (collectively "Plaintiffs") Ex Parte Application for an order shortening the time for Defendants City of San Diego, County of Imperial, County of Alameda, County of Ventura, County of Los Angeles, City of San Jose, and County of Santa Clara (collectively "Defendants") to respond to Plaintiffs' Motion for an Injunction Pending Appeal [ECF No. 61]. ECF No. 62, Ex Parte Application. Plaintiffs claim that this ex parte relief is necessary "because of the ongoing harm

1

[California] Code of Civil Procedure § 1021.11 inflicts on Plaintiffs" and because the Court's January 9, 2024 Order dismissing this action "perpetuates Plaintiffs' injuries by leaving them in a state of limbo." *Id.* at 2–3. No oppositions have been filed. *See generally* Docket.

"The 'opportunities for legitimate ex parte applications are extremely limited.'" *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013) (quoting *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989)). To be proper, an ex parte application must demonstrate good cause to allow the moving party "to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Accordingly, the use of an ex parte procedure is justified only when: "(1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought)." *Horne*, 969 F. Supp. 2d at 1205 (citing *Intermagnetics*, 101 B.R. at 193).

Here, Plaintiffs' Ex Parte Application fail to show that the use of an ex parte procedure is justified. Plaintiffs only offer conclusory statements that the threat of California Code of Civil Procedure § 1021.11 enforcement irreparably harms Plaintiffs and prevents them from bringing lawsuits. *See* ECF No. 62 at 2. This does not satisfy the ex parte standard. *See Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613 (D. Ariz. 2001) (holding that a party's "perception of the urgency" to obtain relief is insufficient under the ex parte standard). Additionally, Plaintiffs offer no arguments referencing any specific merits of their Motion for Preliminary Injunction Pending Appeal ("Motion for Preliminary Injunction"). *See* ECF No. 62 at 2–3; *Mission Power*, 883 F. Supp. at 492 ("To show irreparable prejudice, it will usually be necessary to refer to the merits of the accompanying proposed motion, because if it is meritless, failure to hear it cannot be prejudicial.").

1  In any case, Plaintiffs' irreparable injury argument in the Ex Parte Application and
2  the Motion for Preliminary Injunction does not provide a basis for the requested ex parte
3  relief because, as this Court has found in its January 9, 2024 Order dismissing this action,
4  Plaintiffs do not have standing to pursue their case. ECF No. 56 at 3–6 ("Plaintiffs fail to
5  carry their burden to show that they have standing, and therefore, the Court lacks
6  jurisdiction over their claims."). As such, Plaintiffs have not made an adequate showing
7  warranting the requested ex parte relief.

Accordingly, the Court **DENIES** Plaintiffs' Ex Parte Application.

**IT IS SO ORDERED.**

Dated:  February 8, 2024

_____
Honorable Linda Lopez
United States District Judge