MATTHEW D. ZINN (State Bar No. 214587)
RYAN K. GALLAGHER (State Bar No. 344349)
SHUTE, MIHALY & WEINBERGER LLP
396 Hayes Street
San Francisco, California 94102
Telephone: (415) 552-7272
Facsimile: (415) 552-5816
zinn@smwlaw.com
rgallagher@smwlaw.com

Attorneys for Defendants
County of Alameda and County of Santa Clara

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; SAN DIEGO COUNTY GUN OWNERS PAC,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNT OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; and COUNTY OF SANTA CLARA,<br><br>Defendants. | Case No. 3:23-cv-400-LL-VET<br><br>**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR AN INJUNCTION PENDING APPEAL** |

This Court should deny Plaintiffs' Motion for an Injunction Pending Appeal ("Motion"; Dkt. 61) for multiple reasons.[1] First, the Court lacks jurisdiction to grant the relief Plaintiffs seek, given that the Court has now dismissed Plaintiffs' case with prejudice for lack of subject matter jurisdiction (Dkts. 56, 57). *See Roman Catholic Archbishop of Wash. v. Sebelius*, Civil Action No. 13-1441, 2013 WL 12333208, at *2 (D.D.C. Dec. 23, 2013) (concluding that where the court had previously dismissed certain plaintiffs' claims for lack of subject matter jurisdiction, "the Court lacks the power to enter an injunction pending appeal on behalf of" those plaintiffs); *Nat'l Athletic Trainers' Ass'n v. U.S. Dep't of Health & Human Servs.*, No. Civ.A.3:05CV1098-G, 2005 WL 1923566, at *2 (N.D. Tex. Aug. 11, 2005) (same); *see also* Dkt. 63 at 3 (reiterating, in denying Plaintiffs' Ex Parte Application, the Court's prior holding that "Plaintiffs do not have standing to pursue their case").

Plaintiffs have another avenue for relief. Because this Court lacks jurisdiction, obtaining an injunction pending appeal from this Court is "impracticable" for Plaintiffs. They thus may move for an injunction in the Ninth Circuit in the first instance, where their appeal is already pending (Dkt. 58). *See* Fed. R. App. P. 8(a)(2)(A)(i).

Plaintiffs' Motion is also meritless. *See Sebelius*, 2013 WL 12333208, at *2 n.3 (addressing the merits of plaintiffs' motion in the alternative); *Higginson v. Becerra*, Case No. 17cv2032-WQH-JLB, 2018 WL 1638289, at *3 (S.D. Cal. Apr. 5, 2018) (treating court's previous Rule 12(b)(1) dismissal as factor weighing against merits of injunction pending appeal). The standard for a motion for an injunction pending appeal is similar to that for a preliminary injunction motion. *Feldman v. Ariz. Sec'y of State's Office*, 843 F.3d 366, 367 (9th Cir. 2016) (Order). Thus, Plaintiffs must prove (1) a likelihood of success on the

---

[1] All Defendants join in this Joint Opposition.

merits, (2) a likelihood of irreparable harm absent the injunction, (3) that the balance of the equities tip in their favor, and (4) that the injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). An injunction pending appeal is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Protect Our Cmtys. Found. v. U.S. Dep't of Ag.*, 845 F.Supp.2d 1102, 1105 (S.D. Cal. 2012) (citation omitted).

Plaintiffs have not come close to making that clear showing. In particular, because a likelihood of success is the most important factor, a court need not even consider the other factors if the movant fails to make that threshold showing. *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). In their Motion, Plaintiffs simply reiterate the same arguments regarding standing, ripeness, and joinder that this Court has already rejected. *See* Dkt. 61 at 9-18; Dkt. 19 at 1-5, 6-10. They are no more meritorious this second time around. *See McCammon v. United States*, 584 F. Supp. 2d 193, 196, 198 (D.D.C. 2008) (denying injunction where movant failed to call into question the bases for the court's prior Rule 12(b)(1) dismissal); *see also* Dkt. 63 at 3 (reaffirming that "Plaintiffs do not have standing"). Accordingly, because Plaintiffs clearly lack standing and their case is unripe—and because, in any event, all Defendants are improperly joined—Plaintiffs are unlikely to succeed on the merits and the Court should deny the Motion.

| | | |
|---|---|---|
| DATED: February 9, 2024 | | SHUTE, MIHALY & WEINBERGER LLP |
| | By: | s/Matthew D. Zinn |
| | | MATTHEW D. ZINN |
| | | RYAN K. GALLAGHER |
| | | Attorneys for Defendants County of Alameda and County of Santa Clara |