BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

JOHN W. DILLON
DILLON LAW GROUP APC
2647 Gateway Rd, Suite 105 No. 255
Carlsbad, CA 92009-1757
jdillon@dillonlawgp.com

COOPER & KIRK, PLLC
DAVID H. THOMPSON*
PETER A. PATTERSON*
1523 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com

*Admitted *pro hac vice*

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; SAN DIEGO COUNTY GUN OWNERS PAC,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNTY OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; and COUNTY OF SANTA CLARA,<br><br>Defendants. | Case No.: 3:23-cv-00400-LL-VET<br><br>**REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR AN INJUNCTION PENDING APPEAL**<br><br>Date: March 11, 2024<br>Courtroom 5D (5th Floor)<br>Hon. Linda Lopez<br><br>**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |

1   In light of the Court's denial of Plaintiffs' request for an order shortening time on this motion, ECF No. 63, Plaintiffs have filed a motion for injunction pending appeal with the Ninth Circuit. Docket Nos. 14.1, 14.2. Plaintiffs file this short reply so that this matter is fully briefed for the Court's resolution.

Defendants' opposition brief briskly argues that this Court should deny relief because (1) this Court lacks jurisdiction to enter an injunction given its dismissal for lack of subject matter jurisdiction; (2) in the absence of jurisdiction an injunction is "impracticable" such that the Ninth Circuit can issue relief "in the first instance"; and (3) Plaintiffs have failed to justify relief because (Defendants contend) the Court's dismissal order was right.

Defendants' initial premise is incorrect. "The general weight of the authority among district courts . . . indicates that courts may consider motions for injunction pending appeal after dismissal for lack of subject matter jurisdiction." *Amsted Rail Co., Inc. v. United States Int'l Trade Comm'n*, 607 F. Supp. 3d 1283, 1289 n. 5 (Ct. Int'l Trade 2022); *see also*, *e.g.*, *Peak Med. Oklahoma No. 5, Inc. v. Sebelius*, No. 10-cv-597, 2010 WL 4809319, at *1 n.2 (N.D. Okla. Nov. 18, 2010) (collecting "examples of courts considering the merits of a motion for injunction pending appeal after dismissing the matter for lack of subject matter jurisdiction"). In short, this Court has jurisdiction to issue relief under Rule 62(c) notwithstanding its dismissal.

So while this Court can—and should—issue an injunction pending appeal, Plaintiffs agree with Defendants that seeking relief from the Ninth Circuit is appropriate: It is "impracticable" for Plaintiffs to wait for the Court to rule on this motion because Plaintiffs are suffering ongoing irreparable harm by being denied their right of to access the courts. Fed. R. App. P. 8(a)(2)(A)(i). Moreover, the order denying Plaintiffs' request for expedited consideration of the motion confirms that the Court does not credit Plaintiffs' harm and that it remains confident in its dismissal for lack of standing:

> Plaintiffs' irreparable injury argument in the *Ex Parte* Application and the Motion for Preliminary Injunction does not provide a basis for the requested ex parte relief because, as this Court has found in its January 9, 2024 Order dismissing this action, Plaintiffs do not have standing to pursue their case. . . . As such, Plaintiffs have not made an adequate showing warranting the requested *ex parte* relief.

ECF No. 63, at 3:1–7.

Given the Court's commitment to the dismissal order, there is little doubt that it will "fail[] to afford the relief requested" by Plaintiffs when it rules. *See* Fed. R. App. P. 8(a)(2)(A)(ii). As other circuits have recognized, Rule 8(a) does not require Plaintiffs to await relief under these circumstances. *See, e.g.*, *Chem. Weapons Working Grp. (CWWG) v. Dep't of the Army*, 101 F.3d 1360, 1362 (10th Cir. 1996) ("When the district court's order demonstrates commitment to a particular resolution, application for a stay from that same district court may be futile and hence impracticable."); *Tiger Lily, LLC v. United States Dep't of Hous. & Urb. Dev.*, 992 F.3d 518, 522 n.2 (6th Cir. 2021) (construing a district court's denial of expedited relief "as a denial of the [movant's] requested relief" under Rule 8(a), and considering the motion on its merits); *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996) (excusing Rule 8(a) compliance where the district court had "demonstrated" its "resolve" such that further motion practice "would serve little purpose"); *Homans v. City of Albuquerque*, 264 F.3d 1240, 1243 (10th Cir. 2001) (holding that Rule 8(a) compliance "would serve little purpose" in the case "because of the immediacy of the problem and the district court's legal error concerning the First Amendment").

\* \* \*

For the reasons set forth in its opening brief, the Court should issue an injunction pending appeal. Plaintiffs respectfully request that the Court resolve the motion as soon as its schedule permits so that there is no impediment to the Ninth Circuit's consideration of their pending request for an injunction on the same basis.

Dated:  February 14, 2024

BENBROOK LAW GROUP, PC

By  s/ Bradley A. Benbrook
BRADLEY A. BENBROOK
Attorneys for Plaintiffs