UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; SAN DIEGO COUNTY GUN OWNERS PAC,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNTY OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; and COUNTY OF SANTA CLARA,<br><br>Defendants. | Case No.: 23cv400-LL-VET<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR AN INJUNCTION PENDING APPEAL**<br><br>**[ECF No. 61]** |

Before the Court is Plaintiffs Firearms Policy Coalition, Inc., California Gun Rights Foundation, and San Diego County Gun Owners PAC's (collectively "Plaintiffs") Motion for an Injunction Pending Appeal. ECF No. 61. For the reasons below, the Court **DENIES** Plaintiffs' Motion for an Injunction Pending Appeal.

## I. BACKGROUND

On March 2, 2023, Plaintiffs filed this action against Defendants City of San Diego, County of Imperial, County of Alameda, County of Ventura, County of Los Angeles, City

1

of San Jose, and County of Santa Clara (collectively "Defendants") challenging the constitutionality of California Code of Civil Procedure Section 1021.11. ECF No. 1. Plaintiffs sought declaratory and injunctive relief preventing Defendants from applying and enforcing the statute. *See id.*; ECF No. 20.

On January 9, 2024, the Court dismissed this matter for lack of subject matter jurisdiction. ECF No. 56. The Court concluded that "Plaintiffs fail[ed] to carry their burden to show that they have standing." *Id.* at 6. Additionally, the Court denied Plaintiffs' motion for a preliminary injunction as moot in light of the dismissal of the action. *Id.* at 9.

On February 2, 2024, Plaintiffs filed a Motion for an Injunction Pending Appeal. ECF No. 61. On February 9, 2024, Defendants County of Alameda and County of Santa Clara filed an Opposition ("Opposition" or "Oppo.") to the Motion for an Injunction Pending Appeal. ECF No. 64. Defendants City of San Diego, County of Imperial, County of Ventura, County of Los Angeles, and City of San Jose did not file an opposition. *See generally* Docket. On February 14, 2024, Plaintiffs filed a Reply ("Reply") in support of their Motion for an Injunction Pending Appeal. ECF No. 65. Plaintiffs request a ruling as soon as possible "so that there is no impediment to the Ninth Circuit's consideration of their pending request for an injunction on the same basis." *Id.* at 3.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 62(d) states, "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). Federal Rule of Appellate Procedure 8(a)(1) provides that "[a] party must ordinarily move first in the district court for . . . (C) an order . . . granting an injunction while an appeal is pending." Fed. R. App. 8(a)(1).

The standard for granting an injunction pending appeal is generally the same as the standard for granting a preliminary injunction. *See Nken v. Holder*, 556 U.S. 418, 434 (2009); *Humane Soc'y of U.S. v. Gutierrez*, 523 F.3d 990, 991 (9th Cir. 2008). "A plaintiff

seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). "There is substantial overlap between these [factors] and the factors governing preliminary injunctions; not because the two are one and the same, but because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined." *Nken*, 556 U.S. at 434 (internal citation omitted). Further, "[l]ike any injunction, an injunction pending appeal is 'an extraordinary remedy that should be granted sparingly.'" *Sierra Forest Legacy v. Rey*, 691 F. Supp. 2d 1204, 1207 (E.D. Cal. 2010).

## III.  MOTION FOR AN INJUNCTION PENDING APPEAL

Pursuant to Federal Rule of Civil Procedure 62(d)[1], Plaintiffs request that the Court "enter an injunction pending Plaintiffs' appeal and enjoin Defendants from enforcing or applying the fee-shifting penalty set forth in California Code of Civil Procedure section 1021.11." ECF No. 61-1, Motion for an Injunction Pending Appeal ("Motion" or "Mot.") at 7. Plaintiffs contend that they have standing to bring this action and that the Court erred in dismissing this case. *See id.* at 14–20. Further, Plaintiffs state that the Court should issue an injunction pending appeal despite the Court's dismissal order because Plaintiffs are being irreparably harmed by Section 1021.11 the balance of equities weighs in favor of an injunction. *See id.* at 23–26.

In opposition, Defendants County of Alameda and County of Santa Clara contend that the Court lacks subject matter jurisdiction to grant any relief. *See* Oppo. at 2. In addition, Defendants County of Alameda and County of Santa Clara assert that Plaintiffs

---

[1] Plaintiffs cite to Rule 62(c), which became Rule 62(d) when the Federal Rules of Civil Procedure were amended in 2018.

have not made a "clear showing" that they are entitled to injunctive relief even if the Court had jurisdiction to issue an injunction. *See id.* at 3.

In this action, the Court previously determined that Plaintiffs failed to carry their burden to show that they have standing to pursue their claims. *See* ECF No. 56 at 6; *see also Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) ("A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit."). The Court noted that "Plaintiffs have failed to show that they face an actual or imminent injury." ECF No. 56 at 6. As such, in its order dismissing the action, the Court did not reach any decision on Plaintiffs' motion for preliminary injunction because doing so would have amounted to an unlawful advisory opinion. *See id.* at 9; *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341–42 (2006) ("No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies . . . and 'Article III standing . . . enforces the Constitution's case-or-controversy requirement.'"); *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101 (1998) (A suit brought by a plaintiff without Article III standing is not a "case or controversy," and an Article III federal court therefore lacks subject matter jurisdiction). As the Court did not previously rule on the merits of Plaintiffs' motion for preliminary injunction based on a lack of subject matter jurisdiction, the Court must decline to reach the merits of Plaintiffs' case. Accordingly, the Court denies Plaintiffs' Motion for an Injunction Pending Appeal.

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for an Injunction Pending Appeal is **DENIED**.

**IT IS SO ORDERED.**

Dated:  April 8, 2024

Honorable Linda Lopez
United States District Judge